John C. Eastman, No. 193726
 *Lead counsel*
Anthony T. Caso, No. 088561
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA 92805
Telephone: (909) 257-3869
Fax: (714) 844-4817
E-Mail: jeastman@ccg1776.com

Alexander H. Haberbush, Esq., SBN 330368
LEX REX INSTITUTE
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone No. (562) 435-9062
E-Mail: AHaberbush@LexRex.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPRESENTATIVE MATT GAETZ; REPRESENTATIVE MARJORIE TAYLOR-GREENE; PUT AMERICA FIRST JOINT FUNDRAISING COMMITTEE; FRIENDS OF MATT GAETZ; GREENE FOR CONGRESS, INC.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF RIVERSIDE; RAINCROSS HOSPITALITY MANAGEMENT CORP., a California Corporation as agent for the City of Riverside; CITY | Case No.: 5:23-cv-1368 <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES (42 U.S.C. §§1983, 1985) DEMAND FOR JURY TRIAL** |

1

OF ANAHEIM; CALIFORNIA )
LULAC STATE ORGANIZATION; )
NATIONAL ASSOCIATION FOR )
THE ADVANCEMENT OF )
COLORED PEOPLE; UNIDOS FOR )
LA CAUSA, INC.; GREATER )
RIVERSIDE HISPANIC CHAMBER )
OF COMMERCE; THE LEAGUE OF )
WOMEN VOTERS RIVERSIDE; )
WOMEN'S MARCH ACTION; )
RIVERSIDE COUNTY )
DEMOCRATIC PARTY; )
ANTIRACIST RIVERSIDE; OCCUPY )
DEMOCRATS; and OCCUPY )
DEMOCRATS ELECTION FUND )
PAC, )
 )
       Defendants. )
 )
 )
_____ )

## JURISDICTION

    1.    This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331 (federal question) since the claims asserted herein arise out of the laws of the United States (42 USC §§1983, 1985) and the Speech Clause of the First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment.

## VENUE

    2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(1) because all defendants are entities that are subject to this Court's personal jurisdiction. The CITIES OF RIVERSIDE and ANAHEIM are government bodies that are located

1   within this district.   RAINCROSS HOSPITALITY MANAGEMENT CORP. is a

2   California Corporation physically located in and doing business in this district.   The

3   remaining Defendants are either physically located and doing business in this district,

4   or were involved in pressuring the government defendants to cancel the Put America

5   First rally, which was scheduled to take place in this district.

6                                    **INTRODUCTION**

7        3.      This is civil rights claim pursuant to 42 U.S.C. §§ 1983 and 1985 for

8   declaratory and injunctive relief and money damages.   RAINCROSS, acting as agent

9   for CITY OF RIVERSIDE, and The Grand Theater, acting under threat from CITY

10  OF ANAHEIM, each cancelled events that were to be held at their respective

11  properties because of the political viewpoints of the two event speakers,

12  Congresswoman Marjorie Taylor-Greene and Congressman Matt Gaetz.

13       4.      RAINCROSS, which serves as the agent for CITY OF RIVERSIDE,

14  cancelled the event that had been scheduled and contracted for at the Riverside

15  Convention Center, which is owned by CITY OF RIVERSIDE.

16       5.      The Grand Theater, which is a banquet facility in Anaheim, California,

17  cancelled the event for which PLAINTIFFS had contracted after a code enforcement

18  officer from CITY OF ANAHEIM threatened the owner and manager of the facility

19  that their conditional use permit would be in jeopardy if they did not cancel the event.

20       6.      City officials from Defendants CITY OF RIVERSIDE and CITY OF

21  ANAHEIM indicated that the events were cancelled because of the speakers'

3

viewpoints. The cancellation of these events based on the speakers' viewpoints is a clear violation of well-settled law concerning the Freedom of Speech and Freedom of Association guaranteed by the First Amendment of the United States Constitution, as incorporated and made applicable to the States by the Fourteenth Amendment of the United States Constitution.

