1  DEREK P. COLE, Bar No. 204250
   dcole@colehuber.com
2  DANIEL S. ROBERTS, Bar No. 205535
   droberts@colehuber.com
3  TYLER J. SHERMAN
   tsherman@colehuber.com, Bar No. 343567
4  COLE HUBER LLP
   2855 E. Guasti Road, Suite 402
5  Ontario, California 91761
   Telephone:    (909) 230-4209
6  Facsimile:    (909) 937-2034

7  Attorneys for Defendant
   League of Women Voters Riverside
8

9                  UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

12  | REPRESENTATIVE MATT GAETZ, ET AL., | Case No. 5:23-CV-1368 HDV (SHKx) |
13  | Plaintiffs, | **DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS** |
14  | v. | |
15  | CITY OF RIVERSIDE, ET AL., | |
16  | Defendants. | |
17  |  | The Hon. Hernán D. Vera |
18  |  | Date: February 1, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 5B |

---

4857-4573-7118.1                                    Case No. 5:23-CV-1368 HDV (SHKx)

DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED
OPPSOTION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS

# TABLE OF AUTHORITIES

Page(s)

State Cases

4805 Convoy, Inc. v. City of San Diego,
   183 F.3d 1108 (9th Cir. 1999) .................................................................................... 11

Andrews v. D'Souza,
   --- F. Supp. 3d ----, 2023 WL 6456517 (N.D. Ga. Sept. 30, 2023) ............................ 10

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................ 6, 8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ....................................................................................... 5, 6, 8, 9

Boardman v. Inslee,
   978 F.3d 1092 (9th Cir. 2020) ...................................................................................... 7

Bray v. Alexandria Women's Health Clinic,
   506 U.S. 263 (1993) ..................................................................................... 6, 7, 8, 10

Briscoe v. LaHue,
   460 U.S. 325 (1983) ..................................................................................................... 8

Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,
   710 F.3d 946 (9th Cir. 2013) ................................................................................. 9, 10

Clark v. City of Lakewood,
   259 F.3d 996 (9th Cir. 2001) ...................................................................................... 11

Desert Palace, Inc. v. Costa,
   539 U.S. 90 (2003) ....................................................................................................... 9

Farber v. City of Paterson,
   440 F.3d 131 (2006) .................................................................................................... 8

FW/PBS, Inc. v. City of Dallas,
   493 U.S. 215 (1990) .................................................................................................. 10

Graham v. Culsen,
   427 F. Supp. 820 (D. D.C. 1977) ............................................................................... 10

Griffin v. Breckenridge,
   403 U.S. 88 (1971) ..................................................................................................... 10

Holgate v. Baldwin,
   425 F.3d 671 (9th Cir. 2005) ........................................................................................ 7

Jones v. Tozzi,
   No. 1:05CV0148OWWDLB, 2006 WL 2472752 (E.D. Cal. Aug. 4, 2006) ................ 5

Karim-Panahi v. L.A. Police Dept.,
   839 F.2d 621 (9th Cir. 1988) ........................................................................................ 6

Kowalski v. Turner,
   543 U.S. 125 (2004) .................................................................................................. 11

MacEachern v. City of Manhattan Beach,
   623 F. Supp. 2d 1092 (C.D. Cal. 2009) ....................................................................... 5

Matao Yokeno v. Sawako Sekiguchi,
   754 F.3d 649 (2014) ............................................................................................. 9, 10

Mendocino Environmental Center v. Mendocino County,
   192 F.3d 1283 (9th Cir. 1999) ................................................................................. 4, 5

Nat'l Coal. on Black Civic Participation v. Wohl,
   661 F. Supp. 3d 78 (S.D.N.Y. 2023) ............................................................. 9, 10

Olsen v. Idaho St. Bd. of,
   Med., 363 F.3d 916 (2004) ........................................................................... 5, 6, 9

Powers v. Ohio,
   499 U.S. 400 (1991) ............................................................................................ 11

Sanchez v. City of Santa Ana,
   936 F.2d 1027 (9th Cir. 1990) ............................................................................. 4

