DEREK P. COLE, Bar No. 204250
dcole@colehuber.com
DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
TYLER J. SHERMAN, Bar No. 343567
tsherman@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendant
League of Women Voters Riverside

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| REPRESENTATIVE MATT GAETZ, ET AL., | Case No. 5:23-CV-1368 HDV (SHKx) Hon. Hernán D. Vera |
| Plaintiffs, | **DEFENDANT LEAGUE OF WOMEN VOTERS RIVERSIDE'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES** [42 U.S.C. § 1988] |
| v. | |
| CITY OF RIVERSIDE, ET AL., | |
| Defendants. | [Filed concurrently herewith: (1) Decl. of Daniel S. Roberts; (2) Decl. of Tyler J. Sherman; and (3) Proposed Order] |
| | Date:     February 6, 2025 Time:    10:00 a.m. Crtm:   5B |

4884-9436-5383.2

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION..............................................................1

MEMORANDUM OF POINTS AND AUTHORITIES..............................................2

I.      INTRODUCTION ...............................................................................2

II.     BACKGROUND..................................................................................2

        A.    Plaintiffs' Claims ...................................................................2

        B.    Procedural History ................................................................3

III.    ANALYSIS .........................................................................................6

        A.    As the Prevailing Party Against Plaintiffs, the League of Women
              Voters is Entitled to a Reasonable Attorney's Fee ...............................6

        B.    Section 1988 Fees Are Appropriate Where the Prevailing Party
              Was Able to Secure Pro Bono Representation ....................................8

        C.    The League of Women Voters Should be Awarded a Reasonable
              Attorney's Fee of $112,768 .......................................................9

              1.    Reasonable Number of Hours.......................................9

              2.    Reasonable Hourly Rate ..............................................13

IV.     CONCLUSION ...................................................................................16

CERTIFICATE OF COMPLIANCE......................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

Amedee Geothermal Venture I v. Lassen Mun. Util. Dist., 8 F. Supp. 3d 1211 (E.D. Cal. 2014)......................................................................................................6

Ballen v. City of Redmond, 466 F.3d 736 (9th Cir.2006)...........................................9

Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007)......................................7

Blanchard v. Bergeron, 489 U.S. 87 (1989) .......................................................8, 13

Blum v. Stenson, 465 U.S. 886 (1984) .....................................................................13

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993)............................7

Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).....................................6

Citizens for Free Speech, LLC v. County of Nevada, 953 F.3d 655 (9th Cir. 2020)..................................................................................................................6

Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer, LLC, 373 F. Supp. 3d 398 (E.D. N.Y. 2019)....................................................................13

Costa v. Comm'r of Soc. Security Admin., 690 F.3d 1132 (9th Cir. 2012) ...............9

Dennis v. Chang, 611 F.2d 1302 (9th Cir. 1980) ..............................................8, 13

Donastorg v. City of Ontario, Case No. EDCV 18-992 JGB (SPx), 2021 WL 6103545 (C.D. Cal. 2021) ...............................................................................13

Eksouzian v. Albanese, No. CV 13-728 PSG (AJWx), 2015 WL 12765585 (C.D. Cal. Oct. 23, 2015) ...............................................................................13

Fox v. Vice, 563 U.S. 826 (2011).............................................................................6

Galen v. County of Los Angeles, 477 F.3d 652 (9th Cir. 2007) ................................6

Gonzalez v. City of Maywood, 729 F.3d 1196 (9th Cir. 2013) ...........................9, 13

Grace Church of North County v. City of San Diego, Case No. 07-CV-0419 H (RBB), 2008 WL 11508664 (S.D. Cal. Sept. 9, 2008) ................................9

Harris v. Maricopa Cty. Superior Court, 631 F.3d 963 (9th Cir. 2011).....................6

Hughes v. Rowe, 449 U.S. 5 (1980) .........................................................................6

Lefemine v. Wideman, 568 U.S. 1 (2012)..................................................................6

Morales v. City of San Rafael, 96 F.3d 359 (9th Cir.1996) ......................................9

**TABLE OF AUTHORITIES (cont.)**

<u>Page</u>

<u>Nat'l Coal. on Black Civic Participation v. Wohl</u>, 661 F. Supp. 3d 78, 110 (S.D.N.Y. 2023) ...................................................................................... 7

<u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) .................................................... 6

<u>Olsen v. Idaho St. Bd. of Med.</u>, 363 F.3d 916 (2004) ................................... 7

<u>R.G. Abrams Ins. Co. v. Law Offices of C.R. Abrams</u>, 342 F.R.D. 461 (C.D. Cal. 2022) ................................................................................................ 13

