1  **LATHAM & WATKINS LLP**
   Marvin S. Putnam (Bar No. 212839)
2     *marvin.putnam@lw.com*
   Laura R. Washington (Bar No. 266775)
3     *laura.washington@lw.com*
   Joseph Axelrad (Bar No. 274580)
4     *joseph.axelrad@lw.com*
   10250 Constellation Blvd., Suite 1100
5  Los Angeles, California 90067
   Telephone: +1.424.653.5500
6  Facsimile: +1.424.653.5501

7  *Attorneys for Defendant National*
   *Association for the Advancement*
8  *of Colored People*

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | REPRESENTATIVE MATT GAETZ, et al., | CASE NO. 5:23-cv-01368-HDV-SHK |
14 | | **DEFENDANT NATIONAL** |
   | Plaintiffs, | **ASSOCIATION FOR THE** |
15 | | **ADVANCEMENT OF COLORED** |
   | v. | **PEOPLE'S NOTICE OF MOTION** |
16 | | **AND MOTION FOR ATTORNEY'S** |
   | CITY OF RIVERSIDE, et al., | **FEES AND COSTS** |
17 | | |
   | Defendants. | Date:    February 6, 2025 |
18 | | Time:    10:00 a.m. |
   | | Place:    Courtroom 5B, 5th Floor |
19 | | Judge:    Hon. Hernán D. Vera |
20 | | FAC Filed:    October 2, 2023 |

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 6, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5C of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, before the Honorable Hernán D. Vera, pursuant to Federal Rule of Civil Procedure 54(d), Local Civil Rule 54, and Section 1717 of the California Civil Code, defendant National Association for the Advancement of Colored People ("NAACP") will and hereby does respectfully move this Court for an order granting the NAACP's Motion for Attorney's Fees and Costs and awarding judgment of fees and costs in favor of the NAACP and against Plaintiffs Matt Gaetz and Marjorie Taylor-Greene in the amount of $184,489.55.

The Motion is based upon this Notice of Motion; the concurrently filed Memorandum of Points and Authorities; the Declaration of Laura R. Washington and the exhibits attached thereto; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 12, 2024.

Dated:  November 20, 2024                    LATHAM & WATKINS LLP


By */s/ Laura R. Washington*
    Laura R. Washington

Attorneys for Defendant National Association for the Advancement of Colored People

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

2

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION. ............................................................................ 7

II.    BACKGROUND. .............................................................................. 8

III.   NAACP IS ENTITLED TO REASONABLE ATTORNEY'S FEES. ............................................................................................... 10

    A.   Plaintiffs' Conspiracy And Animus Allegations Were Utterly Deficient And Contradictory. .................................. 11

        1.   *Plaintiffs' conspiracy allegations were without foundation.* ................................................................. 11

        2.   *Plaintiffs' animus allegations were without foundation.* ................................................................. 13

IV.    NAACP'S ATTORNEY'S FEES ARE REASONABLE. .......................... 14

    A.   The fees sought are consistent with market rates. ............... 15

    B.   The lodestar amount is reasonable. .................................... 16

    C.   No diminution of fees is warranted. ................................... 18

V.     NAACP IS ENTITLED TO RECOVER ITS COSTS. ............................. 19

VI.    NAACP IS ENTITLED TO ATTORNEY'S FEES AND COSTS INCURRED IN DRAFTING THIS MOTION. ........................ 20

VII.   CONCLUSION ............................................................................... 21

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ammari v. City of Norwalk,*
    2023 WL 8696334 (C.D. Cal. Sept. 28, 2023) ................................................... 11

*Camacho v. Bridgeport Fin., Inc.,*
    523 F.3d 973 (9th Cir. 2008) ........................................................................... 21

*Caudle v. Bristow Optical Co.,*
    224 F.3d 1014 (9th Cir. 2000) ......................................................................... 15

*Dixon v. City of Oakland,*
    2014 WL 6951260 (N.D. Cal. Dec. 8, 2014) .................................................... 19

*Fox v. Vice,*
    563 U.S. 826 (2011) ........................................................................................ 11

*French v. City of Los Angeles,*
    2022 WL 2189649 (C.D. Cal. May 10, 2022) ................................................... 18

*Hughes v. Rowe,*
    449 U.S. 5 (1980) ............................................................................................ 11

*Karim-Panahi v. L.A. Police Dep't,*
    839 F.2d 621 (9th Cir. 1988) ........................................................................... 12

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001) .................................................................................. 16

*League of Residential Neighborhood Advocs. v. City of Los Angeles,*
    633 F. Supp. 2d 1119 (C.D. Cal. 2009) ........................................................... 20

*Manistee Town Ctr. v. City of Glendale,*
    227 F.3d 1090 (9th Cir. 2000) ......................................................................... 14

