Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
Elizabeth V. Duran, SBN: 352418
Email: elizabeth.duran@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Defendant,*
UNIDOS FOR LA CAUSA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| REPRESENTATIVE MATT GAETZ, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF RIVERSIDE, ET AL.<br><br>Defendants. | CASE NO. 5:23-cv-01368-HDV-SHK<br><br>**DEFENDANT UNIDOS FOR LA CAUSA, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Hernán D. Vera<br><br>Date: February 6, 2025<br>Time: 10:00 a.m.<br>Dept.: 5B<br><br>Filed Concurrently With:<br>1.    Declaration of Eugene Kim<br>2.    [Proposed] Order<br><br>Complaint Filed: July 13, 2023<br>Amended Complaint: October 3, 2023 |

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

DEFENDANT UNIDOS FOR LA CAUSA, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1
2

# TABLE OF CONTENTS

3  NOTICE OF MOTION AND MOTION ..........................................................................6

4  MEMORANDUM OF POINTS AND AUTHORITIES ..............................................7

5  I. Introduction ..............................................................................................................7

6  II. Factual Background................................................................................................7

7      A.    Plaintiffs' General Claims Against All Defendants.......................................7

8      B.    Plaintiffs' Conclusory Claims Against Unidos..............................................8

9      C.    Procedural History. .........................................................................................8

10          1.    Service of process. ................................................................................8

11          2.    Unidos Filed a Motion to Dismiss. ....................................................9

12          3.    The Order Against Non-Profit Defendants. ....................................10

13          4.    The Order Against Governmental Defendants. ...............................11

14          5.    Unidos Met and Conferred with Plaintiffs Prior to Filing this Motion for Attorney's fees.................................................................12

15  III. Legal Standard .....................................................................................................12

16  IV. Analysis ...............................................................................................................12

17      A.    Unidos Is Entitled to Reasonable Attorney's Fees As the Prevailing Party. .........12

18          1.    Plaintiffs Failed to State a Conspiracy Claim. ...............................14

19          2.    Plaintiffs Failed to Allege Racial Animus. .....................................15

20          3.    Because Plaintiffs' Claims are Frivolous, Unreasonable, and Lacking Foundation, Unidos is Entitled to Attorney's Fees....................15

22      B.    Pro Bono Attorneys May Collection Attorney's Fees Under Section 1988. .........16

23  V. Conclusion ............................................................................................................17

24
25
26
27
28

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Cases**

*Amedee Geothermal Venture I v. Lassen Mun. Util. Dist.*,

  8 F. Supp. 3d 1211, 1214 (E.D. Cal. 2014)................................................................. 9

*Ashcroft v. Iqbal*,

  556 U.S. 662, 678 (2009)............................................................................................ 9

*Bell Atlantic Corporation v. Twombly*,

  550 U.S. 544, 556 (2007)............................................................................................ 9

*Black Civic Participation v. Wohl*,

  661 F. Supp. 3d 78, 110, 126 (S.D.N.Y. 2023)......................................................... 11

*Blanchard v. Bergeron*,

  489 U.S. 87, 94 (1989).............................................................................................. 11

*Bray v. Alexandria Women's Health Clinic*,

  506 U.S. 263, 267–68 (1993) .................................................................................... 10

*Christiansburg Garment Co. v. EEOC*,

  434 U.S. 412, 422 (1978)............................................................................................ 8

*Dennis v. Chang*,

  611 F.2d 1302, 1304 & n.4 (9th Cir. 1980) .............................................................. 11

*Fox v. Vice*,

  563 U.S. 826, 833 (2011)........................................................................................ 2, 8

*Frazier v. Int'l Longshoremen's Union Loc. No. 10*,

  116 F.3d 1485, 1997 WL 349139, *3 (9th Cir. 1997) .............................................. 10

*Galen v. Cnty. of Los Angeles*,

  477 F.3d 652, 666 (9th Cir. 2007) .............................................................................. 8

*Grace Church of N. Cnty. v. City of San Diego*,

  Case No. 07-CV-0419 H (RBB), 2008 WL 11508664 at *3 (S.D. Cal. Sept. 9, 2008).... 11

