# Exhibit 1

| From: | Lee Fink |
|---|---|
| To: | jeastman@ccg1776.com; Alexander Haberbush |
| Bcc: | Lee Fink |
| Subject: | Gaetz v. City of Riverside, C.D. Cal. Case No. 5:23-cv-01368-HDV-SHK |
| Date: | Thursday, January 25, 2024 2:19:00 AM |
| Attachments: | image001.png |
| | image002.png |

Dear Messrs. Eastman, Caso, and Haberbush,

We represent the Riverside County Democratic Party ("RCDP") and Women's March Action ("WMA"). We write pursuant to Local 7-3 to meet and confer regarding a proposed motion for sanctions pursuant to Rule 11 of the Federal Rule of Civil Procedure for Plaintiffs' signing, filing, submitting, or later advocating their Request for Entry of Default as to both RCDP and WMA, and to meet and confer as to a proposed motion to set aside default.

RCDP has never been properly served in this action. According to the Proof of Service Plaintiffs filed (ECF No. 53), RCDP was served at: 67-555 E. Palm Canyon Dr., Cathedral City CA 92234. Simple reference to relevant filings with either the Fair Political Practices Commission ("FPPC") and the Federal Elections Commission ("FEC") would demonstrate that the address is not the address of the RCDP. Rather, it is the address of the Democratic Headquarters of the Desert, a Democratic Club, but an entirely separate organization, with separate registration with both the FPPC and the FEC. Indeed, even Plaintiffs' subsequent filings appear to acknowledge that the service address is wrong, having sent mail to the RCDP at 24626 Sunnymead Boulevard, Moreno Valley, CA 92553. (Notably, the Sunnymead Boulevard address appears to be a restaurant named "Brandon's Diner. Apparently, this is what passes for humor for Plaintiffs.) Certainly, since some of the Plaintiffs are FEC-regulated campaign committees, it seems that the minimally reasonable actions would have been for Plaintiffs to ascertain the identity of the two committees and properly serve the RCDP.

Even if service had been proper, no response is due from the RCDP because they have never been properly served with the operative complaint. Plaintiffs' proof of service (ECF No. 53) purports that RCDP was served with the Summons and Complaint by Substitute Service pursuant to California Code of Civil Procedure Section 415.20. According to the Proof of Service, the complaint was delivered to the office of RCDP on October 2, 2023, and thereafter mailed on October 3, 2023. "Service of a summons in this manner is deemed complete on the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20(a). Accordingly, service would have been completed on October 13, 2023.

On October 2, 2023, Plaintiffs filed an amended complaint. As a consequence of filing the amended complaint, the original complaint no longer had any legal effect. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Williams v. County of Alameda*, 26 F.Supp.3d 925, 936 (N.D. Cal. 2014) (citing William Schwarzer, et al., *Federal Civil Procedure Before Trial*, § 8:1550 (2010). Accordingly, no answer to the original complaint was ever due. Furthermore, although the Plaintiffs purport to have mailed the amended complaint to RCDP, having not yet been served with process, such service by mail was not proper. Without ever having been properly served with the amended complaint, RCDP was never required to respond.

Accordingly, the factual contentions in Plaintiffs' Proof of Service and Request for Entry of Default lacked evidentiary support, and the claims therein were not warranted by existing law. Fed. R. Civ. P. 11(b)(2)-(3).  If Plaintiffs do not withdraw the Proof of Service and the Request for Entry of Default, RCDP will be entitled to, and will seek, sanctions against Plaintiffs and their counsel, including the striking of the Proof of Service, Request for Entry of Default, and the Entry of Default, and the payment of RCDP's reasonable attorneys' fees.  In addition, because RCDP is prepared to challenge the sufficiency of service and the failure of the amended complaint to state a cause of action, Fed. R. Civ. P. 12(b)(4)-(6), the above constitutes good cause to set aside the entry of default.  Fed. R. Civ. P. 55(c).

Similarly, no response is due from WMA because they have never been properly served with the operative complaint.  The Proof of Service as to WMA (ECF No. 55) purports to have served WMA by leaving the original complaint at the WMA office and mailing the complaint on October 3, 2023.  Because substitute service was not complete until October 13, 2023, the amended complaint was never served on WMA, and therefore no response is due from WMA.

Accordingly, the factual contentions in Plaintiffs' Request for Entry of Default lacked evidentiary support and the claims therein were not warranted by existing law.  Fed. R. Civ. P. 11(b)(2)-(3).  If Plaintiffs do not withdraw the Request for Entry of Default, WMA will be entitled to, and will seek, sanctions against Plaintiffs and their counsel, including the striking of the Request for Entry of Default and the Entry of Default, and the payment of WMA's reasonable attorneys' fees.  In addition, because WMA is prepared to challenge failure of the amended complaint to state a cause of action, Fed. R. Civ. P. 12(b)(6), the above constitutes good cause to set aside the entry of default.  Fed. R. Civ. P. 55(c).

Accordingly, we request that Plaintiffs immediately withdraw the Request for Entry of Default against WMA and RCDP and stipulate to set aside the default against RCDP and WMA.  If not, we would like to meet and confer with you according to Local Rule 7-3.  I am happy to arrange a Zoom conference, which I think that the Court will consider sufficiently equivalent to meeting in person to meet the requirements of Local Rule 7-3.  Please let me know when you are available this afternoon, Friday afternoon, or Monday morning.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com



