# Exhibit 3

| | |
|---|---|
| **From:** | Lee Fink |
| **To:** | John Eastman; Alexander Haberbush |
| **Subject:** | Gaetz, et al. v. City of Riverside, et al. |
| **Date:** | Monday, March 25, 2024 12:21:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

Gentlemen,

I write to begin the process of meeting and conferring pursuant to Local Rule 7-3 on behalf of my clients the Riverside County Democratic Party ("RCDP") and Women's March Action ("WMA") regarding their responses to Plaintiffs' First Amended Complaint.

I am sure that you have read and considered the Court's ruling on the Motions to Dismiss by now. As you know, the Court dismissed the case against the Nonprofit Defendants. I do not need to repeat for you the stark tones in which the Court granted the motions to dismiss against the defendants standing in similar shoes to my clients. Noting that the complaint "is utterly devoid of any specifics plausibly alleging such an agreement" and that the "unprecedented and stunningly deficient pleading [ ] should shock in equal measure civic members from across the political spectrum," the Court dismissed the case against the non-profit defendants with prejudice. (ECF No. 95 at 3.) And while neither RCDP nor WMA were moving parties, the Court specifically restated the "specific allegations against the Nonprofit Defendants (to the extent there are any)" against both RCDP ("Defendant Riverside County Democratic Party's 'Chair, Tisa Rodriquez, urged supporters to call the Riverside Convention Center and pressure it to cancel the PUT AMERICA FIRST political rally.'") and WMA ("None."). (*Id.* at 13-14, n. 9.)

Given that RCDP and WMA will urge dismissal based on the same arguments already advanced by the other Nonprofit Defendants, and on the basis the Court already granted their motion, I would request that Plaintiffs simply dismiss RCDP and WMA at this point.

Alternatively, I understand that you may be looking to appeal this matter. It strikes me as a complete waste of time for all of us to repeat a motion to dismiss, which the Court will grant, just to allow you to file your appeal. To that end, I would be fine with a stipulation and order that says, in essence: (1) RCDP and WMA are deemed to have advanced all the arguments made in support of the non-profit Defendants' motions (ECF Nos. 33, 34, 37, and 69), in both the moving and reply papers and at the hearing on February 1, 2024; (2) Defendants are deemed to have advanced all the arguments made in their opposition to the motion, both in the papers and at the hearing; (3) the Court's Order of March 22, 2024, dismissing the Nonprofit Defendants shall be deemed to apply to RCDP and WMA, and accordingly RCDP and WMA are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (4) each party preserves all of its rights and arguments should there be an appeal. Obviously, I am flexible on the language, but the overall goal is to simply apply the result to my clients and allow you to pursue your appeal (if you so choose).

If we cannot agree on one of these two options, then I need to meet with you by telephone no later than Friday in order to meet and confer on our responsive motions. I am available the balance of the week, so please let me know.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com



