# Exhibit 4

| | |
|---|---|
| **From:** | Lee Fink |
| **To:** | John Eastman; Alexander Haberbush |
| **Bcc:** | Lee Fink |
| **Subject:** | RE: Gaetz, et al. v. City of Riverside, et al. |
| **Date:** | Thursday, March 28, 2024 7:02:00 PM |
| **Attachments:** | 2024.03.28 Stipulation to Dismiss RCDP.docx |
| | image001.png |
| | image002.png |
| | 2024.03.28 Stipulation to Dismiss WMA.docx |
| | 2024.03.28 Proposed Order Dismissing RCDP.docx |
| | 2024.03.28 Proposed Order Dismissing WMA.docx |

Thank you.  I have attached proposed stipulations and orders.  If you authorize, I will add a "/s/" and file with the Court.

Thank you,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** John Eastman <jeastman@ccg1776.com>
**Sent:** Thursday, March 28, 2024 3:52 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** RE: Gaetz, et al. v. City of Riverside, et al.

Lee,

I was finally able to connect with my clients on this.  We will agree to dismiss your two clients.

Sincerely,
John Eastman



# Constitutional Counsel Group

Dr. John C. Eastman, Partner
1628 N. Main St. #289
Salinas, CA 93906
(909) 257-3869; jeastman@ccg1776.com
Member: California and D.C. Bars

---

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Thursday, March 28, 2024 3:19 PM
**To:** John Eastman <jeastman@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** RE: Gaetz, et al. v. City of Riverside, et al.

Dear Mr. Eastman,

That's fine.  But can we put on calendar a meet and confer session for tomorrow at Noon (or anytime thereafter—up t you).  If your clients give the go-ahead to either dismiss or stipulate along the lines I suggested, we won't need to do a call and can work out the papers next week. But if not, I do need to meet and confer on two motions:

1. A Motion to Dismiss RCDP and WMA under FRCP 12(b)(6).  As set forward in the moving papers by the NAACP, League of Women Voters, LULAC, and Unidos, the claims under 42 USC 1985 failed to allege any cognizable conspiracy against any of the Nonprofit Defendants, including RCDP and WMA, the acts complained of by RCDP and WMA (to the extent such acts are alleged in the First Amended Complaint) are all protected First Amendment activities, and the plaintiffs are not members of a protected racial class.

2. A Motion for Sanctions under FRCP 11.  In addition to the failures set forth above, the First Amended Complaint is "utterly devoid of any specifics plausibly alleging such an agreement" as required to maintain a pleading, and "is both legally and literally, a conspiracy theory that relies purely on conjecture."  (ECF 95 at 3.)  "The effect of Plaintiffs' unprecedented and stunningly deficient pleading—haling nine civil rights groups into federal court for speaking out against an event—should shock in equal measure civic members from across the political spectrum." (*Id.*)  As the Court stated, there simply are no specific factual allegations of a plausible conspiracy between Defendants. None.  (Id. at 14-15.)  The Court detailed the specific actions alleged.  As against RCDP, the Chair "urged supporters to call the Riverside Convention Center and pressure it to cancel the PUT AMERICA FIRST political rally."  (Id. at 14 n. 9.)  This allegation, plainly insufficient to establish a conspiracy, is also protected First Amendment Petitioning Activity.  Had the matter been brought in state court, it would have been declared an unlawful Strategic Lawsuit Against Public Participation (SLAPP) and been stricken with a grant of attorneys' fees.  (CCP 425.16.)  As to WMA, there is

> literally "[n]o specific allegations." (ECF No. 95 at 14, n. 9.) And as the Court noted, there is no claim or even insinuation of a threat of harm to an individual voter. FRCP 11 prohibits "filing" or "later advocating" a pleading that is presented to harass, a pleading where the legal contentions are unwarranted, or where the factual allegations have no evidentiary support. We believe that all of the elements are present in Plaintiffs' complaint. But focusing just for the moment on Rule 11(b)(2), the Court's order makes clear that the legal contentions of the complaint are improper. And even if they were arguably justified at the outset of the litigation—and we think they were not—the Court's order on the motion makes clear that the allegations are totally frivolous and improper.

Again, I am happy to have my clients dismissed, or happy to enter into a stipulation where we agree that the Court's order on the other Defendants' motions applies to RCDP and WMA, and as such we will have been deemed to make all the arguments that NAACP, League of Women Voters, LULAC, and Unidos made, you are deemed to have made all the arguments as against RCDP and WMA, and if you plan to appeal everyone's rights are preserved.

Please let me know as soon as you have heard from your clients.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





---

**From:** John Eastman <jeastman@ccg1776.com>
**Sent:** Thursday, March 28, 2024 7:38 AM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** RE: Gaetz, et al. v. City of Riverside, et al.

