# Exhibit 5

| | |
|---|---|
| **From:** | Lee Fink |
| **To:** | Alexander Haberbush; "John Eastman" |
| **Cc:** | "Anthony Caso" |
| **Subject:** | RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action |
| **Date:** | Wednesday, April 3, 2024 10:45:00 PM |
| **Attachments:** | image001.png<br>image003.png |

Mr. Haberbush,

We did not agree to waive our fees and costs. I have to admit to being a bit annoyed at the last minute (and post-acceptance) demand. Plaintiff's frivolous action has consequences. It has cost my clients considerable fees and costs. Both organizations have limited resources, and I have to assume that bringing suit against them was intended to drain their resources in an effort to advance your client's political agenda.

I had assumed that you were not interested in resolving a fee and cost issue at this time, but if you would like to resolve that now, I am happy to do so. At this point, my clients have incurred approximately $15,000 in attorneys' fees, evenly divided; so far, I do not have records of hard costs incurred. My clients are prepared to accept $6000 to each Defendant. Obviously, we have spent less time on this matter than the other defendants, but the amount is not negligible. Additionally, if we have to continue to litigate over the issue, we believe that we will be entitled to the fees and costs of such litigation.

If you are willing to accept that amount, please let me know as soon as possible, and I will amend our draft stipulation and order. Alternatively, we can enter into the earlier stipulation, though given your last-minute statement, I think it would be wise to include the following statement: "Each party reserves any rights and arguments as to an award of attorneys' fees and costs."

Unfortunately, because I believed that we would be dismissing the action, I did not insist on a meet and confer so that we could timely file a motion, and will be in Court all day tomorrow and Friday. We have therefore filed an answer and now will plan to file a motion for judgment on the pleadings under FRCP 12(c) and a Rule 11 motion, for the reasons previously outlined. I must now insist that we arrange a time to meet and confer pursuant to Local Rule 7-3. If we finalize our settlement before then, we will cancel the meeting. I am available on Monday afternoon before 5 PM or any time Tuesday or Wednesday. Please let me know if any of those times work or propose an alternative reasonable time.

Thank you,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Alexander Haberbush <ahaberbush@lexrex.org>
**Sent:** Wednesday, April 3, 2024 4:13 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; 'John Eastman' <jeastman@ccg1776.com>
**Cc:** 'Anthony Caso' <atcaso@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Further, we approve the stipulations with the following language to each stip and proposed order:

"All parties to bear their own costs and attorney's fees."

Alexander Haberbush, Esq.
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone No. (562) 355-1916

This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential, and/or exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message or any attachment, is strictly prohibited.  If you have received this message in error, please notify the original sender at (562) 264-5515 immediately by telephone or by return e-mail and delete this message, along with any and all attachments, from your computer.  Further this message, and all attachments, are or may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.

**From:** Lee Fink [mailto:Lee@BrowerLawGroup.com]
**Sent:** Wednesday, April 3, 2024 2:04 PM
**To:** John Eastman
**Cc:** Anthony Caso; Alexander Haberbush
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Eastman, Mr. Haberbush, and Mr. Caso,

Thank you for this notice.  I am writing to remind you and your co-counsel of the stipulations I sent last Thursday (and am re-attaching).  If you are fine with them, please let me know and I will indicate "/s/" and file these.

I admit to not completely understanding you "continu[ing] to represent [your] clients in that capacity [as a member of the DC Bar]," but I also do not completely understand how the Local Rules function in terms of your admission before the District Court.  I trust that you do.  My

concern is only in making sure that the proper attorney signs the stipulation.  Given that, I request that Mr. Haberbush (or alternatively, Mr. Caso, though I have not dealt with him before) authorize their electronic signature, just so there is no concern.

Thank you,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** John Eastman <jeastman@ccg1776.com>
**Sent:** Wednesday, April 3, 2024 1:49 PM
**To:** CC@Contreras-Law.com; hgonzalez@andradefirm.com; Kedar S. Vishwanathan (kvishwanathan@andradefirm.com) <kvishwanathan@andradefirm.com>; sandrade@andradefirm.com; dfox@meyersnave.com; Kristin A. Pelletier (kpelletier@anaheim.net) <kpelletier@anaheim.net>; mrosequist@meyersnave.com; mnazareth@meyersnave.com; Scott Dodd <sdodd@williamrprice.com>; rmckee@riversideca.gov; William Price <WPrice@williamrprice.com>; helen.klein@lw.com; joseph.axelrad@lw.com; laura.washington@lw.com; marvin.putnam@lw.com; edelcid@ohaganmeyer.com; Sam Y. Edgerton, III (sedgerton@ohaganmeyer.com) <sedgerton@ohaganmeyer.com>; Lee Fink <Lee@BrowerLawGroup.com>; Derek P. Cole (dcole@colehuber.com) <dcole@colehuber.com>; droberts@colehuber.com; tsherman@colehuber.com; eugene.kim@streamkim.com
**Cc:** Anthony Caso <atcaso@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Counsel:

On March 27, 2024, the California Bar Court issued a decision recommending my disbarment. Although such a recommendation must be adopted by the California Supreme Court before it takes effect (and I will be appealing the decision), by operation of California Business and Professions Code section 6007(c)(4), the recommendation of disbarment by the Bar Court places me in "involuntary inactive enrollment" status, effective March 30, 2024, which has the

effect of an interim suspension of my California license pending ultimate resolution by the California Supreme Court.  At present, I remain an active member of the D.C. Bar, however, and will continue to represent my clients in that capacity unless and until the D.C. Bar likewise issues a suspension as a matter of reciprocal discipline.

I will provide formal notice should further developments require it.  In the meantime, please be sure to include my co-counsel, copied here, on any communications regarding the above-referenced matter.

Sincerely,
John Eastman



**Constitutional Counsel Group**

Dr. John C. Eastman, Partner
1628 N. Main St. #289
Salinas, CA 93906
(909) 257-3869; jeastman@ccg1776.com
Member: California* and D.C. Bars

* Placed on Involuntary Inactive Enrollment status effective March 30, 2024