# Exhibit 6

| | |
|---|---|
| **From:** | Lee Fink |
| **To:** | Anthony Caso |
| **Subject:** | RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action |
| **Date:** | Tuesday, April 9, 2024 3:21:00 PM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |

Thank you.  We will get these filed.  No need to meet and confer.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Anthony Caso <atcaso@ccg1776.com>
**Sent:** Tuesday, April 9, 2024 3:21 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Fink
We agree to that language.



************************************************************************

\*\*\*
CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged.  If you receive this transmission in error please return or destroy it and notify the sender at the address above, or by telephone at (916) 601-1916

IRS Circular 230 Notice: Unless specifically stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  Further, the materials communicated herein are intended solely for the addressee and are not intended for distribution to any other person or entity, or to support the promotion or marketing of the transaction or matters addressed herein.  Any subsequent reader should seek advice from an independent tax advisor with respect to the transaction or matters addressed herein based on the reader's particular circumstances.

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Tuesday, April 9, 2024 3:13 PM
**To:** Anthony Caso <atcaso@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Caso,

As I had said, given the issue that has come up between us, we need to add the following language to the stipulations:  "Each party reserves any rights and arguments as to an award of attorneys' fees and costs."  That ensures that there is no miscommunication and no doubt that: (1) neither side is conceding anything (specifically, you do not concede that we have a right to attorneys' fees, and at this time I imagine that you will argue against it if we so move); and (2) neither side is waiving anything (we have not waived our claim to seek fees).

The attached drafts reflect that change and reflect you as the signing attorney.

If these are the drafts to which you are agreeing, then please confirm.  We will then file these, and of course there is no need for a further meet and confer at this time.

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Anthony Caso <atcaso@ccg1776.com>
**Sent:** Tuesday, April 9, 2024 2:31 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

I have spoken with my clients and they are willing to agree to the language of your original proposed stipulation for dismissal. You may include my signature on the stipulations if you still wish to proceed on that course.

Let me know if there is still a need for us to meet today.



Anthony T. Caso, Partner
1628 N. Main St. #289
Salinas, CA 93906
(916) 601-1916; atcaso@ccg1776.com
Member: California Bar

*******************************************************************************

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged. If you receive this transmission in error please return or destroy it and notify the sender at the address above, or by telephone at (916) 601-1916

IRS Circular 230 Notice: Unless specifically stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. Further, the materials communicated herein are intended solely for the addressee and are not intended for distribution to any other person or entity, or to support the promotion or marketing of the transaction or matters addressed herein. Any subsequent reader should seek advice from an independent tax advisor with respect to the transaction or matters addressed herein based on the reader's particular circumstances.

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Monday, April 8, 2024 5:33 PM
**To:** Anthony Caso <atcaso@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California

Bar Action

Dear Mr. Caso,

That time and number is fine. We are meeting and conferring about my proposed motions for sanctions and for judgment on the pleadings, pursuant to FRCP 11 and 12(c), respectively, not about any potential motion for attorneys' fees. Given your misguided arguments about your clients' defective service and defective requests for default, it does not appear that you are serious about resolving the attorneys' fees issue at this time, and I therefore am not planning on going through the time and costs of gathering time information at this point. Which is fine, I never expected your clients to do that. If, however, you are serious about resolving the issue now, please respond to my written offer and we will decide what course of action to take.

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Anthony Caso <atcaso@ccg1776.com>
**Sent:** Monday, April 8, 2024 3:40 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Fink
I'm available tomorrow at 3:30 pm. I will call you at that time on your direct line that you list in your signature block. You recall that I had asked for a breakdown of your demanded fees so that I could share that with my clients. Please send that to me in advance of our meeting.



Constitutional Counsel Group

Anthony T. Caso, Partner
1628 N. Main St. #289
Salinas, CA 93906
(916) 601-1916; atcaso@ccg1776.com
Member: California Bar

*****************************************************************************

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged. If you receive this transmission in error please return or destroy it and notify the sender at the address above, or by telephone at (916) 601-1916

IRS Circular 230 Notice: Unless specifically stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. Further, the materials communicated herein are intended solely for the addressee and are not intended for distribution to any other person or entity, or to support the promotion or marketing of the transaction or matters addressed herein. Any subsequent reader should seek advice from an independent tax advisor with respect to the transaction or matters addressed herein based on the reader's particular circumstances.