7.     Defendants CALIFORNIA LULAC STATE ORGANIZATION ("LULAC"); NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP"); UNIDOS FOR LA CAUSA, INC., GREATER RIVERSIDE HISPANIC CHAMBER OF COMMERCE; THE LEAGUE OF WOMEN VOTERS RIVERSIDE; WOMEN'S MARCH ACTION; RIVERSIDE COUNTY DEMOCRATIC PARTY; ANTIRACIST RIVERSIDE; OCCUPY DEMOCRATS; and OCCUPY DEMOCRATS ELECTION FUND PAC, by force, intimidation, or threat, conspired to pressure officials from Defendants CITY OF RIVERSIDE and CITY OF ANAHEIM, DEFENDANT RAINCROSS, and the owner and manager of The Grand Theater, to cancel Plaintiffs' events.

8.     DEFENDANTS conspired to deprive PLAINTIFFS and their prospective audience members of their civil rights to be free from viewpoint discrimination when they cancelled or compelled the cancellation of the contracts for PLAINTIFFS to hold their events.

///

///

4

9.     DEFENDANTS conspired to prevent PLAINTIFF audience members from giving their support or advocacy in a legal manner toward or in favor of the election of members of Congress.

## **PARTIES**

10.     Plaintiffs MATT GAETZ and MARJORIE TAYLOR GREENE are members of the United States Congress, representing Florida's 1st congressional district and Georgia's 14th congressional district, respectively.  FRIENDS OF MATT GAETZ and GREENE FOR CONGRESS, INC. are their official campaign committees.  PUT AMERICA FIRST JOINT FUNDRAISING COMMITTEE ("PUT AMERICA FIRST") is a joint fundraising committee of the Gaetz and Greene campaign committees, organized and operating pursuant to federal election law and regulations of the Federal Election Commission in furtherance of the re-election campaigns of GAETZ and GREENE (collectively, the "Plaintiffs").  The Plaintiffs bring this action on their own behalf and also on behalf of the audience members who had planned to attend the political rally scheduled for July 17, 2021 and who, as citizens entitled to vote, lend their support to the re-election efforts of GAETZ and GREENE.

11.     Defendant CITY OF RIVERSIDE ("RIVERSIDE") is a city in the State of California that exercises government powers within the city limits.  RIVERSIDE owns the Riverside Convention Center, which Plaintiffs contracted to rent for a political rally scheduled for Saturday, July 17, 2021.  RIVERSIDE officials with final

1    decision-making authority pressured Defendant RAINCROSS to cancel the political

2    rally.

3           12.    Defendant RAINCROSS HOSPITALITY MANAGEMENT CORP.

4    ("RAINCROSS") is a California Corporation.  It manages The Riverside Convention

5    Center as agent for RIVERSIDE.

6           13.    Defendant CITY OF ANAHEIM ("ANAHEIM") is a city in the State of

7    California that exercises government powers within the city limits.   ANAHEIM

8    officials with final decision-making authority threatened The Grand Theater's owner

9    and manager with adverse government action if it did not cancel the PUT AMERICA

10   FIRST event scheduled for July 17, 2021.

11          14.    Defendants RIVERSIDE, RAINCROSS, and ANAHEIM, are

12   collectively referred to herein as the "GOVERNMENT DEFENDANTS."

13          15.    Defendant CALIFORNIA LULAC STATE ORGANIZATION

14   ("LULAC") is the California chapter of the League of United Latin American

15   Citizens, which bills itself as the largest and oldest Hispanic organization in the

16   United States.  It is a California Nonprofit Public Benefit Corporation based in

17   Salinas, California.  It threatened economic reprisal and statewide/national boycotts of

18   the Riverside Convention Center if officials of Defendant RIVERSIDE did not force

19   cancellation of the PUT AMERICA FIRST political rally.