Secretary of State of Maryland v. Joseph H. Munson Co.,
   467 U.S. 947 (1984) ............................................................................................ 11

Sever v. Alaska Pulp Corp.,
   978 F.2d 1529 (9th Cir.1992) ..................................................................... 6, 8, 10

Singleton v. Wulff,
   428 U.S. 106 (1976) ............................................................................................ 11

Steshenko v. Albee,
   70 F. Supp. 3d 1002 (N.D. Cal. 2014) ........................................................ 5, 6, 9

Tingley v. Ferguson,
   47 F.4th 1055 (9th Cir. 2022) ............................................................................. 11

United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott,
   463 U.S. 825 (1983) .............................................................................................. 5

Viceroy Gold Corp. v. Aubry,
   75 F.3d 482 (9th Cir. 1996) ................................................................................ 11

Federal Statutes

42 U.S.C. § 1985(3) ................................................................................... 7, 8, 9, 10

4857-4573-7118.1

3

Case No. 5:23-CV-1368 HDV (SHKx)

DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPSOTION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS

# REPLY

## I. INTRODUCTION

Plaintiffs oppose the League of Women Voters of Riverside's (LWV) motion to dismiss their First Amended Complaint for conspiracy. But their oppositions fails to repair the defects of the FAC for at least three reasons: (1) a § 1985 conspiracy must be pled specifically, but Plaintiffs rely on formulaic recitation of elements; (2) Plaintiffs must plead racial animus but plead only viewpoint discrimination, and (3) Plaintiffs make no allegations justifying third-party standing.

## II. ANALYSIS

### A. Plaintiffs Do Not State A Claim Under § 1985's Equal Protection Clause.

#### 1. Plaintiffs Must Allege *Specific* Facts Supporting the Existence of a Conspiracy Under § 1985. They Have Not Pled Those Facts.

The FAC makes only conclusory allegations that LWV conspired with other defendants to deprive Plaintiffs of their rights. Plaintiffs recycle hollow claims that "THIRD PARTY DEFENDANTS conspired with and/or aimed to influence" the government defendants; that third-party defendants "had a plan;" and that "there was an agreement and/or meeting of the minds" with the government defendants." (FAC ¶¶ 76–78.) Plaintiffs fail to state a claim because pleading a conspiracy requires more than a mere allegation of conspiracy. E.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990).

On opposition, Plaintiffs try to dodge that requirement by arguing that the pleading standard is one based on inference. (Opp. at 7–8.) They rely on cases like Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999) to argue that existence of a conspiracy is a factual question that a jury can infer from circumstantial evidence of defendants' common objective, meaning that all Plaintiffs need to plead is "a possibility that the jury can infer" a conspiracy. (Opp. at 7.) Plaintiffs then go on argue that the FAC is adequate by rehashing the same vague allegations that Plaintiffs obviously "conspired" because they each allegedly shared a common goal to assert political pressure to cancel Plaintiffs' rally. (Id. at 8–15.)

Mendocino, though, discussed sufficiency of the evidence to raise a factual dispute on summary judgment. Mendocino, 192 F.3d at 1301–03. It did not address pleading. See id.

4857-4573-7118.1     Case No. 5:23-CV-1368 HDV (SHKx)

DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPSOTION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS

Mendocino is irrelevant. The cases that Plaintiffs cite in their eight-page attempt to avoid the Ninth Circuit's directions on pleading a § 1985 conspiracy do not help Plaintiffs either. For example, Plaintiffs cite Jones v. Tozzi, No. 1:05CV0148OWWDLB, 2006 WL 2472752 (E.D. Cal. Aug. 4, 2006)[1] to argue that they state a conspiracy claim because of Defendants' alleged "strikingly similar threats" corroborate a common objective. (Opp. at 9.) But in Jones, the District Court applied the heightened pleading standard. Jones, 2006 WL 2472752, at *13–15. The court denied a 12(b)(6) motion because a *pro se* plaintiff "specifically" alleged that the defendants each explicitly threatened him with related racist language, interfered with state court proceedings, agreed to intimidate and threaten him to impede his access to a specific contempt hearing, and that he heard defendants specifically communicate about him. See id. at *4–5, 14–15. Even the *pro se* complaint in Jones went far beyond Plaintiffs' xeroxed conclusions that Defendants conspired because they separately pressured the government to cancel the "Put America First" rally.