<u>Relman Colfax PLLC v. Fair Housing Council</u>, No. CV 19-8612 PSG (JCx), 2021 WL 1895905 (C.D. Cal. Mar. 16, 2021) ...................................... 13

<u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529 (9th Cir. 1992) ....................... 7

<u>Steshenko v. Albee</u>, 70 F. Supp. 3d 1002 (N.D. Cal. 2014) ........................ 7

<u>Zeigler v. Cty. of San Luis Obispo</u>, Case No. 17-cv-9295 MWF (AFMx), 2023 WL 3432238 (C.D. Cal. Mar. 1, 2023) ...................................... 13

**<u>STATUTES</u>**

42 U.S.C. § 1988 .................................................................................... 2, 6

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, in courtroom 5B of the United States Courthouse, located at 350 W. First Street in Los Angeles, California, Defendant League of Women Voters Riverside will and hereby does move this Court for an award of attorney's fees.  This Motion is made upon the ground that Defendant League of Women Voters is the prevailing party in this action or proceeding to enforce a provision of 42 U.S.C. § 1985(3), and as such is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. § 1988(b).  The League respectfully seeks a reasonable attorney's fee in the amount of $112,768, plus the cost (if necessary) of preparing a Reply to Plaintiffs' Opposition to this Motion and attending the hearing.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Daniel S. Roberts and Tyler J. Sherman filed concurrently herewith, all of the pleadings, files, and records in this case, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 12, 2024.

Dated:  November 20, 2024          COLE HUBER LLP

By:  _____/s/ Daniel S. Roberts_____
      Derek P. Cole
      Daniel S. Roberts
      Tyler J. Sherman
      Attorneys for Defendant League of Women Voters of Riverside

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant League of Women Voters Riverside ("LWV" or the "League") respectfully moves for an award of attorney's fees under 42 U.S.C. § 1988. The League has prevailed against Plaintiffs on their attempts to state a claim that the LWV engaged in a conspiracy in violation of 42 U.S.C. § 1985(3). The Court dismissed Plaintiffs' First Amended Complaint as fatally deficient, without leave to amend. Plaintiffs' claims against the League were frivolous, unreasonable, and devoid of foundation. The League is therefore entitled under Section 1988 to an award of a reasonable attorney's fee.

### II.    BACKGROUND

#### A.    Plaintiffs' Claims

When they filed this case, Plaintiffs Matt Gaetz and Marjorie Taylor Greene were members of the U.S. House of Representatives.[1] See First Am. Compl. at ¶ 10. They, along with their respective campaign committees and a joint fundraising committee, brought this suit in July 2023 under 42 U.S.C. §§ 1983 and 1985. Id. According to their pleading, in July 2021 Plaintiffs tried to host a "Put America First" political rally but the government defendants in this case (the Cities of Anaheim and Riverside, as well as the manager of Riverside's convention center) violated Plaintiffs' First Amendment rights by preventing them from holding the rally because of hostility to Plaintiffs' viewpoint. Id. at ¶¶ 57, 71. Plaintiffs therefore sued these government defendants under 42 U.S.C. § 1983 for that First Amendment violation. Id. at ¶¶ 50-74.

In addition, however, Plaintiffs alleged that the League of Women Voters – and other non-profit groups such as NAACP and LULAC – engaged in a

---

[1]    Plaintiff Gaetz resigned his office in the House of Representatives on November 13, 2024. See https://clerk.house.gov/members/FL01/vacancy (visited Nov. 19, 2024).

conclusorily alleged "conspiracy" to cancel the rally in violation of 42 U.S.C. § 1985(3) – the Ku Klux Klan Act of 1871.  Id. ¶¶ 15-19; 76-96.  Plaintiffs asked the Court to impose against the League declaratory and injunctive relief, compensatory and punitive damages, and award Plaintiffs their attorney's fees.  Id. at pp. 26-27.

### B.    Procedural History

Plaintiffs initiated this case in July 2023, on the eve of the expiration of the two-year statute of limitations.  See Doc. No. 1.  Thereafter, Defendant League of Women Voters engaged the undersigned counsel to defend it against Plaintiffs' claims.  See Decl. of Daniel S. Roberts, filed concurrently herewith ("Roberts Decl.") at ¶ 2.  After LWV agreed to Plaintiffs' request to waive formal service of process under Rule 4, counsel for LWV met and conferred with Plaintiffs' counsel regarding a Motion to Dismiss.  Id. at ¶ 3-4.  As a result of those discussions, Plaintiffs agreed to file a First Amended Complaint.  See Doc. No. 21 at ¶¶ 1-2.