*MBNA Am. Bank, N.A. v. Gorman,*
    147 Cal. App. 4th Supp. 1 (2006) ............................................................. 16, 17

*Melnyk v. Robledo,*
    64 Cal. App. 3d 618 (1976) ............................................................................. 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

*Mitford v. Marsh*,
  1992 WL 205696 (9th Cir. Aug. 25, 1992) ....................................................11, 12

*Munson v. Friske*,
  754 F.2d 683 (7th Cir. 1985) ...................................................................11, 15

*Nat'l Coalition on Black Civic Participation v. Wohl*,
  498 F. Supp. 3d 457 (S.D.N.Y. 2020) ..............................................................14

*Netlist Inc. v. Samsung Elecs. Co., Ltd.*,
  341 F.R.D. 650 (C.D. Cal. Jun. 13, 2022) ..........................................................18

*Nguyen v. Regents of Univ. of Cal.*,
  2018 WL 6112616 (C.D. Cal. May 18, 2018) ........................................................18

*Offord v. Parker*,
  2010 WL 11646791 (S.D. Tex. Nov. 18, 2010) .......................................................11

*Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc. (In re
  S. Cal. Sunbelt Developers, Inc.)*,
  608 F.3d 456 (9th Cir. 2010) .......................................................................21

*PLCM Grp. v. Drexler*,
  22 Cal. 4th 1084 (2000) .......................................................................16, 19

*Prison Legal News v. Schwarzenegger*,
  561 F. Supp. 2d 1095 (N.D. Cal. 2008) .............................................................20

*Relman Colfax PLLC v. Fair Hous. Council of San Fernando Valley*,
  2021 WL 1895905 (C.D. Cal. Mar. 16, 2021), *aff'd*, 2022 WL
  1616994 (9th Cir. May 23, 2022) ...................................................................18

*Roth Grading, Inc. v. Martin Bros. Constr.*,
  562 F.Supp.3d 1094 (E.D. Cal. 2022) ...............................................................16

*Syers Properties III, Inc. v. Rankin*,
  226 Cal. App. 4th 691 (2014) ......................................................................16

*Tate v. Matteo*,
  2019 WL 7878592 (N.D. Cal. Aug. 9, 2019) .........................................................16

*Tutor-Saliba Corp. v. City of Hailey*,
  452 F.3d 1055 (9th Cir. 2006) .....................................................................11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

*Unicom Sys., Inc. v. Farmers Grp., Inc.*,
   2009 WL 10670614 (C.D. Cal. June 29, 2009) ................................................... 19

*Yuga Labs, Inc. v. Ripps*,
   2024 WL 489248 (C.D. Cal. Jan. 11, 2024) ....................................................... 18

## RULES

FRCP 54(d) ....................................................................................................... 20

Local Civil Rule 54 ........................................................................................... 22

## OTHER AUTHORITIES

Chambers & Partners, "Department Profile: Litigation, Latham &
   Watkins LLP", available at
   https://chambers.com/department/latham-watkins-llp-litigation-
   general-commercial-the-elite-usa-5:1451:12059:1:3689 .................................. 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION.**

3        The National Association for the Advancement of Colored People

4  ("NAACP") does not bring this motion lightly.  But Plaintiffs Matt Gaetz and

5  Marjorie Taylor-Greene have forced the NAACP's hand by bringing an

6  "unprecedented and stunningly deficient pleading—haling nine civil rights groups

7  into federal court for speaking out against an event" that "shock[s] in equal

8  measure civic members from across the political spectrum."  (ECF No. 95 at 3.)  In

9  short, the poorly conceived lawsuit filed against the NAACP is the definition of the

10  word "frivolous."  The NAACP is a non-profit organization that depends heavily

11  upon grants and donations.  Having been forced to expend its limited funds to

12  defend against Plaintiffs' frivolous action, the NAACP brings this motion to

13  recover reasonable attorney's fees.

14        As this Court emphatically found in granting the NAACP's motion to

15  dismiss, Plaintiffs' claims, "both legally and literally," were based on "a

16  conspiracy theory that relie[d] purely on conjecture."  (*Id.*)  Plaintiffs' claims

17  "suffer[ed] from numerous fatal deficiencies."  (*Id.* at 2-3.)  They were "utterly

18  devoid of any specifics."  (*Id.* at 3.)  They had no other purpose but to "settle

19  political scores." (*Id.* at 3-4.)  In fact, Plaintiffs' allegations against NAACP

20  ***contradicted*** any plausible inference of a conspiracy.  While Plaintiffs alleged a

21  conspiracy by the Non-profit Defendants to ***prevent*** Plaintiffs' political rally from

22  happening, Plaintiffs alleged at the same time that the NAACP encouraged its

23  supporters to ***register*** for that same rally.  (FAC ¶ 37.)  As this Court correctly