3

TABLE OF AUTHORITIES

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*Griffin v. Breckenridge,*

    403 U.S. 88, 102 (1971) ................................................................................. 10

*Harris v. Maricopa Cty. Superior Court,*

    631 F.3d 963, 975-76 (9th Cir. 2011) ............................................................ 9

*Karim-Panahi v. Los Angeles Police Dep't,*

    839 F.2d 621, 626 (9th Cir. 1988) ................................................................. 9

*Lefemine v. Wideman,*

    568 U.S. 1, 4 (2012) ....................................................................................... 8

*Neitzke v. Williams,*

    490 U.S. 319, 325 (1989) ............................................................................... 9

*Pasadena Republican Club v. W. Just. Ctr.,*

    424 F. Supp. 3d 861, 878 (C.D. Cal. 2019), *aff'd*, 985 F.3d 1161 (9th Cir. 2021) ........... 10

*Peloza v. Capistrano Unified Sch. Dist.,*

    37 F.3d 517, 524 (9th Cir. 1994) ................................................................... 10

*Sever v. Alaska Pulp Corp.,*

    978 F.2d 1529, 1536 (9th Cir. 1992) ............................................................ 10

*Tutor-Saliba Corp. v. City of Hailey,*

    452 F.3d 1055, 1060 (9th Cir. 2006) ............................................................. 9

*Voice v. Stormans Inc.,*

    757 F.3d 1015, 1017 (9th Cir. 2014) ........................................................... 11

*Warren v. City of Carlsbad,*

    58 F.3d 439, 444 (9th Cir. 1995) ................................................................... 9

**Statutes**

42 U.S.C. § 1983 ..................................................................................................... 3

42 U.S.C. § 1985 ............................................................................................... 3, 10

42 U.S.C. § 1988 ....................................................................................... 1, 2, 7, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

4

TABLE OF AUTHORITIES

**Other Authorities**

State Bar's Opposition to Respondent's Motion to Stay Inactive Enrollment or for an
  Interim Remedy at 6-7, In the Matter of: John Charles Eastman, No. SBC-23-O-
  30029.................................................................................................................................... 11

TABLE OF AUTHORITIES

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2025 at 10:00 a.m., or at such later date and time as the Court may order, in the Courtroom of the Honorable Hernán D. Vera located at 350 West 1st St., Courtroom 5B, 5th Floor, Los Angeles, California 90012, Defendant Unidos for La Causa, Inc. ("Unidos") will and hereby does moves for an award of attorney's fees under 42 U.S.C. § 1988 against Plaintiffs Representative Matt Gaetz, Representative Marjorie Taylor-Greene, Put America First Joint Fundraising Committee, Friends of Matt Gaetz, and Green for Congress, Inc.'s (collectively, Plaintiffs"). This Motion is made pursuant to 42 U.S.C. § 1988 on the grounds that Plaintiffs' claims are frivolous, unreasonable, and devoid of foundation.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 12, 2024. Despite specific discussions on the arguments raised in the Memorandum of Points and Authorities below, the parties were unable to reach an agreement to avoid the need for this Motion.

Dated: November 20, 2024        STREAM KIM HICKS WRAGE & ALFARO, PC.


_____
Eugene Kim
Elizabeth V. Duran
*Attorneys for Defendant,*
UNIDOS FOR LA CAUSA, INC.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

6

MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Congress enacted Section 1988, in pertinent part, "to protect defendants from burdensome litigation having no legal or factual basis." *Fox v. Vice*, 563 U.S. 826, 833 (2011).  Here, the lawsuit brought by Plaintiffs' Representative Matt Gaetz, Representative Marjorie Taylor-Greene, Put America First Joint Fundraising Committee, and Friends of Matt Gaetz, and Green for Congress, Inc.'s (collectively, Plaintiffs") is just that – "litigation having no legal or factual basis." *Id*.

The frivolousness of Plaintiffs' action is the reason that Unidos for La Causa, Inc. ("Unidos") prevailed on its Motion to Dismiss Plaintiffs' First Amended Complaint.  The Court stated that "[t]he effect of Plaintiffs' unprecedented and **stunningly deficient pleading**—haling nine civil rights groups into federal court for speaking out against an event—should shock in equal measures civic members from across the political spectrum."  Doc. No. 95 at 3:20-22 (emphasis added).

Therefore, Unidos moves for an award of attorney's fees under 42 U.S.C. § 1988 against Plaintiffs.  Since Plaintiffs complaint was found to have alleged a conspiracy between Unidos and the other defendants, without offering a single factual allegation, Unidos is entitled to attorney's fees in the amount of $54,837.00.

### II. Factual Background

#### A.    Plaintiffs' General Claims Against All Defendants.

At the time Plaintiffs filed their First Amended Complaint, Plaintiffs Matt Gaetz[1] and Marjorie Taylor Greene were members of the U.S. House of Representatives.  *See* Doc. No. 1 at ¶ 10.  Plaintiffs brought this action in July of 2022 against two overarching categories of defendants – governmental defendants

---

[1] Matt Gaetz has since resigned from the Us. House of Representatives.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

and non-governmental or third-party defendants.  *See* Doc. No. 1.  Unidos falls under the latter category as a non-governmental or third-party defendant.  *Id.* at ¶¶ 57, 71.  Plaintiffs brought this action under 42 U.S.C. § 1983.