Lee,

My apologies, but my clients have been distracted with other matters and I've not been able to

discuss this with them.  I hope to be able to remedy that today, so we should be able to give you an update by tomorrow.

John



**Constitutional Counsel Group**

Dr. John C. Eastman, Partner
1628 N. Main St. #289
Salinas, CA 93906
(909) 257-3869; jeastman@ccg1776.com
Member: California and D.C. Bars

---

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Wednesday, March 27, 2024 6:40 PM
**To:** John Eastman <jeastman@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** RE: Gaetz, et al. v. City of Riverside, et al.

Gentlemen,

I hate to bother you about this today, but I have a filing deadline of April 5, and thus under Local Rule 7-3, I would need to meet and confer by this coming Friday, March 29.  Espescially considering that Friday is Good Friday, and folks may be out or leaving early, I wanted to make sure we connected.  If you are amenable to either dismissing my clients or alternatively entering into a stipulation of the sort that I mentioned below so that the Court's March 22 order is deemed to apply to RCDP and Women's March Action, we can round out the details on it next week.  Otherwise, we would need to meet.

If nothing else, can we set a time to meet and confer, and that will give you a couple more days to talk with your clients.  I have an appearance in the morning on Friday that may take some time, but am available any time from 12 Noon forward.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** John Eastman <jeastman@ccg1776.com>
**Sent:** Monday, March 25, 2024 12:32 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** RE: Gaetz, et al. v. City of Riverside, et al.

Dear Mr. Fink:

Thank you for your proposals. We will be back to you this week after consulting with our clients.

Sincerely,
John Eastman



# Constitutional Counsel Group

Dr. John C. Eastman, Partner
1628 N. Main St. #289
Salinas, CA 93906
(909) 257-3869; jeastman@ccg1776.com
Member: California and D.C. Bars

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Monday, March 25, 2024 1:21 PM
**To:** John Eastman <jeastman@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** Gaetz, et al. v. City of Riverside, et al.

Gentlemen,

I write to begin the process of meeting and conferring pursuant to Local Rule 7-3 on behalf of my clients the Riverside County Democratic Party ("RCDP") and Women's March Action ("WMA") regarding their responses to Plaintiffs' First Amended Complaint.

I am sure that you have read and considered the Court's ruling on the Motions to Dismiss by now. As you know, the Court dismissed the case against the Nonprofit Defendants. I do not need to repeat for you the stark tones in which the Court granted the motions to dismiss

against the defendants standing in similar shoes to my clients.  Noting that the complaint "is utterly devoid of any specifics plausibly alleging such an agreement" and that the "unprecedented and stunningly deficient pleading [ ] should shock in equal measure civic members from across the political spectrum," the Court dismissed the case against the non-profit defendants with prejudice.  (ECF No. 95 at 3.)  And while neither RCDP nor WMA were moving parties, the Court specifically restated the "specific allegations against the Nonprofit Defendants (to the extent there are any)" against both RCDP ("Defendant Riverside County Democratic Party's 'Chair, Tisa Rodriquez, urged supporters to call the Riverside Convention Center and pressure it to cancel the PUT AMERICA FIRST political rally.'") and WMA ("None."). (*Id.* at 13-14, n. 9.)

Given that RCDP and WMA will urge dismissal based on the same arguments already advanced by the other Nonprofit Defendants, and on the basis the Court already granted their motion, I would request that Plaintiffs simply dismiss RCDP and WMA at this point.

Alternatively, I understand that you may be looking to appeal this matter.  It strikes me as a complete waste of time for all of us to repeat a motion to dismiss, which the Court will grant, just to allow you to file your appeal.  To that end, I would be fine with a stipulation and order that says, in essence:  (1) RCDP and WMA are deemed to have advanced all the arguments made in support of the non-profit Defendants' motions (ECF Nos. 33, 34, 37, and 69), in both the moving and reply papers and at the hearing on February 1, 2024;  (2) Defendants are deemed to have advanced all the arguments made in their opposition to the motion, both in the papers and at the hearing; (3) the Court's Order of March 22, 2024, dismissing the Nonprofit Defendants shall be deemed to apply to RCDP and WMA, and accordingly RCDP and WMA are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (4) each party preserves all of its rights and arguments should there be an appeal.  Obviously, I am flexible on the language, but the overall goal is to simply apply the result to my clients and allow you to pursue your appeal (if you so choose).

If we cannot agree on one of these two options, then I need to meet with you by telephone no later than Friday in order to meet and confer on our responsive motions.  I am available the balance of the week, so please let me know.

Best wishes,


**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com