---

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Monday, April 8, 2024 11:09 AM
**To:** Anthony Caso <atcaso@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>; John Eastman <jeastman@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Dear Mr. Caso,

This is not my fourth request to meet and confer with you or your colleagues about our motions and you have yet to confirm a date. I am available time Tuesday except for 12 Noon – 2:30 PM, and all day Wednesday. Please confirm that some period of these times works for you or your colleagues. Otherwise, I will bring my motions to the Court with the note that you have refused to meet and confer pursuant to Local Rule 7-3.

I am not going to reargue here the fact that your service on RCDP was defective and that the request for default against both of my clients was improper. I set that out in detail in my e-mail initiating the meet and confer process and explained that at length to your colleagues. If you wish to argue that to the Court in some forum, you may.

Our request was for a dismissal. We never agreed to waive our fees and costs. I expected that

your client would oppose attorneys' fees, and I was therefore not planning to raise the issue at this time.  Again, if you would like to simply resolve the matter and pay our fees and costs, that certainly makes the process easier, and avoids each of us running up additional fees and costs (for which we believe your clients will be liable).  You have my clients' written offer, and I assume you have presented it to your clients.  I will await your response.  Alternatively, we can do what I had suggested earlier and simply dismiss the case, but given the issue that has arisen, add the following language: "Each party reserves any rights and arguments as to an award of attorneys' fees and costs."  Finally, if you prefer, we are still open to stipulating to apply the ruling on the motion to dismiss to my clients.

Again, no matter what, I need you to confirm a meet and confirm date and time, as set forth above.  If, after that time is set, we agree on one of the three resolutions I set forth above and we have finalized a stipulation to that effect, the meet and confer will be moot.  Otherwise, my clients will have to move under Rules 11 and 12(c).

Best wishes,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Anthony Caso <atcaso@ccg1776.com>
**Sent:** Thursday, April 4, 2024 11:21 AM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; Alexander Haberbush <ahaberbush@lexrex.org>; John Eastman <jeastman@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Dear Mr. Fink:

We are in receipt of your email and demand for fees.  We will discuss your demand with our clients (as I am sure you discussed the decision to file answers rather than seek a stipulation for an extension of time).  To assist our discussion with our clients, please provide a breakdown of your fees, specifically the amount necessitated by your client's failure to submit a timely answer resulting in the

entry of default judgment and any other fees.

Our first communication from you was an email on January 25, 2024, threatening to seek sanctions because we had filed a notice of default for the failure of your clients to timely respond to the complaint. You claimed, falsely, that one of your clients, Riverside County Democratic Party, had not been served, even though the address at which service was effected is the address listed on its website, and even though service at that address was accepted by an employee working at that address.

You also asserted that even if service was effected, it was nonetheless improper because the original complaint rather than the First Amended Complaint accompanied the summons. The First Amended Complaint was not filed until later in the day, so your claims here were erroneous as well.
Nevertheless, we agreed to enter a stipulation setting aside the default judgment and extending your time to file a response to the First Amended Complaint to February 15, 2024. Given the unexpected delay in the Court issuing its ruling on the several motions to dismiss that had been filed by other defendants in the case, we then agreed to alter the return date to a date "two weeks after the Court rules on the under submission motions to dismiss." Those stipulations were filed by you on March 20, 2024, with our concurrence.

The Court entered its ruling denying the motions to dismiss by the governmental defendants but granting the motions to dismiss by several of the non-governmental defendants on March 22, 2024, which per our prior stipulation set April 5 as the deadline for you to respond to the First Amended Complaint. You wrote to us on March 25 requesting a meet and confer by March 29, which was the requisite 7 days before the April 5 deadline. You requested in that email that, in light of the Court's ruling with respect to the other non-governmental defendants, "Plaintiffs simply dismiss RCDP and WMA at this point" or, alternatively agree to treat the prior motions to dismiss as though they were adopted by your clients, should our clients decide to appeal that decision. Although it took a couple of days for us to discuss your proposal with our clients, we responded early on March 28 that we would get back to you shortly, likely before the end of the day. In your responsive email of the same day, you wrote that you would need to confer by the following day on two potential motions – a motion to dismiss and a motion for sanctions, but you then reiterated that you were "happy to have my clients dismissed…." No mention was made in that offer that such a dismissal would include an award of attorneys fees.