20          16.    Defendant NATIONAL ASSOCIATION FOR THE ADVANCEMENT

21   OF COLORED PEOPLE, RIVERSIDE ("NAACP"), is the Riverside Chapter of the

6

1    National Association for the Advancement of Colored People, a Delaware

2    Corporation based in Baltimore, Maryland.  On information and belief, it encouraged

3    its supporters to fraudulently register for tickets to the PUT AMERICA FIRST rally

4    with no intention of attending, in order to prevent others from attending and to depress

5    attendance, and conspired with one or more other Defendants to deprive Plaintiffs of

6    their constitutional rights and deprive Plaintiff prospective audience members from

7    lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE,

8    candidates for federal office.

9        17.    Defendant UNIDOS FOR LA CAUSA, INC., ("UNIDOS") is a

10   California non-profit public benefit corporation based in Riverside, California.  It bills

11   itself as a "collective of many local and community focused organizations and

12   engaged individuals, together serving the diverse spectrum of the Chicano Latino

13   community in Riverside." On information and belief, it was part of the effort to

14   pressure elected officials of Defendant RIVERSIDE to cancel the PUT AMERICA

15   FIRST political rally and conspired with one or more other Defendants to deprive

16   Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience

17   members from lending support and advocacy toward the election of Plaintiffs GAETZ

18   and GREENE, candidates for federal office.

19       18.    Defendant GREATER RIVERSIDE HISPANIC CHAMBER OF

20   COMMERCE ("GRHCC") is a California Nonprofit Public Benefit Corporation based

21   in Riverside, California.  It was part of the effort to pressure elected officials of

Defendant RIVERSIDE to cancel the PUT AMERICA FIRST political rally.   On information and belief, it conspired with one or more other Defendants to deprive Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience members from lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

19.   Defendant LEAGUE OF WOMEN VOTERS OF RIVERSIDE is a California Nonprofit Public Benefit Corporation based in Riverside, California.  It was part of the effort to pressure elected officials of Defendant RIVERSIDE to cancel the PUT AMERICA FIRST political rally.  On information and belief, it conspired with one or more other Defendants to deprive Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience members from lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

20.   Defendant WOMEN'S MARCH ACTION is a 501(c)(4) political organization based in Los Angeles, California.  It bills itself as the political arm of Women's March Foundation, a 501(c)(3) organization also based in Los Angeles, California.   It was part of the effort to pressure elected officials of Defendant RIVERSIDE to cancel the PUT AMERICA FIRST political rally.  On information and belief, it conspired with one or more other Defendants to deprive Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience members from lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

21.     Defendant RIVERSIDE COUNTY DEMOCRATIC PARTY is the official governing body of the Democratic Party in Riverside County, California.  Its Chair, Tisa Rodriquez, urged supporters to call the Riverside Convention Center and pressure it to cancel the PUT AMERICA FIRST political rally.  On information and belief, it conspired with one or more other Defendants to deprive Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience members from lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

22.     Defendant ANTIRACIST RIVERSIDE is, on information and belief, an unincorporated association of individuals in Riverside, California, the leadership of which was part of the effort to pressure elected officials of Defendant RIVERSIDE to cancel the PUT AMERICA FIRST political rally.  On information and belief, it conspired with one or more other Defendants to deprive Plaintiffs of their constitutional rights and deprive Plaintiff prospective audience members from lending support and advocacy toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

23.     Defendant OCCUPY DEMOCRATS was founded by Omar and Rafael Rivero.  It claims to be "the largest Democratic organizing group on the Internet, with over ten million members on Facebook alone."  Defendant OCCUPY DEMOCRATS ELECTION FUND PAC is its affiliated political action committee.  After Defendants RIVERSIDE and RAINCROSS cancelled Plaintiffs' event in Riverside, they issued a

1    tweet urging their supporters to "RT IF EVERY CITY IN THE REST OF [Plaintiffs']

2    TOUR SHOULD DO THE SAME!"  On information and belief, they conspired with

3    one or more other Defendants to deprive Plaintiffs of their constitutional rights and

4    deprive Plaintiff prospective audience members from lending support and advocacy

5    toward the election of Plaintiffs GAETZ and GREENE, candidates for federal office.