The Motion does not challenge what Plaintiffs must prove—it challenges what they have pled. (Mot. at 5–6.) And what Plaintiffs must plead to establish a cause of action for a conspiracy under 42 U.S.C. § 1985 are "specific facts to support the existence of a conspiracy." Olsen v. Idaho St. Bd. of Med., 363 F.3d 916, 929 (2004). A complaint must put defendants on notice of facts like the specific agreement alleged, the scope of the conspiracy, and *how* the defendants conspired. E.g., Steshenko v. Albee, 70 F. Supp. 3d 1002, 1015 (N.D. Cal. 2014). That pleading standard has been ruled true from the United States Supreme Court all the way down—repeatedly—to this Court and its sibling districts. E.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); Olsen, 363 F.3d at 929; Steshenko, 70 F. Supp. 3d at 1015; MacEachern v. City of Manhattan Beach, 623 F. Supp. 2d 1092, 1109 (C.D. Cal. 2009).

Indeed, one of the keystone cases on pleading, Bell Atlantic Corporation v. Twombly, said of conspiracies in the antitrust context that "an allegation of parallel conduct and a bare assertion of

---

[1] Notably, in Jones, District Judge Wanger admonished the defendants for doing what Plaintiffs do: representing to the Court that the burden of proof on summary judgment or at trial controls the pleading standard. Jones, 2006 WL 2472752, at *12. Judge Wanger said doing so was "mistake," and that the cases articulate the *standard of proof* that applies to claims on the merits, not the pleading standard that should apply on a motion to dismiss." (Id.) (emphasis in original). He went on to say the defendants wrongly relied on merits cases that Plaintiffs cite, like United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983). (See id.; Opp. at 14.)

conspiracy will not suffice." Id. at 556. That holding fits Twombly's command that conclusions and formulaic recitation of elements are not enough to state a claim. Id. at 555. But that is all Plaintiffs offer. The FAC is chock-full of claims parroting the elements of § 1985—that LWV and the other defendants had a "meeting of the minds" to stop Plaintiffs rally and "conspired" to inhibit their First Amendment right to hold it. (FAC ¶¶ 76–78; Opp. at 8–15.)

Expecting that fatal weakness, Plaintiffs say they make a claim because they allege a timeframe, around July 2021; the desire, cancelation of the rally; and the ostensible means of threats, intimidation, and "collusion." (Opp. at 12–13.) But all Plaintiffs really do is allege that Defendants wanted the rally canceled and separately expressed that desire, and then link the allegations by claiming Defendants thereby "conspired." (E.g., FAC ¶¶ 35–38, 76–78.) For example, all Plaintiffs allege that LWV did was ask the City of Riverside to demand that the rally be canceled and threaten political repercussions if it was not. (Id. ¶ 38.) The FAC is devoid, though, of any specific facts showing that the alleged statement was part of a conspiracy. Nowhere do Plaintiffs identify specifics like Defendants' roles, communications among Defendants, _how_ LWV and the other defendants conspired, or what specific agreement (e.g., who would do what and when) they shared outside of a parallel desire to prevent Plaintiffs' rally. (Id.)

Without those specifics, Plaintiffs do not state any claim. Twombly, 550 U.S. at 556; Olsen, 363 F.3d at 929; Steshenko, 70 F. Supp. 3d at 1015. Even liberally construing Plaintiffs' complaint, the mere allegation of parallel conduct under the label of "conspiracy" is a conclusion not entitled to any presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). The FAC fails to state a claim for conspiracy.