Plaintiffs filed their First Amended Complaint on October 2, 2024.  Doc. No. 29.  Counsel for the League evaluated carefully the amendments made to Plaintiffs' pleading and met and conferred further with Plaintiffs' counsel about ongoing concerns with the sufficiency of the First Amended Complaint.  See Roberts Decl. at ¶ 5.  Those discussions were unsuccessful, and on October 19, 2023 LWV filed its Motion to Dismiss the First Amended Complaint.  See Doc. No. 33.  Other similar Motions followed from other Defendants.  See Doc. Nos. 34 (NAACP), 37 (LULAC), 44 (City of Anaheim), 47 (City of Riverside), 69 (UNIDOS).

After counsel for the various parties cooperated to consolidate the hearing dates so the Court could hear all of the Motions on the same day, Plaintiffs filed two consolidated Oppositions to the various Motions to Dismiss – one to address the Section 1983 claims against the Cities and one to address the Section 1985(3) claims, including against the League.  See Doc. Nos. 74, 75.  The League then prepared a Reply to Plaintiffs' Opposition to its Motion to Dismiss, as did each of the other moving parties.  See Doc. Nos. 78-83.  The Court heard the various

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1    Motions together on February 1, 2024 in a hearing that lasted well into the

2    afternoon, and then took the matters under submission.

3         On March 22, 2024 the Court entered its Order, denying the Cities' Motions,

4    but granting the Motions to Dismiss by the League and the other nonprofit

5    defendants without leave to amend.  See Doc. No. 95.  In discussing the claims

6    against the League of Women Voters and other nonprofit defendants, the Court

7    recognized the overwhelmingly deficient nature of Plaintiffs' allegations.  Id. at 3,

8    14-21.  The Court wrote that Plaintiffs' First Amended Complaint suffered from a

9    "complete lack of any alleged facts to support a 'meeting of the minds' as required

10   for a conspiracy claim," and that even drawing all reasonable inferences in

11   Plaintiffs' favor, the complaint was "utterly devoid of any specifics plausibly

12   alleging such an agreement."  Id. at 3:1-2; 3:9-10.  Consequently, the Court found,

13   all that Plaintiffs alleged the nonprofit defendants had done was to exercise their

14   own First Amendment rights to lobby for cancellation of Plaintiffs' rally.  Id. at 3,

15   12-14.

16        The Court also dismissed Plaintiffs' claims for two other reasons.  Id. at 17–

17   21.  First, to state a claim under Section 1985(3)'s equal protection clause, Plaintiffs

18   must allege they belong to a protected class and have been subjected to

19   discrimination.  Id. at 17-18.  But Plaintiffs' alleged discrimination was about

20   politics, not race.  Id.  Second, to state a claim under the support-or-advocacy clause

21   of that section, Plaintiffs must allege a conspiracy's purpose was to intimidate,

22   force, or threaten a voter engaging in lawful voting activity.  Id. at 19.  But Plaintiffs

23   did not allege any specific voter was intimidated or otherwise hindered from

24   supporting or advocating for Plaintiffs' reelection; instead, the nonprofit defendants'

25   conduct was aimed at the government, which does not establish a claim.  Id. at 19-

26   21.  Accordingly, the Court granted all of the non-profit defendants' Motions to

27   Dismiss.  Finally, the Court granted the motions without leave to amend, based on

28   the additional finding that further leave to amend would be futile in light of the fact

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1    that "Plaintiffs [had] failed to articulate a viable Section 1985 theory despite filing

2    an amended complaint and an opportunity to make an offer of proof in the

3    underlying briefing and oral argument." Id. at 21-22.

4         At the same time, the Court denied the Motions to Dismiss by the Cities of

5    Anaheim and Riverside, finding that Plaintiffs had adequately stated claims against

6    those parties under Section 1983. Id. at 6-12, 22:11. Accordingly, the case

7    proceeded against the Cities (and Defendant Raincross Hospitality Management,

8    who had not moved to dismiss). On June 4, 2024 the remaining parties filed their

9    Rule 26(f) Report, and on June 18, 2024 the Court held a Scheduling Conference

10   and entered a Scheduling Order. See Doc. Nos. 119, 120, 121. Those parties

11   subsequently reached a settlement of that remaining portion of the case, and on

12   October 28, 2024 filed a Stipulation to Dismiss the case, with prejudice, under Rule

13   41(a)(2). See Doc. No. 126. The Court entered the Order of dismissal as to the

14   remaining defendants (Cities and Raincross) on October 30th. See Doc. No. 127.