24  found, taking Plaintiffs allegations as true, the NAACP's actions were thus "the

25  exact opposite" from the alleged conspiracy.  (ECF No. 95 n.12.)  Indeed, "the

26  NAACP's supposed plan would be thwarted by the overall conspiracy, given that

27  their goal was predicated on the event ***actually happening***."  (*Id.* (emphasis in

28  original).)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

Presumably to grab attention, Plaintiffs chose the Ku Klux Klan ("KKK")
Act as their legal vehicle to sue the NAACP, the oldest and largest civil rights
organization in the country.  The KKK Act was enacted by Congress in response to
white supremacists actively attempting to undermine Reconstruction by
threatening the lives of African Americans and preventing them from enjoying the
rights guaranteed by the Constitution.  The NAACP was founded to continue to
carry out the intent behind the KKK Act, *i.e.*, to democratically secure for all
people the rights guaranteed in the 13th, 14th, and 15th Amendments.  For
Plaintiffs to now use this statute to go after the NAACP is a profane act "eerily
reminiscent" of Justice White's warning that the statute may be improperly used
against others for "exercis[ing] their ***own*** First Amendment Rights."  (*See id.* at 3.)
Should Plaintiffs walk free from their hateful attack, nothing stands in the way for
others to similarly abuse the KKK Act and the privilege of access to the courts.  As
the victim of the perverse action by Plaintiffs, the NAACP asks only that this Court
return the non-profit to its pre-lawsuit financial status quo so it can continue its
fight for civil rights.

## II.    BACKGROUND.

Plaintiffs initiated this action against the NAACP and eight other non-profit
organizations (the "Non-profit Defendants") on July 13, 2023.  (ECF No. 1.)
Plaintiffs filed an amended complaint on October 2, 2023.  (ECF No. 29.)  Since
being served with the initial complaint, the NAACP retained the law firm of
Latham & Watkins LLP ("Latham") to aggressively defend against Plaintiffs'
shocking and absurd allegations.  (Declaration of Laura R. Washington
"Washington Decl." ¶ 2.)

Plaintiffs allege that in July 2021, Florida Congressman Matt Gaetz and
Georgia Congresswoman Marjorie Taylor-Greene, along with their respective
campaign committees and joint fundraising committee, sought to hold a rally in
Southern California.  After non-defendant Pacific Hills Banquet and Catering, a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

venue in Laguna Hills, California, cancelled their event, Plaintiffs entered into a
contract with Raincross Hospitality Management Corp., which manages the
Riverside Convention Center.  (FAC ¶ 12, 25–27.)  Allegedly following pressure
from the public and "third party defendants," Raincross cancelled the event,
pretextually citing a deficiency in Plaintiffs' certificate of insurance for the event.
(*Id.* ¶ 29–30.)  Plaintiffs then entered into a contract with The Grand Theater, a
private venue in Anaheim, California.  (*Id.* ¶ 39.)  Allegedly following threats from
a code enforcement officer for the City of Anaheim, The Grand Theater likewise
cancelled the event.  (*Id.* ¶ 41–47.)  Unable to find another location, Plaintiffs
instead held a "small protest" outside Riverside City Hall.  (*Id.* ¶ 48.)

Plaintiffs relied entirely on conclusory allegations in a weak attempt to
somehow connect the NAACP to the cancellation of these events.  For example,
Plaintiffs made a series of conclusory allegations that the NAACP along with other
"third party defendants" conspired with and pressured the government defendants
to cancel Plaintiffs' events.  In the entirety of their 29-page FAC, Plaintiffs set
forth just one non-conclusory allegation regarding the NAACP.  They claim that
the NAACP, through a never-identified person or persons and through unspecified
means, encouraged the organization's supporters to "register for tickets to the Put
America First rally with no intention of attending, in order to prevent others from
attending and to depress attendance."  (FAC ¶ 16.)  On the basis of this single
vague allegation, Plaintiffs alleged two baseless claims on behalf of themselves
and their prospective audience members against the NAACP alleging a conspiracy
to deny civil rights in violation of the KKK Act, 42 U.S.C. § 1985(3).  On October
19, 2023, the NAACP moved to dismiss Plaintiffs' FAC.  (ECF No. 34.)  On
March 22, 2024, the Court granted the NAACP's motion and dismissed, with
prejudice, Plaintiffs' claims against all the Non-profit Defendants.  (ECF No. 95.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

9

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

## III.    NAACP IS ENTITLED TO REASONABLE ATTORNEY'S FEES.

As the political target of a Section 1985 lawsuit that was wholly devoid of any legal or factual merit, the NAACP is entitled to reasonable attorney's fees. "42 U.S.C. § 1988 permits the defendant of an action brought under 42 U.S.C. § 1985 to recover attorney's fees if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Mitford v. Marsh*, 1992 WL 205696, at *2 (9th Cir. Aug. 25, 1992) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (cleaned up)); *see also Fox v. Vice*, 563 U.S. 826, 833 (2011).  An action is "without foundation" where a plaintiff makes "scandalous accusation[s] . . . without any factual or legal basis." *Mitford*, 1992 WL 205696, at *2-3.