Plaintiffs sued Unidos and the other non-governmental defendants under 42 U.S.C. § 1985(3) – the Ku Klux Klan Act of 1871 – alleging that Unidos and these other defendants "conspired" to cancel the rally in violation of the Ku Klux Klan Act.

Plaintiffs brought this suit under 42 U.S.C. §§ 1983 and 1985.  *Id.*  Their allegations were that the governmental defendants (the City of Anaheim, the City of Riverside, and Raincross Hospitality Management (collectively, the "Cities")) violated Plaintiffs' First Amendment rights by preventing them from hosting a "Put America First" political rally.  *Id.* ¶¶ 15-19; 76-96.

### B.    Plaintiffs' Conclusory Claims Against Unidos.

Plaintiffs, however, did not provide a single factual allegation against Unidos in the First Amended Complaint.  Plaintiffs merely alleged that Unidos "was part of the effort to pressure elected officials" of the City of Riverside to cancel the rally and that Unidos conspired with one or more of the other defendants to do so.  Doc. No. 29, ¶ 17.  Plaintiffs used the general term "third party defendants" to make their allegations.  Plaintiffs repeatedly stated that the "third party defendants" "had a plan," "had a meeting of the minds," were in "close contact with the City Officials in Riverside and Anaheim," and "colluded" with each other.  *Id.* at ¶¶ 77-81.  But Plaintiffs did not allege any facts to support these allegations.

### C.    Procedural History.

#### 1.    Service of process.

Plaintiffs filed their complaint on July 13, 2023 and their First Amended Complaint on October 23, 2023.  Doc. Nos. 1, 29.  But Unidos was not served with the Complaint or the First Amended Complaint filed on October 2, 2024.  *See*

8

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

Declaration of Eugene Kim, filed concurrently herewith ("Kim Decl.") at ¶ 2; *see* Doc. Nos. 1, 29.

In anticipation of being served, Unidos engaged the undersigned counsel to defend it against Plaintiffs' conclusory claims. *Id.* at ¶ 2. On November 29, 2023, Plaintiffs entered a default against Unidos even though Unidos was never properly served with the Complaint. *See* Doc. No. 62. After a phone call with Plaintiffs' counsel and several emails, both parties agreed to a stipulation to set aside the default ("Default Stipulation"). *See* Doc. No. 69.1 at ¶ 2.

The Default Stipulation was filed on December 18, 2024, giving Unidos until December 26, 2023, to file a responsive pleading. *See* Doc. No. 67. The order approving the Default Stipulation was signed by Judge Vera on December 19, 2023. *See* Doc. No. 67.1.

### 2.    Unidos Filed a Motion to Dismiss.

After the Default Stipulation was signed, the parties met and conferred on December 18, 2023, regarding a motion to dismiss the claims against Unidos. *See* Doc. No. 69.1 at ¶ 5. Unidos explained that the First Amended Complaint was completely devoid of any factual allegations to support a conspiracy theory. *Id*. Nevertheless, Plaintiffs believed their First Amended Complaint was sufficient. Therefore, Unidos filed its Motion to Dismiss on December 26, 2023. *See* Doc. No. 69.

By this point, the League of Woman Voters (the "League"), NAACP, California LULAC State Organization ("LULAC"), and the governmental defendants had filed similar motions. *See* Doc. Nos. 33-34, 37, 41, 44, 47.

Thereafter, counsel for Plaintiffs reached out to Unidos asking if Unidos would stipulate to having its Motion to Dismiss heard on February 1, 2024, with the other defendants (as opposed to February 29, 2024 – Unidos' scheduled hearing date). Kim Dec., ¶ 5. Unidos agreed to the February 1, 2024 hearing date. *Id*.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

9

MEMORANDUM OF POINTS AND AUTHORITIES

Since all the defendants would be attending the same hearing, Plaintiffs filed two consolidated Oppositions to address all the defendants. *See* Doc. Nos. 74, 75. Plaintiffs addressed one opposition to the governmental defendants and one to the non-governmental defendants. *Id.*

Unidos and the other defendants then each prepared a Reply to Plaintiffs' Opposition to its Motion to Dismiss (the "Reply). *See* Doc. Nos. 78-83.

The Court heard the various motions together on February 1, 2024, and then the Court took the matters under submission.

### 3. The Order Against Non-Profit Defendants.

On March 22, 2024, the Court entered its Order on the Motion to Dismiss. *See* Doc. No. 95. The Court denied the Cities' Motions, but granted Unidos' and the other non-governmental defendants' Motions to Dismiss without leave to amend. *See* Doc. No. 95. In its Order, the Court clearly echoed Unidos and the other non-governmental defendants' thoughts – the First Amended Complaint was devoid of any factual allegations. *Id.* Specifically, and only to name a few statements, the Court stated the following:

- "Here, the Complaint—even charitably construed with all reasonable inferences drawn in Plaintiffs' favor—is utterly devoid of any specifics plausibly alleging such an agreement." *Id.* at 3:9-10.
- "And without an unlawful conspiracy, all that is left to aver against the Nonprofit Defendants are the unremarkable allegations that they exercised their ***own*** First Amendment rights to lobby the cancellation of the event. That is protected." *Id.* at 3:12-14, emphasis in original.
- Notably, in footnote 9 of the Order, the Court listed all of the conclusory allegations against the nonprofit defendants but found that there were "[n]o specific allegations" against Unidos.[2] *Id.* at 14.