Later, on March 28, and hence before your meet and confer deadline of March 29, we informed you that "We will agree to dismiss your two clients." You responded with proposed stipulations to accomplish that. As we were heading into the Easter holiday weekend, we responded to your proposed stipulations on April 3 with a request that the stipulations for dismissal also include the following language: "All parties to bear their own costs and attorneys fees." Given your prior proposal, in the face of threatened motion to dismiss and also motion for sanctions, that you requested that "Plaintiffs simply dismiss" your clients, such was already implied

in our agreement to dismiss.

Instead of conferring further on that issue, you went ahead and filed answers on behalf of your two clients at 10:17 pm – needlessly, in our view, as your answers were not due until April 5.

Now, for the first time, you seek fees of approximately $15,000.  Although you do not specify the issues on which those fees were incurred, any fees incurred trying to extricate your clients from the default judgment that was entered against them or negotiating for an extension of time in which to answer the Complaint, are not in any way related to the ruling on the motions to dismiss that were filed not by your clients but by others.  If you incurred fees preparing a motion to dismiss while simultaneously seeking from us agreement to dismiss your clients – a dismissal to which we agreed, after already graciously agreeing to set aside your clients' prior default – those, too, are not appropriate.

In short, there is no ruling with respect to your clients for which an award of fees would be appropriate.  If you wish to pursue a motion to dismiss after already having obtained our agreement to dismiss your clients, any fees incurred for that needless effort would be solely the result of your decision.

Nonetheless, I will present your demand to my clients as soon as hear back from you on the breakdown of the fees incurred.



# Constitutional Counsel Group

Anthony T. Caso, Partner
1628 N. Main St. #289
Salinas, CA 93906
(916) 601-1916; atcaso@ccg1776.com
Member: California Bar

*******************************************************************************

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged.  If you receive this transmission in error please return or destroy it and notify the sender at the address above, or by telephone at (916) 601-1916

IRS Circular 230 Notice: Unless specifically stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  Further, the materials communicated herein are intended solely for the addressee and are not intended for distribution to any other person or entity, or to support the promotion or marketing of the transaction or matters addressed herein.  Any subsequent reader should seek

advice from an independent tax advisor with respect to the transaction or matters addressed herein based on the reader's particular circumstances.

---

**From:** Lee Fink <Lee@BrowerLawGroup.com>
**Sent:** Wednesday, April 3, 2024 10:45 PM
**To:** Alexander Haberbush <ahaberbush@lexrex.org>; John Eastman <jeastman@ccg1776.com>
**Cc:** Anthony Caso <atcaso@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Haberbush,

We did not agree to waive our fees and costs. I have to admit to being a bit annoyed at the last minute (and post-acceptance) demand. Plaintiff's frivolous action has consequences. It has cost my clients considerable fees and costs. Both organizations have limited resources, and I have to assume that bringing suit against them was intended to drain their resources in an effort to advance your client's political agenda.

I had assumed that you were not interested in resolving a fee and cost issue at this time, but if you would like to resolve that now, I am happy to do so. At this point, my clients have incurred approximately $15,000 in attorneys' fees, evenly divided; so far, I do not have records of hard costs incurred. My clients are prepared to accept $6000 to each Defendant. Obviously, we have spent less time on this matter than the other defendants, but the amount is not negligible. Additionally, if we have to continue to litigate over the issue, we believe that we will be entitled to the fees and costs of such litigation.

If you are willing to accept that amount, please let me know as soon as possible, and I will amend our draft stipulation and order. Alternatively, we can enter into the earlier stipulation, though given your last-minute statement, I think it would be wise to include the following statement: "Each party reserves any rights and arguments as to an award of attorneys' fees and costs."

Unfortunately, because I believed that we would be dismissing the action, I did not insist on a meet and confer so that we could timely file a motion, and will be in Court all day tomorrow and Friday. We have therefore filed an answer and now will plan to file a motion for judgment on the pleadings under FRCP 12(c) and a Rule 11 motion, for the reasons previously outlined. I must now insist that we arrange a time to meet and confer pursuant to Local Rule 7-3. If we finalize our settlement before then, we will cancel the meeting. I am available on Monday afternoon before 5 PM or any time Tuesday or Wednesday. Please let me know if any of those times work or propose an alternative reasonable time.