6         24.    Defendants LULAC, NAACP, UNIDOS, GRHCC, LEAGUE OF

7    WOMEN VOTERS OF RIVERSIDE, WOMEN'S MARCH ACTION, RIVERSIDE

8    COUNTY   DEMOCRATIC   PARTY,   ANTIRACIST   RIVERSIDE,   OCCUPY

9    DEMOCRATS,   and   OCCUPY   DEMOCRATS   ELECTION   FUND   PAC   are

10   collectively referred to herein as "THIRD PARTY DEFENDANTS."  On information

11   and belief, they are private organizations that conspired with or sought to influence the

12   GOVERNMENT DEFENDANTS to deprive Plaintiffs of their First Amendment

13   Rights and, through force, intimidation, or threats, sought to deprive individual

14   Plaintiffs from giving their support or advocacy in a legal manner toward or in favor

15   of the election of Plaintiffs GAETZ and GREENE, candidates for the U.S. House of

16   Representatives.

17                                    **FACTS**

18        **PACIFIC HILLS EVENT CENTER AND CITY OF LAGUNA HILLS**

19        25.    On or about July 8, 2021, Plaintiff PUT AMERICA FIRST entered into a

20   contract with Pacific Hills Banquet and Catering ("Pacific Hills") to host a political

21   rally at the Pacific Hills facility on July 17, 2021.

26.     On July 9, 2021, Rod Yacko, representing Pacific Hills, advised Plaintiff PUT AMERICA FIRST that it was cancelling the contract after the owners of Pacific Hills "receiv[ed] a barrage of phone calls and emails regarding the event."

**RIVERSIDE CONVENTION CENTER AND CITY OF RIVERSIDE**

27.     Plaintiff PUT AMERICA FIRST subsequently entered into a contract on July 14, 2021, with Defendant RAINCROSS, the agent of Defendant RIVERSIDE, to rent the Riverside Convention Center, which is owned by Defendant RIVERSIDE, as the venue for its July 17, 2021, political rally.

28.     On July 15, 2021, Plaintiff PUT AMERICA FIRST entered into an additional contract with the Police Department of Defendant RIVERSIDE for the provision of extra-duty police personnel to provide security for the July 17, 2021, political rally.

29.     Following requests and threats from some members of the public and THIRD PARTY DEFENDANTS that Defendant RIVERSIDE's City Council "call an emergency meeting and overturn[] the booking" on the ground that the political views expressed by Plaintiffs GREENE and GAETZ "aren't welcome in Riverside," and other demands that Defendant RIVERSIDE cancel the event, Defendant RAINCROSS notified Plaintiffs at 6:49 pm on Friday, July 16, 2021—less than 24 hours before the event was scheduled to begin—that it would be not "proceed with the event."

30.     Defendant RAINCROSS asserted that it was cancelling the event because the Certificate of Insurance was in the name of the Plaintiff GREENE FOR

1    CONGRESS, INC. rather than Plaintiff PUT AMERICA FIRST. RAINCROSS

2    continued in this position even after being provided federal election filings and a legal

3    opinion confirming coverage and even after the public information officer of

4    RIVERSIDE had acknowledged that there was nothing in the contract that would

5    allow for cancellation of the event.

6        31.    On information and belief, Defendant RAINCROSS's assertion about the

7    Certificate of Insurance was pretext; the true reason for the cancellation was because

8    of hostility toward Plaintiffs' viewpoints by officials of Defendant RIVERSIDE and

9    various THIRD PARTY DEFENDANTS.

10       32.    RIVERSIDE Mayor Lock Dawson noted the event was a "divisive issue"

11   in the City.

12       33.    RIVERSIDE Mayor Pro Tem Gaby Plascencia noted that she had "been

13   pushing to get [the event] cancelled" and that "these speakers are the antithesis of

14   everything Riverside stands for."

15       34.    RIVERSIDE City Council Member Ronaldo Flores asserted that he

16   "voiced [his] opposition to the holding of [the] event" because of what he described as

17   the "hateful and white supremacist rhetoric" by what he called "two well-known

18   extremists," rhetoric which he asserted "has absolutely no place in our City."