**2.    Plaintiffs Do Not Properly Allege Racial or Class-Based Animus.**

A § 1985 conspiracy requires Plaintiffs to show racial or class-based discriminatory animus behind Defendants' actions. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267–68 (1993); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992). Plaintiffs claim they meet that requirement by (1) alleging an anticipated audience of members of a protected class who wanted to attend the rally, and (2) alleging racial animus motivated the conspiracy because Defendants perceived Plaintiffs' views as racist. (Opp. at 24–26.) Plaintiffs are wrong on both counts.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

First, Plaintiffs say that their allegation that anticipated attendees were members of a protected class is sufficient. (Id. at 24.) They argue "Rule 8(a)(2) does not require plaintiffs to lay out in detail the *facts* upon which their claims are based." (Id. (quoting Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).) Plaintiffs affirmatively misquote the Ninth Circuit's opinion in Holgate v. Baldwin, which said, "While Rule 8(a)(2) does not require plaintiffs to lay out in detail the *facts* upon which their claims are based, it does require plaintiffs to provide 'a short and plain statement of the claim' to give the defendants fair notice of what the claim is and the grounds upon which it is based." Holgate, 425 F.3d at 676. The Ninth Circuit held that the district court did not abuse its discretion in imposing Rule 11 sanctions because the complaint failed to allege a required element of a § 1985(3) claim. Id. at 675–79.

Plaintiffs fail to allege (anywhere) that LWV or the other defendants knew of the members' race or protected status, and that the members' race or status motived the conspiracy to deprive them of their rights. (FAC ¶ 86.) So even if Plaintiffs need not identify Defendants' animus "in detail" Plaintiffs must state that hostility motivated the conspiracy. See Bray, 506 U.S. at 267–68; Holgate, 425 F.3d at 676. They don't.

Second and instead, Plaintiffs repeatedly allege that LWV and Defendants were motivated by disdain for Plaintiffs' political views. (FAC ¶¶ 3, 6, 8, 19, 31, 34, 38, 57, 71, 76, 82, 84.) Only paragraph 85 says that Defendants were motived "by invidiously discriminatory racial, ethnic, or religious animus, namely," Defendants' alleged view that Plaintiffs espouse views harmful to Jews and the Latino community and that appeal to racism. (Id. ¶ 85.) However artful, that language only alleges that Defendants were motivated by Plaintiffs' perceived racial and religious animus. (Id.) That is the same as saying Defendants were motivated by viewpoint discrimination. See id.; see also Boardman v. Inslee, 978 F.3d 1092, 1110 (9th Cir. 2020) (defining viewpoint discrimination as action that "targets . . . particular views taken by speakers on a subject.")

Plaintiffs cite no authority for the idea that they can premise racial or class-based animus under § 1985(3) on perceptions of racism on Plaintiffs' part. Nor could they. Congress passed the Ku Klux Klan Act, of which § 1985 is part, to combat lawless terror against African Americans in the wake of the Civil War. E.g., Briscoe v. LaHue, 460 U.S. 325, 336–39 (1983). The purpose of

§ 1985 is to protect victims of racial or class-based animus, not to create a cause for alleged conspiracies motived by perception about a plaintiff's opinions. E.g., id.; Sever, 978 F.2d at 1536.

So tenuous is Plaintiff's position that they mischaracterize precedent again, this time the Third Circuit's opinion in Farber v. City of Paterson, 440 F.3d 131 (2006). (Opp. at 25.) Plaintiffs cherry-pick a quote: "the legislative history underscores the view that a § 1985(3) plaintiff need not be a member of the class against which a conspiracy directs its invidiously discriminatory animus, even if in practice this is most often the case." (Id.) But the Third Circuit did not hold that any remote allegation of animus is sufficient. Farber, 449 F.3d at 141. Instead, the court held that a plaintiff who is victimized by qualifying animus, even if not a member of the class at which animus is directed, can state a claim. Id. at 140–41. The court used the example of white Reconstruction-era Republicans who championed the rights of Black Americans. Id. at 139–41. The Court reasoned that § 1985 would apply to those Republicans because the Klan victimized them based on the same vile racial hatred levied against Black citizens. Id. The Third Circuit did not say "conspiracies" motivated by a plaintiff's perceived racial animus fall under § 1985. See id.