15        With the entry of that final Order resoling the case as to the remaining parties,

16   the nonprofit defendants contacted Plaintiffs' counsel on October 31st to meet and

17   confer on their respective intent to seek recover of attorney's fees as prevailing

18   defendants under 42 U.S.C. § 1988. See Roberts Decl. at ¶ 6. Counsel for these

19   parties had previously discussed the topic of bringing attorney's-fees motions, but

20   Plaintiffs' position at that time was that because the case was still pending against

21   the government defendants, no final judgment had been rendered and attorney's fees

22   could not yet be sought. See Decl. of Tyler J Sherman, filed concurrently herewith

23   ("Sherman Decl.") at ¶ 2. Plaintiffs would not stipulate to the separate entry of

24   judgment in favor of the nonprofit Defendants to allow a fees motion to be brought

25   at that time. Id. Renewed discussion on attorney's fees after the dismissal of the

26   case against the government Defendants did not yield an agreement. See Roberts

27   Decl. at ¶ 6. Therefore, the League of Women Voters now respectfully moves the

28   Court for an award of attorney's fees under Section 1988.

## III. ANALYSIS

### A. As the Prevailing Party Against Plaintiffs, the League of Women Voters is Entitled to a Reasonable Attorney's Fee

Under 42 U.S.C. § 1988, in a civil rights case, including under Section 1985, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs … ." 42 U.S.C. § 1988(b); Lefemine v. Wideman, 568 U.S. 1, 4 (2012). Congress enacted Section 1988, in pertinent part, "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, 833 (2011). There is no question here that the League of Women Voters is the prevailing party. The Court granted its Motion to Dismiss as to all claims against it, without leave to amend. See Doc. No. 95.

A prevailing defendant may recover attorney's fees under Section 1988 when the Court finds that a plaintiff's action was frivolous, unreasonable, or without foundation. See Fox, 563 U.S. at 833; Citizens for Free Speech, LLC v. County of Nevada, 953 F.3d 655, 658 (9th Cir. 2020). In making this determination, the Court examines a plaintiff's claims as they existed at the time of filing. Harris v. Maricopa Cty. Superior Court, 631 F.3d 963, 975-76 (9th Cir. 2011). But a plaintiff can violate the standard at "any point during the litigation, not just at its inception," by continuing to press meritless claims the result of which are apparent. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). It is unnecessary that each claim have been frivolous. See Fox, 563 U.S. at 834; Harris, 631 F.3d at 975-76. And subjective bad faith is not required; meritless, groundless claims are sufficient on their own. See, e.g., Harris, 631 F.3d at 975-76; Hughes v. Rowe, 449 U.S. 5, 14-15 (1980). Claims can be meritless when they lack a basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Galen, 477 F.3d at 666; Amedee Geothermal Venture I v. Lassen Mun. Util. Dist., 8 F. Supp. 3d 1211, 1214 (E.D. Cal. 2014).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1    This Court need look no further than its Order granting the League's Motion

2    to Dismiss to determine that a fees award for the League is appropriate on all three

3    bases for defense fees under Section 1988:  frivolousness, unreasonableness, and

4    lacking foundation.

5    To state a conspiracy claim, a plaintiff must allege specific facts establishing

6    a conspiracy; mere allegations of independent parallel conduct are insufficient.  See

7    Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 556 (2007); Olsen v. Idaho St.

8    Bd. of Med., 363 F.3d 916, 929 (2004); Steshenko v. Albee, 70 F. Supp. 3d 1002,

9    1015 (N.D. Cal. 2014).  Plaintiffs here did not.  The Court determined that, stripped

10   of pretense, all Plaintiffs claimed here is that the League of Women Voters and the

11   other nonprofits engaged in independent political speech pressuring government

12   defendants to cancel Plaintiffs' rally.  See Doc. No. 95 at 3, 14–17.  The Court

13   found Plaintiffs' First Amended Complaint was "stunningly deficient" and did not

14   amount to "specific factual allegations of a plausible conspiracy between

15   Defendants."  Id. at 3, 15.

16   The Court also found other fatal deficiencies in Plaintiffs' case against the

17   League.  A claim under Section 1985(3)'s equal protection clause requires racial

18   animus.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267–68

19   (1993); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  But

20   Plaintiffs' allegations of animus in support of their equal protection claim are a "thin

21   gruel" of conclusions that boiled down to political, rather than racial, hostility.  See