As the Court found in its Order granting the Non-profit Defendants' motions to dismiss, such is the case here.  Granting the NAACP's motion is consistent with other frivolous Section 1985 lawsuits filed in this Circuit and elsewhere.  *See, e.g.*, *Mitford*, 1992 WL 205696, at *2-3 (awarding attorney's fees and doubling costs where plaintiff alleged, "without any factual or legal basis," that defendant conspired with the Alaska State court system by ruling in defendant's favor); *Munson v. Friske*, 754 F.2d 683, 697 (7th Cir. 1985) (awarding attorney's fees where "plaintiff had used the judicial system to carry on a personal vendetta"); *Offord v. Parker*, 2010 WL 11646791, at *2 (S.D. Tex. Nov. 18, 2010) ("agree[ing] that the absence of any facts supporting the existence of a conspiracy is sufficient to support a finding that plaintiffs' claims regarding the Second Transaction were frivolous" as to warrant attorney's fees).  As the Ninth Circuit has held, even the existence of non-frivolous claims in an action does not preclude the award of attorney's fees and costs for frivolous claims in the same action.  *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1062-64 (9th Cir. 2006) (awarding fees where plaintiff's claims were factually frivolous in Section 1983 case); *see also Ammari v. City of Norwalk*, 2023 WL 8696334, at *4 (C.D. Cal.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

10

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1   Sept. 28, 2023) (awarding fees where plaintiff admitted "the evidence to establish

2   the facts necessary to support [Plaintiffs'] claims was not available and could not

3   be obtained" in Section 1983 case).

4       **A.    Plaintiffs' Conspiracy And Animus Allegations Were Utterly**

5           **Deficient And Contradictory.**

6       Despite having the benefit of an amended complaint, Plaintiffs' FAC never

7   stood a chance at asserting a plausible claim against the NAACP.  Plaintiffs' FAC

8   suffered from numerous deficiencies (as laid out in full in the NAACP's and the

9   Non-profit Defendants' motions to dismiss), but their most critical was the failure

10  to allege *any* non-conclusory allegations of conspiracy and animus required for

11  their Section 1985(3) claims. *Mitford*, 1992 WL 205696, at *2-3 (awarding

12  attorney's fees where Plaintiffs failed to allege any facts to plausibly allege a

13  conspiracy).  In fact, as the Court found, not only were Plaintiffs' allegations

14  lacking in factual and legal merit, they contradicted Plaintiffs' own causes of

15  action.  (*See* ECF No. 95 at 17 n.12.)  Thus, Plaintiffs had no reasonable basis to

16  believe that the NAACP was involved in the conspiracy they alleged.  This should,

17  have, but obviously did not, prevent Plaintiffs from suing the NAACP and forcing

18  it to incur legal fees.

19          1.    *Plaintiffs' conspiracy allegations were without foundation.*

20      Neither of Plaintiffs' claims under Section 1985(3) could proceed unless

21  Plaintiffs "plausibly alleged a conspiracy."  (ECF No. 95 at 14.)  To plausibly

22  allege a conspiracy under Section 1985(3), Plaintiffs had to plead enough facts

23  from which one may infer an agreement between the NAACP and others to deny

24  Plaintiffs' constitutional rights.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d

25  621, 626 (9th Cir. 1988) ("A claim under this section must allege facts to support

26  the allegation that defendants conspired together."); (ECF No. 95 at 14 ("'[a] mere

27  allegation of conspiracy without factual specificity is insufficient' for § 1985(3)

28  liability") (citing *id*.).)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

11

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1       As the Court found, "even accepting as true all of Plaintiffs' assertions in the

2 FAC, ***there simply are no specific factual allegations of a plausible conspiracy***

3 ***between Defendants. None***."  (ECF No. 95 at 14-15 (emphasis added).)  After

4 reading past Plaintiffs' conclusory allegations, "what is notably missing in the

5 FAC are plausible allegations—with specific facts—that there was a 'meeting of

6 the minds' or an 'agreement' between the Nonprofit Defendants and the

7 governmental entities." (*Id.* at 15.)  Plaintiffs argued that a conspiracy was

8 evidenced by Defendants' shared common objective to "impede Plaintiffs and

9 attendees from exercising their First Amendment rights" at the rally and by the

10 "strikingly similar character and substance of the threats [Defendants] made." (*Id.*

11 at 16 (citing Opp. at 8-10).)  But as the Court held, "that is legally insufficient,"