---

[2] In its Order, the Court stated that there was only one non-conclusory fact in the First Amended Complaint. Doc. No. 95 at 16-17. This single fact was not made against Unidos. Further

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

In addition to failing to state an unlawful conspiracy, Plaintiffs also failed to show how they belong to a protected class and how that alleged protected class has been subject to discrimination. *Id.* at 17–21.  Plaintiffs alleged protected class switched depending on the day.  In their Opposition, Plaintiffs alleged that "Defendants were motivated by invidious racial animus against white people." *Id.* at 19:1.  Then, at oral argument, "Plaintiffs' counsel argued that the racial animus was Defendants' hatred towards Plaintiffs' supporters, who include racial minorities unable to attend the event." *Id.* at 19:2-4.

Furthermore, Plaintiffs failed to provide factual allegations showing how Unidos and the other defendants' alleged conspiracy's purpose was to intimidate, force, or threaten a voter engaging in lawful voting activity. *Id.* at 19.  The Court found that this necessary element is "not alleged in the present action". *Id.* at 21:4.  In fact, there no allegations that "*any* specific voter was intimidated from providing their support or advocacy to Plaintiffs' reelection campaigns, nor did they allege facts that show how a reasonable voter could be intimidated." *Id.* 20-21, emphasis in original.

Therefore, the Court granted Unidos and the other non-governmental defendants' Motions to Dismiss without leave to amend. *Id.* at 21-22.  And in addition to the First Amended Complaint being devoid of any factual allegations against Unidos, the Court concluded that "further amendment would be futile." *Id.* at 22:5-6.

### 4.    The Order Against Governmental Defendants.

The Court, however, found sufficient allegations for Plaintiffs' claims against the governmental defendants. *Id.* at 6-12, 22:11.  Consequently, this action moved forward and resulted in a Stipulation to Dismiss the case, with prejudice, under Rule 41(a)(2) filed on October 28, 2024.  *See* Doc. No. 126.  The Order

---

supporting the fact that the First Amended Complaint did not contain a single non-conclusory fact against Unidos.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

approving the stipulation was entered on October 30, 2024.  *See* Doc. No. 127.

### 5. Unidos Met and Conferred with Plaintiffs Prior to Filing this Motion for Attorney's fees.

Once the case became resolved in its entirety pursuant to the Order on October 30, 2024, Unidos and the other non-governmental defendants contacted Plaintiffs counsel, Anthony Caso, on October 31, 2024. to meet and confer regarding attorney's fees.  *See* Kim Dec. at ¶ 3.  On November 12, 2024, Unidos' counsel and the other defendants' counsel had a telephone conference with Plaintiffs' counsel.  *Id*. at ¶ 4.  Unidos and the other defendants explained their intent to pursue attorney's fees under 42 U.S.C. § 1988 because of the frivolousness and meritless nature of Plaintiffs' suit.  *Id*.

Unfortunately, no agreement came about the meet and confer and, to date, Plaintiffs' counsel has informed Unidos that he has been unable to contact his client regarding attorney's fees.  *Id*.  Thus, Unidos now respectfully moves the Court for an award of fees under Section 1988.  *Id*. at 4.

Pursuant to Judge Vera's Civil Standing Order Rule X.F,  the tables of the requested attorney's fees are attached to this Motion as Exhibits A and B.

### III. Legal Standard

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party [in civil rights actions] a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. § 1988(b).

### IV. Analysis

### A. Unidos Is Entitled to Reasonable Attorney's Fees As the Prevailing Party.

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party [in civil rights actions] a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b); *see also Lefemine v. Wideman*, 568 U.S. 1, 4 (2012). The purpose of Section 1988 is simple—"to protect defendants from burdensome

12

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

litigation having no legal or factual basis." *Fox, supra,* 563 U.S. at 833.  Here, the Court has determined that Plaintiffs' claims against Unidos have "no legal or factual basis" by granting Unidos' Motion to Dismiss without leave to amend. Thus, as explained below, Unidos is entitled to its attorney's fees for two reasons – Unidos is the prevailing party and Plaintiffs' plaintiff's action was frivolous, unreasonable, or without foundation.  *See* Doc. No. 95.