Thank you,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825

Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** Alexander Haberbush <ahaberbush@lexrex.org>
**Sent:** Wednesday, April 3, 2024 4:13 PM
**To:** Lee Fink <Lee@BrowerLawGroup.com>; 'John Eastman' <jeastman@ccg1776.com>
**Cc:** 'Anthony Caso' <atcaso@ccg1776.com>
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Further, we approve the stipulations with the following language to each stip and proposed order:

"All parties to bear their own costs and attorney's fees."

Alexander Haberbush, Esq.
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone No. (562) 355-1916

This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential, and/or exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message or any attachment, is strictly prohibited.  If you have received this message in error, please notify the original sender at (562) 264-5515 immediately by telephone or by return e-mail and delete this message, along with any and all attachments, from your computer.  Further this message, and all attachments, are or may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.

**From:** Lee Fink [mailto:Lee@BrowerLawGroup.com]
**Sent:** Wednesday, April 3, 2024 2:04 PM
**To:** John Eastman
**Cc:** Anthony Caso; Alexander Haberbush
**Subject:** RE: Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Mr. Eastman, Mr. Haberbush, and Mr. Caso,

Thank you for this notice.  I am writing to remind you and your co-counsel of the stipulations I sent last Thursday (and am re-attaching).  If you are fine with them, please let me know and I will indicate "/s/" and file these.

I admit to not completely understanding you "continu[ing] to represent [your] clients in that

capacity [as a member of the DC Bar]," but I also do not completely understand how the Local Rules function in terms of your admission before the District Court. I trust that you do. My concern is only in making sure that the proper attorney signs the stipulation. Given that, I request that Mr. Haberbush (or alternatively, Mr. Caso, though I have not dealt with him before) authorize their electronic signature, just so there is no concern.

Thank you,

**Lee K. Fink**
*Brower Law Group, A Professional Corporation*
100 Pacifica, Suite 160
Irvine, California 92618
Office: (949) 668-0825
Direct: (949) 328-1548
Lee@BrowerLawGroup.com





**From:** John Eastman <jeastman@ccg1776.com>
**Sent:** Wednesday, April 3, 2024 1:49 PM
**To:** CC@Contreras-Law.com; hgonzalez@andradefirm.com; Kedar S. Vishwanathan (kvishwanathan@andradefirm.com) <kvishwanathan@andradefirm.com>; sandrade@andradefirm.com; dfox@meyersnave.com; Kristin A. Pelletier (kpelletier@anaheim.net) <kpelletier@anaheim.net>; mrosequist@meyersnave.com; mnazareth@meyersnave.com; Scott Dodd <sdodd@williamrprice.com>; rmckee@riversideca.gov; William Price <WPrice@williamrprice.com>; helen.klein@lw.com; joseph.axelrad@lw.com; laura.washington@lw.com; marvin.putnam@lw.com; edelcid@ohaganmeyer.com; Sam Y. Edgerton, III (sedgerton@ohaganmeyer.com) <sedgerton@ohaganmeyer.com>; Lee Fink <Lee@BrowerLawGroup.com>; Derek P. Cole (dcole@colehuber.com) <dcole@colehuber.com>; droberts@colehuber.com; tsherman@colehuber.com; eugene.kim@streamkim.com
**Cc:** Anthony Caso <atcaso@ccg1776.com>; Alexander Haberbush <ahaberbush@lexrex.org>
**Subject:** Gaetz et al. v. City of Riverside, et al., No. 5:23-cv-01368-HDV-SHK - Notice of California Bar Action

Counsel:

On March 27, 2024, the California Bar Court issued a decision recommending my disbarment. Although such a recommendation must be adopted by the California Supreme Court before it takes effect (and I will be appealing the decision), by operation of California Business and

Professions Code section 6007(c)(4), the recommendation of disbarment by the Bar Court places me in "involuntary inactive enrollment" status, effective March 30, 2024, which has the effect of an interim suspension of my California license pending ultimate resolution by the California Supreme Court.  At present, I remain an active member of the D.C. Bar, however, and will continue to represent my clients in that capacity unless and until the D.C. Bar likewise issues a suspension as a matter of reciprocal discipline.

I will provide formal notice should further developments require it.  In the meantime, please be sure to include my co-counsel, copied here, on any communications regarding the above-referenced matter.

Sincerely,
John Eastman



**Constitutional Counsel Group**

Dr. John C. Eastman, Partner
1628 N. Main St. #289
Salinas, CA 93906
(909) 257-3869; jeastman@ccg1776.com
Member: California* and D.C. Bars

* Placed on Involuntary Inactive Enrollment status effective March 30, 2024