19       35.    Local residents urged RIVERSIDE's Mayor and City Council "to bring

20   all possible pressure to bear on" Defendant RAINCROSS to "cancel this event,"

21   threatened economic reprisal and even violence if the event was not cancelled, and

1   urged elected officials not to renew the RAINCROSS contract for management of the

2   Riverside Convention Center.

3       36.    Defendant LULAC threatened a "statewide/national boycott of the

4   Riverside Convention Center and threatened to contact all organizations scheduled to

5   hold events at the Center and request that they cancel their events if Defendants CITY

6   OF RIVERSIDE and RAINCROSS did not cancel the Put America First event.

7       37.    Defendant NAACP encouraged people to fraudulently reserve multiple

8   tickets for the rally and then not attend, in order, upon information and belief, to

9   deprive others of the opportunity to attend.   Janice Rooths, of Defendant

10  ANTIRACIST RIVERSIDE, urged "friends and allies" to act on the NAACP's

11  suggestion and forwarded the NAACP suggestion to Gaby Plascentia, member of the

12  City Council of Defendant RIVERSIDE, who thanked her for her advocacy in getting

13  the event cancelled.

14      38.    Defendant LEAGUE OF WOMEN VOTERS RIVERSIDE asked that

15  the Mayor and City Council of Defendant RIVERSIDE "demand that the Riverside

16  Convention Center cancel its agreement to facilitate" the America First rally,

17  threatened "repercussions," and asked that City Officials "make the Convention

18  Center staff fully aware of the price to be paid for hosting" the event.

19                  **THE GRAND THEATER AND CITY OF ANAHEIM**

20      39.    Plaintiff PUT AMERICA FIRST then contracted to host the event at The

21  Grand Theater, a private venue located in Anaheim, California.

40.     The contract between The Grand Theater and PUT AMERICA FIRST was signed by Jason Boles on behalf of PUT AMERICA FIRST at 11:49 p.m. on July 16, 2021.

41.     At 8:05 a.m. on July 17, 2021, Mike Lyster, spokesman for Defendant ANAHEIM, announced at @City_of_Anaheim, Defendant CITY OF ANAHEIM's official Twitter account, that the decision by The Grand Theater to serve as the venue for the PUT AMERICA FIRST political rally was "not a decision by or supported by the City of Anaheim," and that the City was "looking into this matter," noting: "As a city we respect free speech but also have a duty to call out speech that does not reflect our city and its values."

42.     At 9:13 a.m. on July 17, 2021, Mr. Lyster announced on Defendant ANAHEIM's official Twitter feed that "We continue to address this matter."

43.     Following public comments and threats urging city officials to find a way to force cancellation of the event, such as utilizing city codes or denying a permit, Oscar Ochoa, a code enforcement officer for Defendant ANAHEIM, placed a telephone call on the morning of July 17, 2021, to The Grand Theater, during which he threatened Daniel Untalan and Musa Madain, the owner and manager of The Grand Theater, respectively, that The Grand Theater's conditional use permit would be "in jeopardy" if they did not cancel the event.

44.     Following Ochoa's threat, The Grand Theater cancelled the event at its facility, which had been scheduled to begin at 6:00 p.m. on July 17, 2021.

45.     Ochoa then, by email, thanked Mr. Untalan and Mr. Madain "for taking the request of [his] office to prevent this unpermitted event."

46.     No permit was required for The Grand Theater to rent its facility for the PUT AMERICA FIRST political rally.

47.     Ochoa was praised by Jose Moreno, an elected member of the City Council of ANAHEIM, which has policy-making authority for ANAHEIM, for his diligence in "communicating with the owner" of The Grand Theater and "helping the venue avert a nightmare for them, the surrounding neighborhood and our city."