More saliently still, the Third Circuit then held § 1985 does not reach conspiracies motivated by a plaintiff's political affiliation or views. Id. at 139–43 ("[W]e hold that § 1985(3) does not provide a cause of action for individuals allegedly injured by conspiracies motivated by discriminatory animus directed toward their political affiliation."). Farber is no outlier. The Supreme Court, for example, held that class-based animus demands more than disdain for a group of people engaging in conduct a defendant dislikes. Bray, 506 U.S. at 267–69. Otherwise, any plaintiff could sue for conspiracy merely by alleging animus towards a group of people whose activities a defendant allegedly dislikes or has tried to impede. Id.

Yet all the FAC alleges is that Defendants were motivated by their perception of Plaintiffs' views. (FAC ¶¶ 3, 6, 8, 19, 31, 34, 38, 57, 71, 76, 82, 84.) That motivation does not qualify as animus for § 1985. Farber, 449 F.3d at 139–43. Plaintiffs' solitary, canned allegation that Defendants were motivated by racial, ethnic, or religious animus alleges no more than a "sheer possibility" that LWV and Defendants acted wrongfully. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. The FAC fails to state a claim.

### B. Plaintiffs Do Not State a Claim Under § 1985(3)'s Support or Advocacy Clause.

#### 1. Plaintiffs Have Not Adequately Pled Any Conspiracy.

As with § 1985(3)'s Equal Protection Clause, the Support or Advocacy clause likewise requires defendants to have <u>conspired</u> to inhibit a voter's support or advocacy for election of a candidate for office. 42 U.S.C. § 1985(3). For the same reasons above, Plaintiff has not pled a conspiracy under this clause either. Plaintiffs' formulaic recitation of parallel conduct is inadequate and fails to state a claim. <u>Twombly</u>, 550 U.S. at 556; <u>Olsen</u>, 363 F.3d at 929; <u>Steshenko</u>, 70 F. Supp. 3d at 1015.

#### 2. Plaintiffs Wrongly State That Force, Intimidation, or Threat Need Not Be Directed At Individuals Lawfully Entitled To Vote.

Plaintiffs claim, in opposition, that "threats need not be aimed at the voter to violate Section 1985(3)." (Opp. at 21.) Instead, they suggest that force, intimidation, or threat need only prevent or seek to prevent *any* support or advocacy by a lawful voter, regardless of whom the target of a conspiracy is. (<u>Id.</u> at 21–23.) Plaintiffs offer no support for that position. Nor can they. To construe § 1985(3) as Plaintiffs suggest defies commonsense statutory interpretation and would open the floodgates to innumerable tort plaintiffs no matter how remote.

First, § 1985 is unambiguous. When interpreting a statute, courts look to its plain text. <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 98 (2003). If the statute is unambiguous, the inquiry ends. <u>Id.</u> Courts presume the legislature means what it says and give words their ordinary, common meaning. <u>Matao Yokeno v. Sawako Sekiguchi</u>, 754 F.3d 649, 653 (2014); <u>Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.</u>, 710 F.3d 946, 958 (9th Cir. 2013). In relevant part, § 1985(3)'s support and advocacy clause imposes liability "if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy[.] 42 U.S.C. § 1985(3). The statute speaks of action against voters themselves. <u>Id.</u> And it then speaks in the possessive, attaching liability to conspiracies to prevent a voter from giving *his* (or her) support or advocacy to a candidate. <u>Id.</u> Voters themselves must be the target of the conspiracy. <u>Id.</u>; see <u>Nat'l Coal. on Black Civic Participation v. Wohl</u>, 661 F. Supp. 3d 78, 110, 126 (S.D.N.Y. 2023).