22   Doc. No. 95 at 19.  And, as the Court noted, Section 1985(3)'s support or advocacy

23   clause requires targeting of specific voters.  Id. at 20-21; see Nat'l Coal. on Black

24   Civic Participation v. Wohl, 661 F. Supp. 3d 78, 110, 126 (S.D.N.Y. 2023).  But the

25   Court found no allegations at all here about intimidation of a specific voter.  See

26   Doc. No. 95 at 19-21.

27   For all those reasons, Plaintiffs' claims against the League of Women Voters

28   were so frivolous, unreasonable, and lacking in foundation that a Section 1988

award of attorney's fees for the League as a prevailing defendant is justified.  No non-conclusory, specific facts (even accepting Plaintiffs' own allegations as true) showed that the League of Women Voters and the other nonprofits acted in concert, let alone that they had a "meeting of the minds" establishing a conspiracy.  Id. at 3, 14-21.  None of the alleged facts establish racial, as opposed to political, animus.  Id.  And no specific facts show that any specific voter was intimidated away from lending support or advocacy.  Id.

As the Court stated in dismissing the League and other nonprofit Defendants from this case, "[t]he effect of Plaintiffs' unprecedented and stunningly deficient pleading—haling nine civil rights groups into federal court for speaking out against an event—should shock in equal measure civic members from across the political spectrum."  Id. at 3:20-22.  "Plaintiffs' misguided effort to settle political scores against these civic organizations," id. at 4:2, threatens not only to turn Section 1985(3) into a general federal tort law, it threatens chilling the political counter-speech of such organizations by the threat of federal litigation against them, and the resulting need to retain counsel to defend themselves or face the ruinous potential of default judgment.  This is the exact situation in which a prevailing defendant should be awarded a reasonable attorney's fee under Section 1988.

## B.    Section 1988 Fees Are Appropriate Where the Prevailing Party Was Able to Secure Pro Bono Representation

The League of Women Voters was able to defend itself successfully against Plaintiff's frivolous claims with the help of pro bono representation.  See Roberts Decl. at ¶ 2.  This fact does not affect the League's entitlement to a reasonable attorney's fee under Section 1988.  Attorney's fees may be awarded under that Section even when counsel works on contingency or pro bono bases or otherwise provides legal representation free of charge.  See, e.g., Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); Dennis v. Chang, 611 F.2d 1302, 1304 & n.4 (9th Cir. 1980); Grace Church of North County v. City of San Diego, Case No. 07-CV-0419 H

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

(RBB), 2008 WL 11508664 at *3 (S.D. Cal. Sept. 9, 2008) ("Plaintiff may recover attorneys' fees even though its attorneys accepted the case pro bono").  Reasonable fees are compensable for <u>pro bono</u> services to the same extent as they are for any others. <u>See, e.g.</u>, <u>Blanchard</u>, 489 U.S. at 94.

**C.** **The League of Women Voters Should be Awarded a Reasonable Attorney's Fee of $112,768**

> To determine the amount of a reasonable fee under § 1988, district courts typically proceed in two steps. First, courts generally "apply ... the 'lodestar' method to determine what constitutes a reasonable attorney's fee." [citation]. Second, "[t]he district court may then adjust [the lodestar] upward or downward based on a variety of factors."

<u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1202 (9th Cir. 2013) (citing and quoting <u>Costa v. Comm'r of Soc. Security Admin.</u>, 690 F.3d 1132, 1135 (9th Cir. 2012); <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir.1996); <u>Ballen v. City of Redmond</u>, 466 F.3d 736, 746 (9th Cir.2006)).  The Court determines the "lodestar" by multiplying the number of hours a party reasonably expended on a case by a reasonable hourly rate.  <u>Id.</u>  The product of that calculation is a "presumptively reasonable" fee under Section 988.  <u>Id.</u>

**1.** **Reasonable Number of Hours**

The reasonable number of hours is the number of hours which could have reasonably been billed to a private client.  <u>See</u> <u>Gonzalez</u>, 729 F.3d at 1202.  Here, counsel for the League of Women Voters has kept contemporary billing records of all time spent on this matter, in the same manner it does for its regular-paying clients.  <u>See</u> Roberts Decl. at ¶ 7.  Hours were recorded in 1/10th hour increments, with specific descriptions of the work done.  <u>Id.</u>  The invoices have been reviewed and where appropriate adjusted in an exercise of professional billing judgment.  <u>Id.</u>  Copies of those bills (redacted to protect attorney-client communications) are

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1    attached collectively as Exhibit "A" to the Roberts Declaration filed concurrently

2    herewith.  Id.