12 and all that is left is "independent parallel behavior" which does not suffice to state

13 a Section 1985 claim.  (*Id.*)

14       Not only were Plaintiffs' assertions in the FAC devoid of any supporting

15 factual allegations, they were also at odds with the claims at issue.  As the Court

16 noted, "[t]he ***emptiness of Plaintiffs' conspiracy allegation*** is further highlighted

17 by two allegations against Defendants NAACP and LULAC." (*Id.* at 17 n.12

18 (emphasis added).)  On the one hand, Plaintiffs alleged that LULAC threatened a

19 boycott of the Riverside Convention Center if the rally went forward.  (*Id.* (citing

20 FAC ¶ 36).)  On the other hand, Plaintiffs alleged that the NAACP encouraged

21 people to register for Plaintiffs' rally to deprive Plaintiffs' supporters from

22 securing tickets.  (*Id.* (citing FAC ¶ 37).)  Taking Plaintiffs' allegations as true,

23 "the NAACP's supposed plan would be thwarted by the overall conspiracy, given

24 that their goal was predicated on the event ***actually happening***." (*Id.* (emphasis in

25 original).)

26       Plaintiffs' conspiracy allegations under the Support-or-Advocacy clause

27 were all the more frivolous.  To plausibly state a claim under this clause, Plaintiffs

28 had to additionally allege that the conspiracy's purpose was to force, intimidate, or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

12

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

threaten an individual legally entitled to vote who is engaging in lawful activity related to voting in federal elections.  *See, e.g.*, *Nat'l Coalition on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 486–87 (S.D.N.Y. 2020).  Here, there was no threat or intimidation.  As this Court noted, Plaintiffs "fail[ed] to allege that *any* specific voter was intimidated from providing their support or advocacy to Plaintiffs' reelection campaigns, nor did they allege facts that show how a reasonable voter could be intimidated."  (ECF No. 95 at 20-21 (emphasis in original).)  As opposed to all the line of cases alleging intimidation and threats "*directly targeted at voters*," Plaintiffs alleged the opposite against the NAACP, *i.e.*, a "reserve and no-show scheme."  (Opp. at 9-10.)  Plaintiffs failed to allege "even one example" of the requisite intimidation, and the FAC "completely fail[ed] to allege any conduct that could be, even plausibly, construed as intimidation of a voter."  (ECF No. at 21.)  Plaintiffs' action was instead a profane attempt to twist the KKK Act so as to attack non-profit organizations committed to advancing equality.  (*See id.* ("'Viewed in the light of its origin as a reaction against the 'murders, whippings, and beatings committed by rogues in white sheets in the postbellum South,' [Section 1985(3) of] the Ku Klux Klan Act obviously meant to its framers, when it spoke of 'force, intimidation, or threat' something much more serious and terrifying" than tweets and public statements.").)  Because Plaintiffs' conspiracy claim was so flawed in merit, the NAACP is entitled to recover attorney's fees.

2.    *Plaintiffs' animus allegations were without foundation.*

Plaintiffs' animus allegations—required for their equal protection clause claim—suffered from the same, hollow emptiness.  To allege a claim under the equal protection clause of Section 1985(3), Plaintiffs had to plausibly allege that they were members of a qualifying protected class discriminated against on that basis.  *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000).  But, as with their conspiracy theories, Plaintiffs resorted to various

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

"shifting theor[ies]" of class discrimination that led nowhere.  (ECF No. 95 at 19.)

Plaintiffs first argued that the required animus came from Defendants "accusing

*Plaintiffs* of racial intolerance."  (*Id.* at 18 (citing FAC ¶ 85).)  Then, in opposition,

Plaintiffs suggested that they were discriminated against as white people.  (Opp. at

24-26.)  Finally, at oral argument, Plaintiffs argued that Defendants' animus was

directed at Plaintiffs' supporters, who included racial minorities.  (ECF No. 90.)

Even accepting their moving goal posts, the Court still found that Plaintiffs' FAC

"***serves cold a thin gruel of conclusions***."  (ECF No. 95 at 19.)  As the Court

emphatically (and rightly) held:

> There is no racial animus plausibly alleged here. The alleged discrimination begins and ends with one word: politics**.** Plaintiffs may disavow it, but nothing more is behind their Section 1985(3) claim, and to date neither the Ninth Circuit nor the Supreme Court has held that the Ku Klux Klan Act has been broadened to cover political party as a protected class.

(*Id.*)  The only animus from Plaintiffs' complaint is that of Plaintiffs themselves,

who chose to use this Court in their "misguided effort to settle political scores

against these civic organizations."  (*Id.* at 3-4.)  Plaintiffs' vindictive motive in

bringing this action is in and of itself sufficient to warrant attorney's fees.  *See*

*Munson*, 754 F.2d at 697 (awarding attorney's fees where "plaintiff had used the

judicial system to carry on a personal vendetta").