First, Unidos is the prevailing part.  The Court granted Unidos' Motion to Dismiss without leave to amend because "the Complaint—even charitably construed with all reasonable inferences drawn in Plaintiffs' favor—is utterly devoid of any specifics plausibly alleging such an agreement." *Id.* at 3:9-10. Thus, Unidos is a prevailing party.

Second, Plaintiffs' action was frivolous, unreasonable, or without foundation.  "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).  And "[a] defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Id*.; *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Galen, supra,* 477 F.3d at 666.  "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)).

It is also not necessary that Plaintiffs have brought this action in bad faith. *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 975-76 (9th Cir. 2011).  All that is necessary is that the action "was frivolous, unreasonable, or without foundation." *Id*.  And "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Amedee Geothermal Venture I v. Lassen Mun. Util. Dist.*, 8 F. Supp. 3d 1211, 1214 (E.D. Cal. 2014).

Here, the Order shows how frivolous, unreasonable, and meritless Plaintiffs' First Amended Complaint was. The Court found that there were no specific allegations showing that Unidos and the other non-governmental defendants were engaged in a conspiracy, there were no facts that the conspiracy's purpose was to threaten or force voters to behave a certain way, and more importantly, the Court found that the First Amended Complaint could not be cured with an amendment since Plaintiffs did not offer additional facts. *See* Doc. No. 95.

### 1.    Plaintiffs Failed to State a Conspiracy Claim.

A conspiracy claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), internal citations omitted. And any "parallel conduct" could be explained by "unchoreographed free-market behavior." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, the Court found that Plaintiffs did not allege any facts to suggest a conspiracy between the defendants. Instead, the Court held that Unidos and the other non-governmental defendants exercised their "***own*** First Amendment rights to lobby the cancellation of the event" which is protected. *See* Doc. No. 95 at 3:12-14, emphasis in original. Specifically, the Court found that the First Amended Complaint had a "complete lack of any alleged facts to support a 'meeting of the minds' as required for a conspiracy claim." *Id*. at 3:1-2, citing *Frazier v. Int'l Longshoremen's Union Loc. No. 10*, 116 F.3d 1485, 1997 WL 349139, *3 (9th Cir. 1997). Therefore, there were no factual allegations included in the First Amended Complaint sufficient to support a claim for conspiracy.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

### 2.    Plaintiffs Failed to Allege Racial Animus.

Cases have found that a claim under Section 1985(3)'s equal protection clause requires racial animus.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Yet other cases have stated that there is a debate whether the "animus" must be racial in nature.  *See* Doc. No. 95 at 18-19, (citing *Pasadena Republican Club v. W. Just. Ctr.*, 424 F. Supp. 3d 861, 878 (C.D. Cal. 2019), *aff'd*, 985 F.3d 1161 (9th Cir. 2021) ("It does not appear that the Ninth Circuit has addressed whether § 1985(3) reaches conspiracies motivated by political [] animus.") (citing *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 524 (9th Cir. 1994))).

The Court, however, stated that it would not address this debate.  *See* Doc. No. 95 at 8.  Instead, the Court held that regardless of the theory relied on, "Plaintiffs' Section 1985(3) equal protection claim **nonetheless fails to plead** the necessary allegations in nonconclusory terms... The FAC serves cold a thin gruel of conclusions."  *See* Doc. No. 95 at 19:5-12 (emphasis added).

Furthermore, Plaintiffs were required to show that Unidos and the other defendants targeted specific voters, but instead, Plaintiffs failed to make a single allegation of intimidation of any specific voter.  *See* Doc. No. 95 at 19-21; *see Nat'l Coal. on Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78, 110, 126 (S.D.N.Y. 2023).

Therefore, Plaintiffs not only failed to allege any type of animus, but also failed to allege that Unidos targeted specific voters.

### 3.    Because Plaintiffs' Claims are Frivolous, Unreasonable, and Lacking Foundation, Unidos is Entitled to Attorney's Fees.

As described above in detail, Plaintiffs' claims against Unidos are devoid of any factual allegations.  As the Court put it, "[t]he effect of Plaintiffs' unprecedented and stunningly deficient pleading—haling nine civil rights groups

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

15

MEMORANDUM OF POINTS AND AUTHORITIES

into federal court for speaking out against an event—should shock in equal measure civic members from across the political spectrum."[3]  *See* Doc. No. 95 at 3:20-22.  Therefore, Unidos is entitled to attorney's fees.