48.     Mike Lyster, spokesman for Defendant ANAHEIM, confirmed that ANAHEIM officials pushed for the event to be cancelled because of the viewpoints of Congressmen Gaetz and Greene:  "As a city we respect free speech but also have a duty to call out speech that does not reflect our city and its values," he noted at 10:48 am on July 17, 2021, in a post published at @City_of_Anaheim, the official Twitter page of Defendant ANAHEIM.

49.     Plaintiffs were unable to find an alternate location to hold their political rally in the short time remaining before the scheduled start time, so instead held a small protest outside Riverside City Hall to protest the unconstitutional cancellation of their political rally in that City.

50.     Plaintiffs are prepared to, and will, hold a political rally at a venue in Orange County or Riverside, should local officials be enjoined from discriminating against them on the basis of their viewpoints.

## FIRST CAUSE OF ACTION

**Viewpoint Discrimination by Defendants CITY OF RIVERSIDE and
RAINCROSS HOSPITALITY MANAGEMENT CORP.
in violation of the First Amendment and 42 U.S.C. § 1983**

51.     Plaintiffs restate the allegations of paragraphs 1-50, inclusive, as if fully restated in this Cause of Action.

52.     The Riverside Convention Center is a government-owned property, managed by Defendant RAINCROSS as "agent" for Defendant RIVERSIDE. Defendants RAINCROSS and RIVERSIDE are "state actors" for purposes of the United States Constitution and 42 U.S.C. § 1983.

53.     Policy-making authority for Defendant RIVERSIDE is vested in the Mayor and City Council of RIVERSIDE and, to some extent related to the management of the RIVERSIDE-owned Riverside Convention Center, delegated to Defendant RAINCROSS.

54.     Public property opened for lease by community groups must be available without regard to the viewpoint of the organization or the speaker.

55.     Other political and advocacy organizations, including Defendant LULAC, and elected officials such as U.S. Senator Dianne Feinstein and former Governor Arnold Schwarzenegger, have held events at the Riverside Convention Center.

///

///

56.     Plaintiffs had a right under the First Amendment to use the Riverside Convention Center on the same basis as other organizations and political figures without regard to their viewpoint or the viewpoint of the speakers at their event.

57.     RAINCROSS and RIVERSIDE, through its officials, discriminated against Plaintiffs based on the viewpoint of the speakers and organizers of the event, thereby denying Plaintiffs their rights under the First Amendment.

58.     RAINCROSS and RIVERSIDE violated the rights of Plaintiffs under 42 U.S.C. §1983.

59.     As a consequence of the event cancellation by Defendants RAINCROSS and RIVERSIDE, Plaintiffs suffered damages in non-refundable costs, lost revenues, lost support, and emotional distress in an amount to be determined, but at least $50,000.

60.     RAINCROSS and RIVERSIDE acted with malice, oppression, and wanton and intentional disregard of the rights of Plaintiffs when it cancelled the event contract based on the political viewpoints of the scheduled speakers.

Wherefore, Plaintiffs pray for judgment as set out below.

## SECOND CAUSE OF ACTION

**Viewpoint Discrimination by Defendant CITY OF ANAHEIM
in violation of the First Amendment and 42 U.S.C. §1983**

61.     Plaintiffs restate the allegations of paragraphs 1-50, inclusive, as if fully restated in this Cause of Action.

62.    Defendant ANAHEIM and its officials are "state actors" for purposes of the United States Constitution and 42 U.S.C. § 1983.

63.    Defendant ANAHEIM, through its officials, threatened to put The Grand Theater's conditional use permit "in jeopardy" if The Grand Theater did not cancel the event at The Grand Theater venue which Plaintiffs had contracted to rent.

64.    Plaintiffs had a First Amendment right to hold the political rally and to lease a private venue in furtherance thereof.

65.    Government officials may not threaten enforcement actions against a private venue because of the viewpoints expressed by lessees of the private venue.

66.    Plaintiffs had a right under the First Amendment not to have officials of Defendant ANAHEIM coerce the private venue with which they had contracted to cancel the contract because of Plaintiffs' viewpoints.