If the statute is ambiguous, courts can consider extrinsic material like legislative history to

effect a statute's purpose and Congress' intent. E.g., Matao, 754 F.3d at 653; Chubb, 710 F.3d at 958. But the same outcome results. Congress enacted the Ku Klux Klan Act to protect minority Americans whose civil rights the Klan conspired to suppress. Sever, 978 F.2d at 1536. It did not legislate to give a cause of action to every voter incidentally affected by "conspiracies" targeting unrelated people. See Bray, 506 U.S. at 267–69.

Second, the Supreme Court has already cautioned against construing § 1985(3) as "general federal tort law." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see Bray, 506 U.S. at 268–69. That is why, under § 1983's equal protection clause, evidence of animus is mandatory. E.g., Griffin, 403 U.S. at 102; see Bray, 506 U.S. at 268–69. And it is why class-based animus demands more than dislike of people engaging in disfavored conduct. Bray, 506 U.S. at 267–69. To hold otherwise would drain § 1985(3) of any import because it would allow any aggrieved plaintiff to bring a case just by claiming they belong to a class a defendant dislikes. See id. So too here. To hold that any person incidentally hindered in support or advocacy no matter how far removed they are from the target of a conspiracy would allow any plaintiff to bring a claim and transform § 1985 into a catch-all net for torts. Cf. id.

Congress did not intend for such a result. Voters must be the target of an alleged conspiracy, E.g., Wohl, 661 F. Supp. 3d at 126; Andrews v. D'Souza, --- F. Supp. 3d ----, 2023 WL 6456517, at *11 (N.D. Ga. Sept. 30, 2023); Graham v. Culsen, 427 F. Supp. 820, 821 (D. D.C. 1977). Because the FAC only alleges targeting of third-party venues and government, the FAC fails to state a claim.

### 3. Plaintiffs Do Not Have Third-Party Standing To Sue on Behalf of Prospective Attendees.

Plaintiffs argue that they satisfy the requirements of third-standing to bring support and advocacy clause claims on behalf of their "prospective attendees." (Opp. at 17–18.) But nowhere do they argue that the FAC alleges facts establishing that standing. (Id.) They cannot, because the FAC does not make those claims. That alone is fatal. Standing is jurisdictional, and it is Plaintiffs' burden to establish jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230–31 (1990). Because they fail to make the necessary allegations, they lack standing to bring their third-party claims. Id.

Plaintiffs cannot amend to establish third-party standing either. As stated in the Motion,

sometimes litigants can sue on behalf of third parties if they satisfy three elements: (1) the litigant must have suffered a concrete injury, (2) the litigant must have a close relation to the third party, and (3) some hindrance must inhibit the third party's ability to protect their own interest. E.g., Powers v. Ohio, 499 U.S. 400, 410–11 (1991).

Plaintiffs first rely on Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947 (1984) to argue that Supreme Court has relaxed the third-party standing requirements in the First Amendment context. (Opp. at 17–18.) But Munson applies in cases of "overbreadth" when an overbroad statute may chill the First Amendment rights of third parties not before the court. E.g. id. at 956–57; Clark v. City of Lakewood, 259 F.3d 996, 1009–11 (9th Cir. 2001); 4805 Convoy, Inc. v. City of San Diego, 183 F.3d 1108, 1111–12 (9th Cir. 1999). Plaintiffs do not challenge an overbroad statute here and must satisfy third-party standing.

Even if Plaintiffs suffered a concrete injury, Plaintiffs do not satisfy the remaining requirements. Plaintiffs argue that they have a sufficiently close relation with people who "planned" to attend their rally. (Opp. at 18.) But Plaintiffs have no "close relation" to *hypothetical* "prospective attendees" who may or may exist, and who may or not have attended the rally. See, e.g., Kowalski v. Turner, 543 U.S. 125, 130–31 (2004) (holding that hypothetical future attorney-client relationship does not demonstrate required closeness).