3            The number of hours worked on this case is reasonable in light of the number

4    of tasks that had to be accomplished to defend the League of Women Voters against

5    Plaintiffs' claims and obtain the dismissal of the First Amended Complaint without

6    leave to amend.  For purpose of this Motion, counsel has broken down all of the

7    billing entries into the major tasks this litigation required and for which the League

8    submits should be counted in calculating the loadstar for a reasonable attorney's fee

9    under Section 1988.

10           (A)  Throughout this case, of course, counsel met and corresponded with the

11   client representatives for the League of Women Voters to gather information

12   necessary for the successful defense and to keep the client informed of the case's

13   progress.  See Roberts Decl. at ¶ 8(A).

14           (B)  Substantial time was incurred evaluating Plaintiffs' original Complaint,

15   researching the viability of their claims against the League, and preparing a motion

16   to dismiss that pleading (including a small amount of time discussing the case with

17   counsel for other nonprofit defendants to coordinate procedurally on such motions.

18   Id. at ¶ 8(B).  Such research and analysis was extensive in light of the uncommon

19   nature of Plaintiffs' claims, especially as against the League of Women voters.  Id.

20           (C)  Counsel for the League also spent time communicating with Plaintiffs'

21   counsel, by telephone and in writing, both to meet and confer substantively on the

22   merits of both the original and First Amended Complaints, and procedurally on

23   matters such as extensions of time to respond to Plaintiffs' pleadings in order to

24   permit time for such meet-and-confer discussions.  Id. at ¶ 8(C).

25           (D)  After those meet-and-confer discussions were successful at least in

26   avoiding the need to file the Motion to Dismiss the original Complaint and Plaintiffs

27   filed a First Amended Complaint, additional time was required to evaluate carefully

28   the changes made in the amended pleading, research and analyze whether those

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

changes cured the defects in the original Complaint, and to prepare a Motion to Dismiss the First Amended Complaint.  Id. at ¶ 8D.[2]

(E)  Plaintiffs, as discussed above, opposed the League's Motion to Dismiss. Therefore, substantial time was required to analyze their arguments in opposition and to prepare a Reply.  Id. at ¶ 8(E).

(F)  Additional time was necessary to prepare for the motion hearing. Because Plaintiffs' Opposition to the League's Motion consolidated their arguments against all of the various Defendants' arguments on the Section 1985(3) claims, to be adequately prepared for the hearing in order to respond to any oral arguments from Plaintiffs' counsel or questions from the Court, it was necessary to review the papers of the other Defendants as well, requiring more preparation the day before and morning of the hearing time that would ordinarily be required on a regular motion between only two parties.  Further, because of the complexity of issues and number of parties involved, the hearing on the Motions to Dismiss was extensive (as the Court may recall), beginning at the end of the Court's 10:00 a.m. motion calendar, then continuing after lunch until well into the afternoon.  Id. at ¶ 8(F).

(G)  Substantial time was necessary to prepare this Motion for Attorney's Fees.  Id. at ¶ 8(G).  It is well established that such time is compensable.  See Gonzalez, 729 F.3d at 1210.

(H)  Finally, a small amount of time was billed on this case for various miscellaneous tasks, such as reviewing the Court's orders and procedures, addressing the request for waiver of service of the Summons and Complaint and Plaintiffs' request for additional time to serve unserved defendants, and other small

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

---

[2]      A substantial amount of the work done on the Motion to Dismiss the original Complaint was able to be reused in the Motion to Dismiss the First Amended Complaint; thus, the hours billed for that Motion were comparably far fewer.  Id.

matters that do not neatly fall within the categories noted above.  See Roberts Decl at ¶ 8(H).

Breaking down the time spent on this case into those categories, or phases, of the case results in the following table of time by task:

| Task/Category | No. hours billed |
|---|---|
| A.  Client meetings and communications | 12.1 hrs. total over life of matter |
| B.  Eval of Compl. & prep. MTD same | 36.0 hrs. |
| C.  Communications with Plaintiffs' counsel | 2.8 hrs. total over life of matter |
| D.  Eval. 1st Am. Compl. and prep. MTD | 14.0 hrs. |
| E.  Review Plaintiffs' Opp'n and prep. Reply | 29.4 hrs. |
| F.  Prep. for and attend hearing on motion | 15.9 hrs. |
| G.  Research and prep. fees motion | 29.8 hrs. |
| H.  Miscellaneous | 3.2 hrs. total over life of matter |
| TOTAL | 143.2 hrs. |

See Roberts Decl. at ¶ 9.