## IV.    NAACP'S ATTORNEY'S FEES ARE REASONABLE.

The fees the NAACP incurred to defend against this action are reasonable.

When determining if fees are reasonable, courts routinely undertake a two-step

analysis:  First, it calculates the "lodestar" amount by multiplying the number of

hours reasonably expended on the litigation by "a reasonable hourly rate*." Caudle*

*v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000).  Second, it considers

whether the lodestar amount is reasonable based on "evidence of reasonableness

submitted by the moving party" and "its own general knowledge and experience."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

14

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

*Tate v. Matteo*, 2019 WL 7878592, at *11-12 (N.D. Cal. Aug. 9, 2019) (citing *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000) and *Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 700 (2014)).  The moving party must substantiate both its hours worked and rates claimed, as well as the reasonableness of the fees.  *Tate*, 2019 WL 7878592, at *11-12.  The Court may rely on an attorney declaration and accompanying exhibits as evidence as to the time and work they have done.  *Id.*

### A. The fees sought are consistent with market rates.

The "reasonable hourly rate is that prevailing in the community for similar work." *PLCM Grp.*, 22 Cal. 4th at 1095.  "[I]n assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." *See MBNA Am. Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 13 (2006).  "'[A] more skillful and experienced attorney will command a higher hourly rate.'" *Roth Grading, Inc. v. Martin Bros. Constr.*, 562 F.Supp.3d 1094, 1102 (E.D. Cal. 2022) (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138-39 (2001)).

Since the filing of Plaintiffs' initial complaint on July 13, 2023, the NAACP has been exclusively represented in this litigation by Latham.  (Washington Decl. ¶ 1.)  Latham is nationally ranked as an "Elite" firm in the area of Commercial Litigation.[1]  The NAACP recognized from the beginning that it would need to defend aggressively against Plaintiffs' claims—though frivolous as they were—by retaining elite representation to defend the NAACP's First Amendment rights to allow the NAACP to continue its mission to advance civil rights.

Latham's team has been lean throughout this case, and has consisted primarily of one partner and two associates.  Lead partner Laura Washington is a nationally renowned litigator, with 15 years of experience.  (Washington Decl. ¶¶

---

[1] Chambers & Partners, "Department Profile: Litigation, Latham & Watkins LLP", available at https://chambers.com/department/latham-watkins-llp-litigation-general-commercial-the-elite-usa-5:1451:12059:1:3689.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

15

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

4-5.) Ms. Washington is a partner in Latham's Litigation & Trial Department and the current Global Vice-Chair of Latham's Complex Commercial Litigation Practice Group. (*Id.* ¶ 4.) Among other accolades, Ms. Washington was named a Client Service All-Star by BTI Consulting Group in 2022 and 2023, and a "Next Generation Partner – Dispute Resolution: General Commercial Disputes" by The Legal 500 in 2023. (*Id.* ¶ 5.)

Latham's team has included just two associates at any given time, beginning with commercial litigators Helen Klein and Danielle Roybal. (*Id.* ¶¶ 3, 6-8.) Ms. Klein has seven years of litigation experience, having previously served as a judicial law clerk in in the Southern District of Florida and the Eleventh Circuit Court of Appeals, and as Deputy Associate Counsel for the White House.[2] (*Id.* ¶ 7; *id.* Ex. 2.) Ms. Roybal, a Harvard University and Stanford Law School graduate, has two years of litigation experience. (*Id.* ¶ 8; *id.* Ex. 4.)

The rates of all members of the Latham team are set out in Exhibits 6-7 attached to the accompanying Declaration of Laura R. Washington. (*Id.* ¶ 10.) These rates are commensurate with market rates in Los Angeles; Wolters Kluwer's 2023 Real Rate Report revealed an average hourly rate of approximately $1,393 for partners and $1,050 for associates in Commercial Litigation at Los Angeles-based law firms with more than 1,000 lawyers, such as Latham. (*Id.* Ex. 5 at 168.)

**B.    The lodestar amount is reasonable.**

"Prevailing counsel are entitled to compensation for all hours reasonably spent unless special circumstances would render the award unjust." *MBNA Am. Bank*, 147 Cal. App. 4th Supp. at 12. "Time is compensable if it was reasonably expended and is the type of work that would be billed to a client." *Id.*

Pursuant to Section X.F of this Court's Standing Order on Civil Cases, the NAACP has attached two summary tables detailing the hours worked by attorney

---

[2] Since joining Meta as Lead Counsel in Artificial Intelligence, Ms. Klein was replaced in this case by Robert Medina, who has five years of litigation experience. (Washington Decl. ¶ 7; *id.* Ex. 3.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1    and by task as Exhibits 6-7 to the Declaration of Laura R. Washington.  All of the

2    work detailed in these tables is attested to by counsel for the NAACP.