**B.    Pro Bono Attorneys May Collection Attorney's Fees Under Section 1988.**

"Attorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services." *Voice v. Stormans Inc.* 757 F.3d 1015, 1017 (9th Cir. 2014) ; *see, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Dennis v. Chang*, 611 F.2d 1302, 1304 & n.4 (9th Cir. 1980); *Grace Church of N. Cnty. v. City of San Diego*, Case No. 07-CV-0419 H (RBB), 2008 WL 11508664 at *3 (S.D. Cal. Sept. 9, 2008).  Unidos engaged Stream Kim Hicks Wrage & Alfaro, P.C. ("Stream Kim") as pro bono attorneys.  *See* Kim Decl. at ¶ 1.  With Stream Kim, Unidos prevailed on Plaintiffs' action.  Therefore, Stream Kim is entitled to its reasonable attorney's fees.  *Id.* at ¶ 6.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] This case and the "stunningly deficient" pleading that Plaintiffs filed was cited in the California State Bar's Opposition to Respondent's Motion to Stay Inactive Enrollment or for an Interim Remedy.  (State Bar's Opposition to Respondent's Motion to Stay Inactive Enrollment or for an Interim Remedy at 6-7, In the Matter of: John Charles Eastman, No. SBC-23-O-30029.) The California State Bar argued that this Order, along with other evidence, demonstrates that Plaintiffs' counsel, John Eastman, "is willing to ignore facts, misrepresent facts, and misrepresent the law in advocacy of his clients." (*Id.*)  Thus, proffering support to the fact that the First Amended Complaint in this action is another example of Mr. Eastman ignoring and misrepresenting facts.  Ultimately, John Eastman was disbarred, which lends further credence to the arguments raised by the State Bar.

16

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

MEMORANDUM OF POINTS AND AUTHORITIES

**V. Conclusion**

For the foregoing reasons, Unidos respectfully requests that the Court grant its attorney's fees in the amount of $54,837.00.

Dated:  November 20, 2024          STREAM KIM HICKS WRAGE & ALFARO, PC.


_____
Eugene Kim
Elizabeth V. Duran
*Attorneys for Defendant,*
UNIDOS FOR LA CAUSA, INC.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

17

MEMORANDUM OF POINTS AND AUTHORITIES

1

**CERTIFICATE OF COMPLIANCE**

2   The undersigned, counsel of record for Defendant, Unidos for La Causa, Inc.

3   certifies that this brief contains 3,294 words, which complies with the word limit of

4   L.R. 11-6.1.

5

6

7   Dated:  November 20, 2024        STREAM KIM HICKS WRAGE & ALFARO, PC.

8

9

10  Eugene Kim
    Elizabeth V. Duran
11  *Attorneys for Defendant,*
    UNIDOS FOR LA CAUSA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

18

CERTIFICATE OF SERVICE

1

2

### CERTIFICATE OF SERVICE

3

4      I hereby certify that on November 20, 2024, I electronically filed the

foregoing **DEFENDANT UNIDOS FOR LA CAUSA, INC.'S NOTICE OF**

5      **MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42**

6      **U.S.C. § 1988; MEMORANDUM OF POINTS AND AUTHORITIES IN**

7      **SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system.

8      Upon the electronic filing of this document, a "Notice of Electronic Filing"

9      ("NEF") will be automatically generated by the CM/ECF System and sent by e-

10     mail to: (1) all attorneys who have appeared in the case in this Court and (2) all

11     pro se parties who have been granted leave to file documents electronically in the

12     case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered

13     to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Service

14     with this electronic NEF will constitute service pursuant to the Federal Rules of

15     Civil Procedure, and the NEF itself will constitute proof of service to the ECF

16     registrants at the email addresses indicated on the attached Service List.

17     I certify under penalty of perjury under the laws of the United States of

18     America that the foregoing is true and correct. Executed on November 20, 2024,

19     Riverside, California.

20

21     _____

Janet Velazquez

22     STREAM KIM HICKS WRAGE & ALFARO, PC

23     3403 Tenth Street, Suite 700

Riverside, CA 92501

24     (951) 783-9470   Fax: (951) 783-9450

25     Email: janet.velazquez@streamkim.com

26

27

28

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

19

### CERTIFICATE OF SERVICE

1

## SERVICE LIST

| John C. Eastman<br>CONSTITUTIONAL COUNSEL GROUP<br>1628 North Main Street, No. 289<br>Salina, CA 93906<br>Telephone: (909) 257-3869<br>Fax: (714) 844-4817<br>E-Mail:  jeastman@ccg1776.com<br><br>Attorney for Plaintiffs,<br>Representative Matt Gaetz;<br>Representative Marjorie Taylor-Greene;<br>Put America First Joint Fundraising Committee; Friends of Matt Gaetz;<br>Greene for Congress, Inc.<br>(LEAD ATTORNEY) | Anthony T. Caso<br>CONSTITUTIONAL COUNSEL GROUP<br>1628 North Main Street, No. 289<br>Salina, CA 93906<br>Telephone: (916) 601-1916<br>Fax: (916) 307-5164<br>E-Mail:  atcaso@ccg1776.com<br><br>Attorney for Plaintiffs,<br>Representative Matt Gaetz;<br>Representative Marjorie Taylor-Greene;<br>Put America First Joint Fundraising Committee; Friends of Matt Gaetz;<br>Greene for Congress, Inc. |
| Alexander H. Haberbush<br>LEX REX INSTITUTE<br>444 West Ocean Boulevard, Suite 1403<br>Long Beach, CA 90802<br>Telephone: (562) 435-9062<br>Fax: (562) 600-7570<br>E-Mail: ahaberbush@lexrex.org<br><br>Attorney for Plaintiffs,<br>Representative Matt Gaetz;<br>Representative Marjorie Taylor-Greene;<br>Put America First Joint Fundraising Committee; Friends of Matt Gaetz;<br>Greene for Congress, Inc. | Donald Scott Dodd<br>LAW OFFICE OF WILLIAM R. PRICE<br>12636 High Bluff Drive Suite 400 San Diego, CA 93611<br>Telephone: (858) 888-0588<br>Email: sdodd@williamrprice.com<br><br>Attorney for Defendant,<br>City of Riverside |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SERVICE LIST