67.    Defendant CITY OF ANAHEIM and its officials discriminated against Plaintiffs based on the viewpoint of the speakers and organizers of the event, thereby denying Plaintiffs their rights under the First Amendment.

68.    ANAHEIM and its officials violated the rights of Plaintiffs under 42 U.S.C. § 1983.

69.    As a consequence of the event cancellation forced by threats by Defendant ANAHEIM and its officials, Plaintiffs suffered damages in non-refundable costs, lost revenues, lost support, and emotional distress in an amount to be determined, but at least $50,000.

70.     ANAHEIM and its officials acted with malice, oppression, and wanton and intentional disregard of the rights of Plaintiffs when it coerced The Grand Theater to cancel the event contract based on the political viewpoints of the scheduled speakers.

Wherefore, Plaintiffs pray for judgment as set out below.

### THIRD CAUSE OF ACTION

**Conspiracy to Deny Civil Rights to Freedom from Political Viewpoint Discrimination pursuant to 42 U.S.C. §1985(3)**

71.     Plaintiffs restate the allegations of paragraphs 1-70, inclusive, as if fully restated in this Cause of Action.

72.     THIRD PARTY DEFENDANTS conspired with and/or aimed to influence Defendants RIVERSIDE, RAINCROSS, and ANAHEIM to deprive Plaintiffs of civil rights – specifically their rights to Freedom of Speech and Freedom of Association recognized by the First Amendment and as made applicable to the States by the Fourteenth Amendment.

73.     THIRD PARTY DEFENDANTS, either in collaboration with or aiming to influence the Government Defendants, had a plan to prevent Plaintiffs from conducting their political rallies in Riverside and Anaheim.

74.     Defendants shared in the conspiratorial objective to deprive Plaintiffs of their constitutional rights to Freedom of Speech and Freedom of Association.

75.     One or more of the Defendants committed an overt act in furtherance of the conspiracy, including but not limited to: a) Defendant RAINSCROSS's cancellation of the contract with Plaintiff PUT AMERICA FIRST; b) Defendant ANAHEIM's (through its code enforcement officer) threat to put the Grand Theatre's conditional use permit "in jeopardy" if the event was not cancelled; and c) threats by numerous THIRD PARTY DEFENDANTS at economic or political reprisal if the events in Riverside and Anaheim were not cancelled.

76.     The overt acts taken by Defendants in furtherance of the conspiracy caused injury to Plaintiffs, including the deprivation of First Amendment rights, the loss of financial and political support from individuals who planned to attend the rallies, and emotional distress.

77.     One or more of the Defendants were stimulated to force cancellation of the rallies by racial, ethnic, or religious motives, namely, their perceived view that Plaintiffs' GAETZ and GREENE espouse views that "put[] the Latino Community in harm's way," that would be a "stain on our multi-racial diverse city," that "spread[] hate against the Jewish faithful," that appeal to a "racist, angry, extremist group of radical, right-wing zealots," and that constitute "racist rhetoric."

78.     One or more of Plaintiffs' anticipated audience members are members of a protected class who strongly objected to Defendants' efforts to bar them from hearing alternative viewpoints of interest to them and to their protected-class community.

79.     By taking the actions alleged herein, THIRD PARTY DEFENDANTS conspired with the GOVERNMENT DEFENDANTS in violation of 42 U.S.C. §1985(3) to deny civil rights guaranteed by the First and Fourteenth Amendments to the United States Constitution to Plaintiffs and their audience members.

80.     As a consequence of the event cancellations that Defendants compelled, Plaintiffs suffered damages in non-refundable costs, lost revenues, lost support, and emotional distress in an amount to be determined, but at least $50,000.

Wherefore, Plaintiffs pray for judgment as set out below.

## FOURTH CAUSE OF ACTION

**Conspiracy to Deny Civil Rights to Freedom from Political Viewpoint Discrimination pursuant to 42 U.S.C. §1985(3)**

81.     Plaintiffs restate the allegations of paragraphs 1-80, inclusive, as if fully restated in this Cause of Action.

82.     Among the prospective attendees at Plaintiffs'' Put America First rally are citizens lawfully entitled to vote in federal elections.