Similarly, Plaintiffs speculate that there is "cause for concern" that prospective attendees may be hindered in bringing their own claims because of public criticism. (Opp. at 18.) But speculative hindrances are insufficient. See Tingley v. Ferguson, 47 F.4th 1055, 1069–70 (9th Cir. 2022). There must be a "genuine obstacle" impeding third-parties' ability to assert their own rights. Singleton v. Wulff, 428 U.S. 106, 116 (1976); Viceroy Gold Corp. v. Aubry, 75 F.3d 482, 489 (9th Cir. 1996). Hypothetical "concern" that third parties may face criticism for bringing a public lawsuit—after attending a publicized political rally—and thus lack motivation to bring their own claims is inadequate. See Tingley, 47 F.4th at 1069–70; Viceroy, 75 F.3d at 489. Plaintiffs do not have third-party standing, and again the FAC fails to state a claim.

/ / /

/ / /

4857-4573-7118.1 | 11 | Case No. 5:23-CV-1368 HDV (SHKx)

DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPSOTION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS

## III. CONCLUSION

For the reasons above, Plaintiffs' opposition rectifies none of the deficiencies in the First Amended Complaint. The FAC fails to state any cause of action against LWV. Accordingly, LWV respectfully requests that the Court grant its Motion to Dismiss the FAC. Because Plaintiffs already amended the FAC and failed to cure its defects, leave to amend should be denied.

Dated: January 18, 2024                COLE HUBER LLP

By: _____
Derek P. Cole
Daniel S. Roberts
Tyler J. Sherman
Attorneys for Defendant League of Women Voters Riverside

# PROOF OF SERVICE

**Representative Matt Gaetz, et al., v. City of Riverside, et al.**
**5:23-CV-01368-HDV-SHK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Placer, State of California. My business address is 2281 Lava Ridge Court, Suite 300, Roseville, CA 95661.

On January 18, 2024, I served true copies of the following document(s) described as

**DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 18, 2024, at Roseville, California.

　　　　　　　　　　　　　　　　　　　　　　/s/ Tracy Rainsbury
　　　　　　　　　　　　　　　　　　　　　　Tracy Rainsbury

# SERVICE LIST
**Representative Matt Gaetz, et al.v. City of Riverside, et al.**
**5:23-CV-01368-HDV-SHK**

| | |
|---|---|
| John C. Eastman, Esq.<br>Anthony T. Caso, Esq.<br>CONSTITUTIONAL COUNSEL GROUP<br>174 W. Lincoln Ave, #620<br>Anaheim, CA  92805<br>Telephone: (909) 257-3869<br>E-Mail:  jeastman@ccg1776.com | Attorneys for Plaintiffs |
| Alexander H. Haberbush, Esq.,<br>LEX REX INSTITUTE<br>444 West Ocean Boulevard, Suite 1403<br>Long Beach, CA 90802<br>Telephone: (562) 435-9062<br>E-Mail: AHaberbush@LexRex.org | Attorneys for Plaintiffs |
| Elzabeth Victoria Duran, Esq.<br>STREAM KIM HICKS WRAGE & ALFARO, PC<br>3403 Tenth Street, Suite 700<br>Riverside, CA  92501<br>Telephone: (951) 783-9470<br>E-Mail: elizabeth.duran@streamkim.com | Attorneys for Unidos for La Causa, Inc. |

Greater Riverside Hispanic Chamber of Commerce
Andrew Guerra, Jr., Executive Director
3230 Vine St., Suite 200
Riverside, CA 92507

Women's March Action
10573 W. Pico Blvd #7
Los Angeles, CA 90064

Riverside County Democratic Party
24626 Sunnymead Blvd.
Moreno Valley, CA 92553

Antiracist Riverside
Janice Rooths
7364 Goldboro Ln.
Riverside, CA 92506

Occupy Democrats/Election Fund PAC
Omar Rivero
8510 SW 149th Ave
Miami, FL 33193

---

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4857-4573-7118.1

2

Case No. 5:23-CV-1368 HDV (SHKx)
DEFENDANT LEAGUE OF WOMEN VOTERS OF RIVERSIDE'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPSOTION TO DEFENDANTS' MOTIONS TO DISMISS SECTION 1985 CLAIMS