Beyond these tasks discussed above, a small amount of additional time was billed on this case (and can be seen on the billing records) for various internal communications among counsel for the League of Women Voters.  In addition, a substantial amount of time was spent researching and preparing a Motion for Separate Entry of Judgment in light of Plaintiffs' decision not to stipulate to such relief so that a fees motion could be filed by the prevailing nonprofit defendants. Counsel for LWV has determined however, as a matter of professional billing judgment, not to charge those tasks in this case in light of the fact that many private clients object to paying for internal communications and the Motion for Separate Entry of Judgment proved ultimately to be unnecessary in light of Plaintiffs' dismissal of their case against the government defendants, and therefore was never

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1  filed.  Id. at ¶ 10.  Thus, while the time for those tasks is shown on the bills, those

2  hours are not included above.  Id.

### 2.    Reasonable Hourly Rate

4          The prevailing market rates in the relevant community establish the

5  reasonable hourly rates for calculating the lodestar.  See Gonzalez, 729 F.3d at

6  1205.  The calculation of a reasonable hourly rate does not change when counsel

7  provides legal services pro bono.  See, e.g., Blanchard, 489 U.S. 93-94; Dennis, 611

8  F.2d at 1304-05 & n.4; Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn

9  Transfer, LLC, 373 F. Supp. 3d 398, 403 (E.D. N.Y. 2019).  A party can establish

10 the prevailing rates through evidence like affidavits illustrating that the requested

11 rates are commensurate with those in the legal community for attorneys of

12 reasonably comparable skill, experience, and reputation.  See Blum v. Stenson, 465

13 U.S. 886, 895 (1984); Gonzalez, 729 F.3d at 1205-06.

14         In determining the prevailing market rates for a fees motion, courts, including

15 the Central District, often consult the Real Rate Report published by Wolters

16 Kluewer, a data-based publication identifying attorney rates by location, experience,

17 firm size, expertise, and industry.  See, e.g., Zeigler v. Cty. of San Luis Obispo,

18 Case No. 17-cv-9295 MWF (AFMx), 2023 WL 3432238 at *5 (C.D. Cal. Mar. 1,

19 2023); Donastorg v. City of Ontario, Case No. EDCV 18-992 JGB (SPx), 2021 WL

20 6103545, *8 (C.D. Cal. 2021); Relman Colfax PLLC v. Fair Housing Council, No.

21 CV 19-8612 PSG (JCx), 2021 WL 1895905, at *4-5 (C.D. Cal. Mar. 16, 2021).  The

22 Real Rate Report is persuasive because it mirrors actual billing through paid

23 invoices rather than self-reported rates alone.  See R.G. Abrams Ins. Co. v. Law

24 Offices of C.R. Abrams, 342 F.R.D. 461, 524, n. 13 (C.D. Cal. 2022); Eksouzian v.

25 Albanese, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, *3 (C.D. Cal. Oct. 23,

26 2015).

27         The 2023 Real Rate Report shows litigation partners in the Los Angles

28 Market make between $525 (first quartile) to $1,159 (third quartile) per hour, with a

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

median rate of $840 per hour.  See Roberts Decl. at Ex. "B", p. 16.  Litigation associates in the Los Angeles market make between $431 (first quartile) and $880 (third quartile), with a median of $680.  Id.  The League of Women Voters respectfully submit that the median rates published in the Real Rate Report for 2023 (the year this case was filed) reflect the reasonable hourly billing rate in the relevant community and are therefore appropriate in calculating the reasonable attorney's fee in this case.

The time broken down in the preceding section was billed by two attorneys at the undersigned firm: Daniel S. Roberts and Tyler J. Sherman.  Mr. Roberts has been lead counsel for the LWV on this matter.  See Roberts Decl. at ¶ 12.  Mr. Sherman's time on this case was devoted to preparation of the Reply in support of the Motion to Dismiss Plaintiff's First Amended Complaint and preparation of this Motion for Attorney's Fees.[3]  See Sherman Decl. at ¶ 3.  The rest of the work was performed by Mr. Roberts.  See Roberts Decl. at ¶ 12.