3    (Washington Decl. ¶ 10.)  These tables show that Latham's legal team performed a

4    total of 214.6 hours of work in this litigation, resulting in discounted fees of

5    $180.270.40 and a discounted average hourly rate of approximately $840.  The

6    hours listed are reasonable in light of the aggressive manner in which this case was

7    litigated by both sides.  The rates are also consistent with the 2023 Real Rate

8    Report, which the Central District has recognized as a  "a useful guidepost to

9    assess the reasonableness of [] hourly rates in the Central District." *Relman Colfax*

10   *PLLC v. Fair Hous. Council of San Fernando Valley*, 2021 WL 1895905, at *4

11   (C.D. Cal. Mar. 16, 2021), *aff'd*, 2022 WL 1616994 (9th Cir. May 23, 2022); *see*

12   *also French v. City of Los Angeles*, 2022 WL 2189649, at *18 (C.D. Cal. May 10,

13   2022) (sua sponte taking judicial notice of the 2021 RRR and finding that the

14   requested rate was reasonable).

15         While Latham's rates are slightly above the average hourly rates in the 2023

16   Real Rate Report, they are close in line with other attorney's fees awards granted

17   in this District.  *See, e.g.*, *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, 341 F.R.D. 650,

18   675 (C.D. Cal. Jun. 13, 2022) (approving partner rates of between $1,160 to $1,370

19   and associate rates of between $845 to $1,060 per hour); *Yuga Labs, Inc. v. Ripps*,

20   2024 WL 489248, at *3-4 (C.D. Cal. Jan. 11, 2024) (billing rates of $1,135-$1,290

21   for partners and counsel and $640-1,030 for associates are reasonable).  The Court

22   may also consider the Latham's team "experience, skill, and reputation" in

23   awarding Latham's actual billing rates.  *See Nguyen v. Regents of Univ. of Cal.*,

24   2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018).

25         This case was first filed in this Court on July 13, 2023.  (ECF No. 1.)  Over

26   the ensuing ten months of litigation (and counting), Plaintiffs launched a vigorous

27   (yet frivolous) legal strategy against the NAACP and the eight other Non-profit

28   Defendants.  The task facing Latham's counsel in this case was made that much

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

17

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1   more time-consuming by the frivolous litigation tactics used by Plaintiffs.  For

2   example, despite each and every one of the Non-profit Defendants meeting and

3   conferring with Plaintiffs' counsel to alert them of the many deficiencies in their

4   original and amended complaints, Plaintiffs refused to dismiss any of their causes

5   of action against any of the Non-profit Defendants.  (Washington Decl. ¶ 2.).

6   Plaintiffs' refusal to meaningfully meet and confer forced Latham to coordinate a

7   legal strategy amongst the eight other Non-profit Defendants and forced all to file

8   motions to dismiss.  Having elected to employ such tactics, Plaintiffs cannot now

9   be heard to complain about the time and effort expended by Latham in responding

10  to them.

11          **C.     No diminution of fees is warranted.**

12          "Once an amount is determined based on the time spent and the reasonable

13  hourly compensation for each attorney involved in the action, a court may then

14  consider whether augmentation or diminution of the amount is warranted based on

15  a number of relevant factors."  *Unicom Sys., Inc. v. Farmers Grp., Inc.*, 2009 WL

16  10670614, at *7 (C.D. Cal. June 29, 2009).  Those factors include "the nature of

17  the litigation, its difficulty, the amount involved, the skill required in its handling,

18  the skill employed, the attention given, the success or failure, and other

19  circumstances in the case."  *PLCM Grp.*, 22 Cal. 4th at 1096 (quoting *Melnyk v.*

20  *Robledo*, 64 Cal. App. 3d 618, 623-624 (1976).)  The Court may also consider the

21  risks involved in litigating a case and the skill deployed in the litigation.  *See*

22  *Dixon v. City of Oakland*, 2014 WL 6951260, at *14 (N.D. Cal. Dec. 8, 2014).

23          None of these factors weighs in favor of a diminution of Latham's fees.  For

24  the reasons outlined above, obtaining a successful outcome for the NAACP

25  required great skill and effort by the NAACP's attorneys in the face of a vigorous

26  (yet frivolous) offense by plaintiffs.  On Latham's part, this was a difficult case to

27  defend against, particularly in light of the need to coordinate a cohesive legal and

28  public relations strategy among nine Non-profit Defendants, each with their own

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

18

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1  missions and agendas.  This was no easy task.  If anything, the challenges

2  associated with prevailing in this case counsel in favor of an augmentation of fees

3  from the lodestar amount.  With Latham's efforts, Plaintiffs amended complaint