STREAM|KIM<br>ATTORNEYS AT LAW<br>3403 TENTH STREET,<br>STE 700<br>RIVERSIDE, CA 92501<br>951-783-9470

C1244/001 - 241771.1

| | |
|---|---|
| William Russell Price<br>LAW OFFICE OF WILLIAM R. PRICE<br>12636 High Bluff Drive Suite 400 San<br>Diego, CA 93611<br>Telephone: (858) 888-0588<br>Email: wprice@williamrprice.com<br><br>Attorney for Defendant,<br>City of Riverside | Phaedra A Norton<br>CITY ATTORNEY'S OFFICE CITY<br>OF RIVERSIDE<br>3750 University Avenue Suite 250<br>Riverside, CA 92501<br>Telephone: (951) 826-5567<br>Fax: (951) 826-5540<br>Email: pnorton@riversideca.gov<br><br>Attorney for Defendant,<br>City of Riverside |
| Rebecca McKee-Reimbold<br>CITY ATTORNEY'S OFFICE CITY<br>OF RIVERSIDE<br>3750 University Avenue Suite 250<br>Riverside, CA 92501<br>Telephone: (951) 826-5567<br>Fax: (951) 826-5540<br>Email: rmckee@riversideca.gov<br><br>Attorney for Defendant,<br>City of Riverside | Nadin S. Said<br>CITY ATTORNEY'S OFFICE CITY<br>OF RIVERSIDE<br>3750 University Avenue Suite 250<br>Riverside, CA 92501<br>Telephone: (951) 826-5567<br>Fax: (951) 826-5540<br>Email: nsaid@riversideca.gov<br><br>Attorney for Defendant,<br>City of Riverside |
| Margaret W Rosequist<br>MEYERS NAVE<br>707 Wilshire Boulevard, 24th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 626-2906<br>Fax: (213) 626-2906<br>Email: mrosequist@meyersnave.com<br><br>Attorney for Defendant,<br>City of Anaheim | Kristin A. Pelletier<br>City of Anaheim<br>200 South Anaheim Boulevard, Suite 356<br>Anaheim, CA 92803<br>Telephone: (714) 765-5169<br>Fax: (714) 765-5123<br>Email: kpelletier@anaheim.net<br><br>Attorney for Defendant,<br>City of Anaheim |

SERVICE LIST

STREAM|KIM<br>ATTORNEYS AT LAW<br>3403 TENTH STREET,<br>STE 700<br>RIVERSIDE, CA 92501<br>951-783-9470

C1244/001 - 241771.1

| | |
|---|---|
| Deborah J. Fox<br>MEYERS NAVE<br>707 Wilshire Boulevard, 24th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 626-2906<br>Fax: (213) 626-2906<br>Email: dfox@meyersnave.com<br><br>Attorney for Defendant,<br>City of Anaheim | Matthew B. Nazareth<br>MEYERS NAVE<br>707 Wilshire Boulevard, 24th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 626-2906<br>Fax: (213) 626-2906<br>Email: mnazareth@meyersnave.com<br><br>Attorney for Defendant,<br>City of Anaheim |
| Kedar Shrinivas Vishwanathan<br>ANDRADE GONZALEZ, LLP<br>801 South Figueroa Street Suite 1050<br>Los Angeles, CA 90014<br>Telephone: (213) 986-3950<br>Email:kvishwanathan@andradefirm.com<br><br>Attorney for Defendant,<br>California Lulac State Organization | Sean Adrian Andrade<br>ANDRADE GONZALEZ, LLP<br>801 South Figueroa Street, Suite 1050<br>Los Angeles, CA 90017<br>Telephone: (213) 986-3951<br>Email: sandrade@andradefirm.com<br><br>Attorney for Defendant,<br>California Lulac State Organization |
| Christian M. Contreras<br>LAW OFFICES OF CHRISTIAN<br>CONTRERAS, PLC<br>360 East 2nd Street, 8th Floor<br>Los Angeles, CA 90012<br>Telephone: (323) 435-8000<br>Fax: (323) 597-0101<br>Email: cc@contreras-law.com<br><br>Attorney for Defendant,<br>California Lulac State Organization | Henry H Gonzalez<br>ANDRADE GONZALEZ, LLP<br>801 South Figueroa Street, Suite 1050<br>Los Angeles, CA 90017<br>213-986-3952<br>Email: hgonzalez@andradefirm.com<br><br>Attorney for Defendant,<br>California Lulac State Organization |