83.     Defendants conspired to prevent by force, intimidation, or threat, Plaintiff prospective attendees from giving their support or advocacy in a legal manner, toward or in favor of the election of Plaintiffs GAETZ and GREENE, lawfully qualified candidates for the office of Member of Congress of the United States, in violation of 42 U.S.C. §1985(3).

///

84.    As a consequence of the event cancellations that Defendants compelled, Plaintiffs suffered damages in non-refundable costs, lost revenues, lost support, and emotional distress in an amount to be determined, but at least $50,000.

Wherefore, Plaintiffs pray for judgment as set out below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1.    A declaration that Defendants RIVERSIDE and RAINCROSS, and each of them, violated the rights of Plaintiffs and their prospective audience members to Freedom of Speech and Freedom of Association under the First and Fourteenth Amendments and 42 U.S.C. §1983 when they cancelled the contract for the rental of the event facility at the Riverside Convention Center based on viewpoints expressed by Plaintiffs.

2.    A declaration that Defendant ANAHEIM violated the rights of Plaintiffs and their prospective audience members to Freedom of Speech and Freedom of Association under the First and Fourteenth Amendments and 42 U.S.C. §1983 when they coerced the cancellation of the contract for the rental of the event facility at The Grand Theater based on viewpoints expressed by Plaintiffs.

3.    A declaration that THIRD PARTY DEFENDANTS conspired with or aimed to influence the GOVERNMENT DEFENDANTS to violate Plaintiffs' rights to Freedom of Speech and Freedom of Association based on their political viewpoints, and to prevent, by force, threat, or intimidation, Plaintiff audience members from

1    lending their support to the re-election of members of Congress, in violation of 42

2    U.S.C. § 1985.

3         4.     A declaration that Defendants, and each of them, acted with malice,

4    oppression, and wanton and intentional disregard for the law when they cancelled,

5    coerced the cancellation of, or conspired to force the cancellation of, facility use

6    contracts negotiated by Plaintiffs based on Plaintiffs' viewpoints.

7         5.     An injunction prohibiting Defendants RIVERSIDE and RAINCROSS

8    from denying a facilities use contract to Plaintiffs for future political rallies because of

9    Plaintiffs' viewpoints.

10        6.     An injunction prohibiting Defendant ANAHEIM from coercing private

11   venues from entering into facilities use contracts with Plaintiffs for future political

12   rallies because of Plaintiffs' viewpoints.

13        7.     An injunction prohibiting THIRD PARTY DEFENDANTS from

14   conspiring with any state actor to deprive Plaintiffs of their constitutional rights to

15   Freedom of Speech and Association and from conspiring to prevent by force,

16   intimidation, or threat any citizen who is lawfully entitled to vote from giving his

17   support or advocacy in any legal manner toward or in favor of the re-election of

18   GAETZ and GREENE, who are lawfully qualified for election as members of

19   Congress.

20        8.     For damages according to proof, including damages for emotional

21   distress suffered by Plaintiffs.

23

9.    For punitive damages against Defendants, and each of them, for acting with malice, oppression, and wanton disregard for the law in engaging in political viewpoint discrimination and conspiracy to deprive Plaintiffs of their civil rights.

10.    For costs of suit including attorneys' fees.

11.    For such other relief as is just and proper.

DATED:  July 13, 2023

CONSTITUTIONAL COUNSEL GROUP


        /s/ Alexander H. Haberbush
By ALEXANDER H. HABERBUSH
Attorneys for Plaintiffs

1   JURY TRIAL DEMAND

2        Plaintiff demands a trial by jury on the on all issues triable by jury in this

3   complaint.

4   DATED:  July 13, 2023

5                                              CONSTITUTIONAL COUNSEL GROUP

6                                              /s/Alexander H. Haberbush_____
                                               By ALEXANDER H. HABERBUSH
7                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21