Dan Roberts is a partner at Cole Huber LLP and the managing partner of the firm's Southern California office.  See Roberts Decl. at ¶ 13.  He has been in private practice since 2000, after completing his term as a judicial law clerk to the Hon. Virginia A. Phillips of this Court.  Id.  He focusses his practice on matters pending in federal court, largely federal civil rights, and has been selected to the Southern California Super Lawyers list in the field of civil rights each year beginning in 2019. Id.  He is a 1999 graduate of the University of Southern California Law School and was admitted to the California Bar and the Bars of this Court and the Ninth Circuit in December 1999, with subsequent admission to all three of the other Districts in California.  He was admitted to U.S. Supreme Court Bar in 2005.  Id. at ¶ 14.  He is

_____

[3]     Mr. Sherman also spent substantial time preparing the Motion for Separate Entry of Judgment, but as noted above, counsel has determined not to charge that time as a matter of professional billing judgment since that Motion proved to be unnecessary.

a member of the Board of Directors of the Inland Empire Chapter of the Federal Bar Association and is a past president of that Chapter, a mediator on this Court's ADR panel, and member of this Court's Local Rules Advisory Committee.  Id.  He previously served as a Lawyer Representative to the Ninth Circuit Judicial Conference and on the Central District Merit Selection Panel.  Id.

Mr. Roberts was substantially assisted on this case by litigation associate Tyler Sherman.  Id. at ¶ 12.  Mr. Sherman joined Cole Huber in 2022 after completing his judicial clerkship with the Hon. Dennis M. Cota, United States Magistrate Judge for the Eastern District of California from 2020-2021.  See Sherman Decl. at ¶ 4.  He graduated from William & Mary Law School in 2018 and was admitted to practice in the Commonwealth of Virgnia that year.  Id.  From 2018 to 2019, he clerked for the three judges of the Circuit Court of Rockingham County in Harrisonburg, Virginia.  Id.  He then served as nonpartisan Deputy Legislative Counsel for the Legislature of Nevada from 2019 to 2020.  Id.  He was admitted to the California State Bar in 2022 and is admitted to practice before this Court as well as the Eastern District of California.  Id.

The total hours billed by each of these timekeepers (not including the time written off as discussed above), with the above-proposed rate is as follows:

| Timekeeper | Total hours | Rate | Total fee |
|---|---|---|---|
| Danie S. Roberts | 96.2 | $840 | $80,808 |
| Tyler J. Sherman | 47.0 | $680 | $31,960 |
| Total | | | $112,768 |

See Roberts Decl. at ¶ 15.

The League of Women Voters respectfully submits this loadstar calculation, based on the reasonable number of hours spent in obtaining a complete dismissal of this case, multiplied by the median litigation rates for counsel of comparable experience in the Los Angeles market (as published by a reputable, uninvolved

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1    source) represents a reasonable attorney's fee in this case appropriately awarded

2    under Section 1988. The League therefore does not seek a multiplier.

3    **IV.    CONCLUSION**

4    　　Plaintiffs haled the League of Women Voters into Federal Court on charges

5    of a civil rights conspiracy and seeking declaratory and injunctive relief,

6    compensatory and <u>punitive</u> damages, and attorney's fees against this nonprofit,

7    nonpartisan community group. That action required the League to obtain qualified

8    federal civil-rights counsel to defend it from such charges and protect it from the

9    relief Plaintiffs sought. With the assistance of such counsel, the League prevailed

10   over Plaintiffs – fully and completely. Plaintiffs never should have included the

11   League of Women Voters in this case. This is the exact situation in which a

12   prevailing defendant should be awarded a reasonable attorney's fee under 42 U.S.C.

13   § 1988. The League of Women Voters therefore respectfully requests the Court

14   award it a reasonable attorney's fee in the amount of $112,768, plus any additional

15   sum that is incurred in replying to Plaintiffs' Opposition and to attend the hearing.

16

17   Dated:  November 20, 2024　　　Respectfully submitted,

18   　　　　　　　　　　　　　　　COLE HUBER LLP

19

20   　　　　　　　　　　　　　　　By: _____/s/ Daniel S. Roberts_____

21   　　　　　　　　　　　　　　　　　Derek P. Cole
     　　　　　　　　　　　　　　　　　Daniel S. Roberts

22   　　　　　　　　　　　　　　　　　Tyler J. Sherman
     　　　　　　　　　　　　　　　　　Attorneys for Defendant

23   　　　　　　　　　　　　　　　　　League of Women Voters Riverside

24

25

26

27

28

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1

**CERTIFICATE OF COMPLIANCE**

2     The undersigned, counsel of record for Defendant League of Women Voters,

3  certifies that this brief contains 4,794 words, which complies with the word limit of

4  L.R. 11-6.1.

5  Dated:  November 20, 2024          COLE HUBER LLP

6

7                                    By: _____/s/ Daniel S. Roberts_____

8                                         Derek P. Cole
                                          Daniel S. Roberts
9                                         Tyler J. Sherman
                                          Attorneys for Defendant
10                                        League of Women Voters Riverside

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4884-9436-5383.2