4  was dismissed with prejudice and prevented the continuation of this frivolous

5  lawsuit.  In addition, Latham agreed to represent the NAACP at a discounted rate,

6  and only seeks those same discounted rates through this motion.  (Washington

7  Decl. ¶ 10.)[3]

8  **V.      NAACP IS ENTITLED TO RECOVER ITS COSTS.**

9        The NAACP is entitled to recover its costs as a matter of right under FRCP

10  54 and Local Civil Rule 54.5.  FRCP 54(d) provides: "Unless a federal statute,

11  these rules, or a court order provides otherwise, costs—other than attorney's fees—

12  should be allowed to the prevailing party."  Local Rule 54-1 further explains that

13  "[t]he 'prevailing party' entitled to costs under Federal Rule of Civil Procedure

14  54(d), is the party in whose favor judgment is entered[.]"  In this case, judgment

15  was entered in favor of the NAACP.  Accordingly, Latham is entitled to recover its

16  costs as a matter of right.

17        The NAACP is entitled to non-taxable costs of $4,219.15 under 42 U.S.C.S.

18  § 1988.  *Mitford* , No. 91-35295, No. 91-35932, 1992 U.S. App. LEXIS 30070, at

19  *6 (defendant may recover costs under 42 U.S.C.S. § 1988 for an action brought

20  under 42 U.S.C. § 1985); *see also League of Residential Neighborhood Advocs. v.*

21  *City of Los Angeles*, 633 F. Supp. 2d 1119, 1133–34 (C.D. Cal. 2009) (allowing for

22  messenger costs pursuant to Section 1988);  *Prison Legal News v.*

23  *Schwarzenegger*, 561 F. Supp. 2d 1095, 1104-05 (N.D. Cal. 2008) (allowing for

24  online and Westlaw research costs pursuant to Section 1988).  The NAACP'S non-

25

26  _____

[3] Should the Court be inclined to award attorney's fees less than Latham's actual,
27  already-discounted fees, NAACP respectfully requests that, at minimum, the Court
award the prevailing rate set by the 2023 Real Rate Report for similarly-sized law
firms.  (*See* Ex. 5 (finding average hourly rate of $1,393 for partners and $1,050
28  for associates in Commercial Litigation at Los Angeles-based law firms with more
than 1,000 lawyers)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

19

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

taxable costs include legal research costs and Federal Express and messenger costs as follows:

| Category of Non-Taxable Costs | Amount Claimed |
|---|---|
| Legal research costs | $4,109.40 |
| Federal Express and messenger costs | $109.75 |
| *Total* | **$4,219.15** |

(Washington Decl. ¶ 11)  Accordingly, the NAACP's total non-taxable costs of $4,219.15 should also be awarded.

## VI.  NAACP IS ENTITLED TO ATTORNEY'S FEES AND COSTS INCURRED IN DRAFTING THIS MOTION.

In addition to the attorney's fees and costs incurred in defeating Plaintiffs' frivolous claims against the NAACP, should the NAACP prevail in this motion, the NAACP is also entitled to the attorney's fees and costs it incurred in drafting and defending this motion.  "In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 463 (9th Cir. 2010) (same).  Pursuant to this Court's Standing Order, the attorney's fees and costs the NAACP incurred in drafting and defending this motion are laid out in two summary tables detailing the hours worked by attorney and by task as Exhibits 6-7 to the Declaration of Laura R. Washington.  All of the work detailed in these tables is attested to by counsel for the NAACP.  (Washington Decl. ¶ 10.)  As with the NAACP's other fees, Latham's fees in drafting and defending this motion are discounted by 20% of the firm's regular billing rates.  (*Id.*)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

20

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

## VII.  CONCLUSION

For the foregoing reasons, the NAACP respectfully requests that this Court grant its Motion for Attorney's Fees and Costs under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and Local Civil Rule 54, and award the NAACP (i) $180,270.40 in attorney's fees; and (ii) $4,219.15 in non-taxable costs, for a total of $184,489.55.

Dated:  November 20, 2024                LATHAM & WATKINS LLP


                                         By */s/ Laura R. Washington*
                                            Laura R. Washington

                                         Attorneys for Defendant National
                                         Association for the Advancement of
                                         Colored People

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

21

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES

1

## __Certificate of Compliance__

2      The undersigned, counsel of record for the National Association for the

3  Advancement of Colored People ("NAACP"), certifies that this brief contains

4  4,633 words, which complies with the word limit of L.R. 11-6.1, and contains 15

5  pages, which also complied with the page limit set by Judge Vera's Standing Order

6  (rev. 08/2023).

7

8  Dated:  November 20, 2024          By */s/ Laura R. Washington*

9                                          Laura R. Washington

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

22

CASE NO. 5:23-cv-01368-HDV-SHK
DEFENDANT NAACP'S
MOTION FOR ATTORNEY'S FEES