22

SERVICE LIST

STREAM|KIM<br>ATTORNEYS AT LAW<br>3403 TENTH STREET,<br>STE 700<br>RIVERSIDE, CA 92501<br>951-783-9470

| | |
|---|---|
| Marvin S Putnam<br>LATHAM AND WATKINS, LLP<br>10250 Constellation Boulevard,<br>Suite 100<br>Los Angeles, CA 90067<br>Telephone: (424) 653-5500<br>Fax: (424) 653-5501<br>Email: marvin.putnam@lw.com<br><br>Attorney for Defendant,<br>National Association for The<br>Advancement of Colored People | Laura Robinson Washington<br>LATHAM AND WATKINS, LLP<br>10250 Constellation Boulevard,<br>Suite 100<br>Los Angeles, CA 90067<br>Telephone: (424) 653-5500<br>Fax: (424) 653-5501<br>Email: laura.washington@lw.com<br><br>Attorney for Defendant,<br>National Association for The<br>Advancement of Colored People |
| Helen Klein<br>LATHAM AND WATKINS, LLP<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Fax: 213-891-8763<br>Email: helen.klein@lw.com<br><br>Attorney for Defendant,<br>National Association for The<br>Advancement of Colored People | Joseph David Axelrad<br>LATHAM AND WATKINS, LLP<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Fax: 213-891-8763<br>Email: joseph.axelrad@lw.com<br><br>Attorney for Defendant,<br>National Association for The<br>Advancement of Colored People |
| Elizabeth M. Del Cid<br>O'HAGAN MEYER<br>2615 Pacific Coast Highway, Suite 300<br>Hermosa Beach, CA 90254<br>Telephone: (310) 807-1100<br>Fax: (310) 807-1115<br>Email: edelcid@ohaganmeyer.com<br><br>Attorney for Defendant,<br>Raincross Hospitality Management<br>Corporation, a California Corporation as<br>agent for the City of Riverside | Samuel Y Edgerton , III<br>O'HAGAN MEYER<br>2615 Pacific Coast Highway, Suite 300<br>Hermosa Beach, CA 90254<br>Telephone: (310) 807-1100<br>Fax: (310) 807-1115<br>Email: sedgerton@ohaganmeyer.com<br><br>Attorney for Defendant,<br>Raincross Hospitality Management<br>Corporation, a California Corporation<br>as agent for the City of Riverside |

23

SERVICE LIST

| | |
|---|---|
| Jeffrey W. Amloyan<br>O'HAGAN MEYER<br>2615 Pacific Coast Highway, Suite 300<br>Hermosa Beach, CA 90254<br>Telephone: (310) 807-1100<br>Fax: (310) 807-1115<br>Email: jamloyan@ohaganmeyer.com<br><br>Attorney for Defendant,<br>Raincross Hospitality Management Corporation, a California Corporation as agent for the City of Riverside | Daniel S Roberts<br>COLE HUBER, LLP<br>2855 East Guasti Road, Suite 402<br>Ontario, CA 91761<br>Telephone: (909) 230-4209<br>Fax: (909) 937-2034<br>Email: droberts@colehuber.com<br><br>Attorney for Defendant,<br>The League of Women Voters Riverside |
| Tyler Justin Sherman<br>COLE HUBER LLP<br>2281 Lava Ridge Court Suite 300<br>Roseville, CA 95661<br>Telephone: 916-780-9009<br>Fax: 916-780-9050<br>Email: tsherman@colehuber.com<br><br>Attorney for Defendant,<br>The League of Women Voters Riverside | Derek P Cole<br>COTA DUNCAN AND COLE<br>2261 Lava Ridge Court<br>Roseville, CA 95661<br>Telephone : (916) 780-9009<br>Email: dcole@cotalawfirm.com<br><br>Attorney for Defendant,<br>The League of Women Voters Riverside |
| Lee K Fink<br>BROWER LAW GROUP, APC.<br>100 Pacifica, Suite 160<br>Irvine, CA 92618<br>Telephone: (949) 668-0825<br>Email: lee@browerlawgroup.com<br><br>Attorney for Defendants,<br>Riverside County Democratic Party, and Women's March Action | |

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

SERVICE LIST

C1244/001 - 241771.1