# Exhibit 7

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/05/2023    TIME: 10:00:00 AM    DEPT: C32
JUDICIAL OFFICER PRESIDING: Walter Schwarm
CLERK: S. Turner
REPORTER/ERM: Karen A. Hutchison CSR# 6664
BAILIFF/COURT ATTENDANT: V. Nguyen

CASE NO: **30-2022-01262431-CU-JR-CJC**   CASE INIT.DATE: 05/26/2022
CASE TITLE: **People of the State of California vs. Sachs**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Judicial Review - Other

EVENT ID/DOCUMENT ID: 74091461
**EVENT TYPE:** Motion for Attorney Fees
MOVING PARTY: Michael Schlesinger
CAUSAL DOCUMENT/DATE FILED: Motion for Attorney Fees amended, 04/10/2023

EVENT ID/DOCUMENT ID: 74091462
**EVENT TYPE:** Motion - Other
MOVING PARTY: Michael Schlesinger
CAUSAL DOCUMENT/DATE FILED: Motion - Other for costs, 12/19/2022

**APPEARANCES**
Lee K. Fink, from Brower Law Group, APC, present for Plaintiff(s).
Brett Murdock, from Law Offices of Brett Murdock, present for Plaintiff(s).
Aaron R. Hand, from Bunsow De Mory LLP, present for Plaintiff(s).
Norman A. Dupont and Patrick "Kit" Bobko, from Ring Bender LLP, present for City of Missio Viejo, Respondent(s), Defendant(s).

**RELATED CASE:**
30-2022-01253878 *Schlesinger vs. City of Mission Viejo.*

Tentative Ruling posted on the Internet.

The Court, following brief oral argument, trails this matter to 03:00 p.m.

03:01 p.m. Again, in open Court. Counsel present as indicated above.

Brett Murdock is not present. Norman A. Dupont is now appearing remotely via Zoom.

The Court hears further oral argument on the Tentative Ruling and rules as follows:

The Court ADOPTS AND CONFIRMS the tentative ruling as to Motion No. 1, MODIFIED as follows:

**Motion No. 1:**

**Relator's (Michael Schlesinger) Motion for an Award of Attorney's Fees (Motion), filed on 12-19-22 under ROA No. 233, is GRANTED as set forth below.**

Relator's Supplemental Request for Judicial Notice (RJN), filed on 7-18-23 under ROA No. 442, is **DENIED** as immaterial to the court's decision. (*Silverado Modjeska Recreation & Parks District v. County of Orange* (2011) 197 Cal.App.4th 282, 307, fn. 18 ( *Silverado*.)

Respondents' (Ed Sachs, Wendy Bucknam, Greg Raths, and City of Mission Viejo) Evidentiary Objections filed on 7-12-23 under ROA No. 432: The court **DECLINES TO RULE** on the objections as to Exhibits B, C, D, E, F, G, H, I, J, K, L, M, O, and P as immaterial to the court's decision as set forth below under *Silverado*. The court **SUSTAINS** the following objections as set forth in Respondents' Evidentiary Objections: (1) Hand Decl., ¶¶ 14, 15, 16, 36, 37, 40, 41, and 42; (2) Hand Supp. Decl., ¶ 11; (3) Fink Supp. Decl., ¶¶ 5, 7, and 8. The court **OVERRULES** the remaining objections. The court **DECLINES TO RULE** on the following objections as immaterial to the court's decision: (1) Hand Decl., ¶¶ 27, 29, and 30.

**Code of Civil Procedure section 1021.5:**

Code of Civil Procedure section 1021.5 states in part, "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor, unless one or more successful parties and one or more opposing parties are public entities, in which case no claim shall be required to be filed therefor under Part 3 (commencing with Section 900) of Division 3.6 of Title 1 of the Government Code. . . ."

*Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 828 (*Sandlin*), states, "As our Supreme Court summarized shortly after the statute was enacted, 'eligibility for section 1021.5 attorney fees is established when "(1) [the moving party's] action 'has resulted in the enforcement of an important right affecting the public interest,' (2) 'a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons' and (3) 'the necessity and financial burden of private enforcement are such as to make the award appropriate.' " ' [Citation.] [¶] ' "Derived from the judicially crafted 'private attorney general doctrine' [citation], section 1021.5 is aimed at encouraging litigants to pursue meritorious public interest litigation vindicating important rights and benefitting a broad swath of citizens, and it achieves this aim by compensating successful litigants with an award of attorney's fees [citations]." [Citation.] The intent of section 1021.5 fees is not "to punish those who violate the law but rather to ensure that those who have acted to protect public interest will not be forced to shoulder the cost of litigation." ' [Citation.] [¶] ' "[T]he private attorney general doctrine "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." Thus, the fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." ' [Citation.] [¶] The statute ' "draws no distinctions between plaintiffs and defendants." ' [Citation.] Thus, a real party in interest who successfully defeats a petition for writ of mandate may recover her attorney fees under section 1021.5 if she meets all three elements of the statute. [Citation.]"

*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214–1215 (*Whitley*), provides, "As has been observed, the necessity and financial burden requirement ' "really examines two issues: whether private enforcement was necessary and whether the financial burden of private enforcement warrants subsidizing the successful party's attorneys." ' [Citations.] The 'necessity' of private enforcement ' " '

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 4 of 11   Page ID #:1597

CASE TITLE: People of the State of California vs. Sachs   CASE NO: **30-2022-01262431-CU-JR-CJC**

"looks to the adequacy of public enforcement and seeks economic equalization of representation in cases where private enforcement is necessary." ' " [Citations.]' [Citation.] Thus in *Woodland Hills,* in which a citizens' group challenged a city's approval of a subdivision map as unlawful, the court stated that '[i]nasmuch as the present action proceeded against the only governmental agencies that bear responsibility for the subdivision approval process, the necessity of private, as compared to public, enforcement becomes clear.' [Citation.] On the other hand, the award of attorney fees is not appropriate when the public rights in question were adequately vindicated by governmental action. [Citation.]"

*Doe v. Westmont College* (2021) 60 Cal.App.5th 753, 764 (*Doe*), states, " '[T]he 'significant benefit' that will justify an attorney fee award need not represent a "tangible" asset or a "concrete" gain but, in some cases, may be recognized simply from the effectuation of a fundamental constitutional or statutory policy.' [Citation.] But not all litigation that effectuates such policies will justify an attorney fee award. [Citation.] Courts must instead make 'a realistic assessment, in light of all the pertinent circumstances, of the gains [that] have resulted in a particular case' to determine whether a section 1021.5 attorney fee award is warranted. [Citation.]"

*Early v. Becerra* (2021) 60 Cal.App.5th 726, 739 (*Early*), explains, "We reject the notion that attorney fees can never be recovered in election litigation—section 1021.5 sets forth no such limitation—but we agree with the principle that the award must 'transcend the candidate's 'palpable personal stake in the . . . election.' [Citation.]" "Moreover, this case involves election law. Government Code section 12503 sets forth the qualifications for the position of Attorney General, an elected office. (See Cal. Const., art. V, § 11.) In *Adoption of Joshua S.* (2008) 42 Cal.4th 945 [70 Cal. Rptr. 3d 372, 174 P.3d 192], the California Supreme Court said, '[E]lection law litigation inherently implicates public rights.' [Citations.]" (*Ibid.*; See also, *Sandlin, supra*, 50 Cal.App.5th at p. 830.)

Respondents' Opposition to Plaintiff's Motion for Attorneys Fees-Quo Warranto (Opposition), filed on 7-12-23 under ROA No. 420, challenges the "significant benefit" element contained in Code of Civil Procedure section 1021.5. The Opposition states, ". . . Respondents' . . . oppose Plaintiff's Attorney's Fees Motion . . . principally because there has been no 'significant benefit' . . . 'conferred on the general public.' " (Opposition; 5:20-7.) The Opposition makes the following contentions: (1) "From the City's perspective, the stayed judgment did not impair its ability to function in a normal fashion up to and including November 10, 2023." (Opposition; 6:22-23.); (2) Even from Plaintiff's perspective, 'success' was premised upon obtaining a favorable ruling prior to the November 2022 election. Plaintiff sought a *quo warranto* declaration so it could be weaponized against the three Individual Defendants who were running for re-election." (Opposition; 6:24-26 (Italics in Opposition.).); (3) "The *quo warranto* action achieved no practical public benefit and failed to achieve Plaintiff's goal of depriving the three Individual Defendants of their status as incumbents. Nobody was removed from office before the election." (Opposition; 7:22-23 (Italics in Opposition.).); and (4) "As to the remaining portion of Plaintiff's relief for an immediate issuance of a quo warranto order, the Court of Appeal issued a stay. . . . That stay left the effectiveness of the *quo warranto* declaration suspended through the election, even though Plaintiff argued a stay would effectively deprive him of his 'hard won judgment' below." (Opposition; 7:22-24 (Italics in Opposition.).)

The Motion states, "Relator demonstrated that neither the Elections Code, nor the Government Code, nor any Court Order excused Defendants' unlawful conduct. Relator remedied the disenfranchisement of Mission Viejo's entire voting population in 2020. This is a clear enforcement of the important public right to select government representatives when their elected terms expire." (Motion; 13:22-25.)

The court's 8-31-22 Minute Order states in part, "Here, the court finds that the prescribed terms for Defendants' City Council seats were for two years based on the Stipulated Judgment (PRJN, Exhibit A), Notice of Election (PRJN, Exhibit C), Resolution 18-52 (PRJN, Exhibit E), and the Amended Stipulated Judgment (PRJN, Exhibit G). The Stipulated Judgment (PRJN, Exhibit A) and Amended Stipulated Judgment (PRJN, Exhibit G) did not extend those terms because their purpose was to address the CVRA

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 5 of 11   Page ID #:1598

CASE TITLE: People of the State of California vs. Sachs   CASE NO: 30-2022-01262431-CU-JR-CJC

violation in OCSC Case No. 30-2018-00981588. Under Government Code section 36503, Defendants' terms of office expired on or about December 11, 2020. Therefore, the court finds that Defendant—Ed Sachs, Defendant—Wendy Bucknam, and Defendant Greg Raths are not lawfully holding their offices."

The court finds that Relator's pursuit of this action conferred a significant public benefit because it established that the individual Respondents (Ed Sachs, Wendy Bucknam, and Greg Raths) did not lawfully hold their offices under Government Code section 36503. Although the court stayed its order (see 8-31-22 Minute Order) and the Court of Appeal stayed the court's 8-31-22 order (see Court of Appeal Order filed on 9-29-22 under ROA No. 196), the judgment had the significant effect of resolving a dispute over the City of Mission Viejo's election procedures. This action resulted in ensuring the City of Mission Viejo's compliance with the Stipulated Judgment, the Notice of Election, Resolution 18-52, and the Amended Stipulated Judgment. Thus, the court finds that this litigation conferred a significant benefit to the public by obtaining a judgment that the individual Respondents remained in their positions beyond their prescribed terms.

Therefore, the court finds that Relator is entitled to attorneys' fees as the successful party under Code of Civil Procedure section 1021.5.

**Attorneys' Fees:**

*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*), explains, "As the Court of Appeal herein observed, the fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. 'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.' [Citation.] The reasonable hourly rate is that prevailing in the community for similar work. [Citation.]" "In referring to '*reasonable*' compensation, we indicated that that trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation. [Citation.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*); Italics in *Ketchum*.) *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322, provides, " 'To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether.' [Citation.]"

*Syers Properties III, Inc. v. Rankin (Syers)* (2014) 226 Cal.App.4th 691, 698–700 (*Syers Properties III, Inc.*) states, "The trial court did not abuse its discretion in accepting defense counsel's computation of attorney hours as hours reasonably spent working on the case. It is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent. [Citations.]' [Citations.] . . . [¶] 'Because time records are not required under California law . . ., there is no required level of detail that counsel must achieve. See, *e.g.,* PLCM Group[, supra, 22 Cal.4th at p.] 1098, 95 Cal.Rptr.2d 198, 997 P.2d 511 ("We do not want 'a [trial] court, in setting an attorney's fee, [to] become enmeshed in a meticulous analysis of every detailed facet of the professional representation. It . . . is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps dwarfing the case in chief,' " quoting *Serrano v[.] Unruh (Serrano IV)* (1982) 32 C[al.]3d 621, 642 [186 Cal.Rptr. 754, 652 P.2d 985]). See, e.g., . . . *Jaramillo v[.] County of Orange* (2011) 200 [Cal.App.] 4th 811, 830 [133 Cal.Rptr.3d 751] (noting that records included very general descriptions, e.g., 'trial prep,' 'T/C-Client'); *City of Colton v[.] Singletary* (2012) 206 [Cal.App.] 4th 751, 784 [142 Cal.Rptr.3d 74] (declaration stating time spent on various activities); [citation].' [Citation.]" (Footnotes 3, 4, and 5 omitted.) In *Syers,* ". . ., Feeney's declaration set forth the hours billed by Associate Attorney David J. Gibson, as well as by each of four paralegals who assisted on the case. This declaration also described the qualifications and experience of Gibson and each of the paralegals, as well as a brief description of the work each performed." (*Id.*, at p. 695.) "We think, however, necessary support services for attorneys, e.g., secretarial and paralegal services, are includable within an award of

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 6 of 11   Page ID #:1599

CASE TITLE: People of the State of California vs. Sachs | CASE NO: 30-2022-01262431-CU-JR-CJC

attorney fees." (*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.* (1985) 172 Cal.App.3d 914, 951.)

*Serrano v. Unruh* (1982) 32 Cal.3d 621, 623-624 (*Serrano*), provides, "The principal question in this appeal and cross-appeal is whether a fee award under a private-attorney-general theory (Code Civ. Proc., § 1021.5) properly compensates counsel for fee-related services. We conclude that, absent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." (Footnote 1 omitted.)

The court has reviewed the declarations from Relator's attorneys (Aaron Hand, Lee Fink, and Brett Murdock).

Mr. Hand's declarations were filed on 12-19-22, 4-10-23, 7-18-23, and 8-11-23 under ROA Nos. 227, 274, 450, and 480. Mr. Fink's declarations were filed on 12-19-22, 4-10-23, 7-18-23, and 8-11-23 under ROA Nos. 225, 276, and 451. Mr. Murdock filed his declarations on 7-18-23 and 8-11-23 under ROA Nos. 452 and 478. (See also, Notice Re: Submission of Additional Supplemental Declarations and Worksheet filed on 8-11-23 under ROA No. 476.)

Mr. Hand declares that his hourly billing rate is $750.00, and the associate attorney's (Vinh Le) hourly billing rate is $400.00. (12-19-22 Hand Decl., ¶ 25; 4-10-23 Hand Decl., ¶ 6.) Mr. Fink declares that his hourly billing rate is $600.00. (12-19-22 Fink Decl., ¶ 8.) Mr. Murdock declares his hourly billing rate is $450.00. (12-19-22 Murdock Decl., ¶ 6.)

As to a reasonable hourly rate for election law matters in the Orange County community, Mr. Murdock's declaration states he ". . . was counsel on six . . ." election law cases during ". . . the November 2022 election cycle. . . ." (12-19-22 Murdock Decl., ¶ 4.) Mr. Murdock also describes representing Beckie Gomez ". . . in an application before the Attorney General to bring an action in the nature of quo warranto against her. . . ." (Murdock Decl., ¶ 3.) The court finds that Mr. Murdock's hourly rate of $450.00 is reasonable in light of his experience with election law cases.

Mr. Fink's declaration describes his experience with election law matters. (12-19-22 Fink Decl., ¶¶ 4, 5, and 6.)

Mr. Hand's declaration states, "My practice principally involves complex litigation in Federal Courts, including patent and trade secret litigation. I actively manage several complex litigation matters, including supervision of associates and staff from BDIP, and am involved in case analysis, briefing, discovery, hearings, and trials. I have been counsel of record on over 48 patent litigation matters (including appeals), and have authored and submitted briefing in several appellate matters, including a petition for certiorari filed with the Supreme Court of the United States. Recently, I was lead counsel in the *Zadro Products, Inc. v. Feit Electric Company, Inc.* patent litigation matter filed in the Central District of California." (12-19-22 Hand Decl., ¶ 5.) Although Mr. Hand's hourly billing rate of $750.00 may be reasonable for patent and trade secret litigation, Mr. Fink's and Mr. Murdock's declarations set forth the reasonable hourly rates for election law litigation in Orange County. Therefore, the court reduces Mr. Hand's hourly rate to $600.00. The court finds that the associate attorney's (Vinh Le) hourly rate of $400.00 is reasonable.

The Opposition states, "This memorandum highlights only certain unreasonable claims by two of the three lawyers, Mr. Hand and Mr. Fink." (Opposition; 12:25-26.) The Opposition also states, ". . . no fees can be awarded for pre-litigation efforts because there was no 'party' as that term is defined in the law." (Opposition; 19:17-18.)

In light of the above rules, the court has reviewed the billing records from Mr. Hand, Mr. Fink, and Mr. Murdock. (12-19-22 Hand Decl., ¶ 19 and Exhibit A; 4-10-23 Hand Decl., ¶ 4 and Exhibit Q; 7-18-23 Hand Decl., ¶ 7 and Exhibit AA; 8-11-23 Hand Decl., and Exhibit AM; 12-19-22 Fink Decl., ¶ 11 and

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 7 of 11   Page ID #:1606

CASE TITLE: People of the State of California vs. Sachs        CASE NO: 30-2022-01262431-CU-JR-CJC

Exhibit N; 4-10-23 Fink Decl. ¶ 3 and Exhibit R; 7-18-23 Fink Decl., ¶ 4 and Exhibit AG; 8-11-23 Fink Decl., ¶ 4 and Exhibit AO; 7-18-23 Murdock Decl., ¶ 3 and Exhibit AI; and 8-11-23 Murdock Decl.)

First the court finds that the hours expended for pre-filing tasks relating to the Application to the Attorney General's Office to pursue a quo warranto action are reasonable. *Daly v. San Bernardino County Board of Supervisors* (2021) 11 Cal.5th 1031, 1051 (*Daly*), states, " Code of Civil Procedure section 803, which implements the common law writ of quo warranto in California, authorizes the Attorney General or a relator acting with that officer's consent to seek the ouster of a person unlawfully holding office. In general, this procedure is the exclusive means to try the title of a person occupying a public office (see *Stout v. Democratic County Central Com.* (1952) 40 Cal.2d 91, 93, 251 P.2d 321; *Nicolopulos v. City of Lawndale* (2001) 91 Cal.App.4th 1221, 1225, 111 Cal.Rptr.2d 420)." Since Relator had to obtain the Attorney General's permission before bringing a quo warranto action, the court finds that the hours expended for pre-filing tasks are reasonable.

The court finds that the 25 hours expended by Mr. Murdock were reasonable. (7-18-23 Murdock Decl., ¶¶ 3 and 5, and Exhibit AI.)

As to the time expended by Mr. Hand and Mr. Fink regarding the litigation regarding the Motions to Compel filed on 4-24-23 under ROA Nos. 336, 339, and 342, the court reduces the hours spent on these motions. The court reduces the hours spent on the Motions to Compel because the hours spent on these motions were inefficient. Specifically, the court reduces the hours spent by Mr. Fink on 4-20-23 (4.1 hours), 4-23-23 (10.3 hours), and 5-17-23 (4.6 hours). The court finds that the litigation involving the Motions to Compel were not reasonably necessary to resolving the issue of attorneys' fees. Therefore, the court reduces Mr. Fink's time by 19 hours.

The court find that the remaining time expended by Mr. Hand and Mr. Fink is reasonable.

Relator requests a multiplier of 2. (Motion; 21:22.) As to Relator's request for a multiplier, *Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 622-623 (*Ramos*), states, "As the court in *Flannery*, *supra*, 61 Cal.App.4th 629 explained, California law in this area has developed from the leading case of *Serrano III, supra,* 20 Cal.3d 25. There, the Supreme Court approved the lodestar adjustment method of calculating the amount of a fees award. (2) 'That method requires the trial court first to determine a touchstone or lodestar figure based on a careful compilation of the time spent and reasonable hourly compensation for each attorney. *That touchstone figure may then be augmented or diminished by taking various relevant factors into account*, including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award. ( 20 Cal.3d at pp. 48-49.)' [Citations.] This approach is meant to increase objectivity and predictability in fee awards. [Citation.] Such a multiplier or enhancement may be used where the court finds the lodestar figure does not provide sufficient compensation. [Citation.]" (Italics in *Ramos*; Footnote 2 omitted.)

*Ketchum, supra*, 24 Cal.4th at pp. 1138-1139, explains, "Of course, the trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof. In each case, the trial court should consider whether, and to what extent, the attorney and client have been able to mitigate the risk of nonpayment, e.g., because the client has agreed to pay some portion of the lodestar amount regardless of outcome. It should also consider the degree to which the relevant market compensates for contingency risk, extraordinary skill, or other factors under *Serrano III*. We emphasize that when determining the appropriate enhancement, a trial court should not consider these factors to the extent they are already encompassed within the lodestar. The factor of extraordinary skill, in particular, appears susceptible to improper double counting; for the most part, the difficulty of a legal question and the quality of representation are already

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 8 of 11   Page ID #:1601

CASE TITLE: People of the State of California vs. Sachs        CASE NO: 30-2022-01262431-CU-JR-CJC

encompassed in the lodestar. A more difficult legal question typically requires more attorney hours, and a more skillful and experienced attorney will command a higher hourly rate. [Citation.] Indeed, the ' "reasonable hourly rate [used to calculate the lodestar] is the product of a multiplicity of factors . . . the level of skill necessary, time limitations, the amount to be obtained in the litigation, the attorney's reputation, and the undesirability of the case." ' [Citation.] Thus, a trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be unreasonable. Nor should a fee enhancement be imposed for the purpose of punishing the losing party."

First, Relator's attorneys have displayed skill in presenting the issues involved in this action. Although election related lawsuits are relatively rare, Relator has not shown that this action presented issues that were particularly complex or difficult in litigation related to election matters.

Second, Relator's counsel have sufficiently shown that this case precluded them accepting other employment opportunities. Mr. Hand's 12-19-22 declaration states, "The time intensive demands of this case required that I forego other opportunities to pursue income-earning work. To meet the demands of this and the Writ of Mandate case, I diverted time that would otherwise have been spent on the firm's patent litigation caseload, which provides a majority the firm's revenue." (12-19-22 Hand Decl., ¶ 35.) Mr. Fink's 12-19-22 declaration states, "The time intensive demands of this case required that I forego other opportunities to pursue income-earning work. To meet the demands of this and the Writ of Mandate case, I diverted time that would otherwise have been spent on the firm's other caseload, which provides a majority the firm's revenue. While my firm does take numerous matters on a contingency basis, many of these matters are in the context of BLG's insurance coverage practice. However, most of the matters that I work on are part of the firm's business litigation practice, which we mostly take on an hourly-fee basis." (12-19-22 Fink Decl., ¶ 21.)

Third, this case was contingency case in terms of where there was uncertainty of prevailing on the merits. (12-19-22 Fink Decl., ¶¶ 18, 19, and 20.)

Fourth, Relator sought non-monetary relief. As a result, there was no potential monetary judgment from which Relator's counsel could obtain attorney's fees.

The court has considered *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 (*Serrano*), which indicates that the court can consider ". . . the fact that an award against the state would ultimately fall upon the taxpayers . . . ." The court has considered *Graham v. DaimlerChrysler Corporation* (2004) 34 Cal.4th 553, 583 (*Graham*), which states, "As discussed, in *Ketchum* we declined to award a contingency enhancement for fee litigation because under section 425.16, award of the fee was mandatory once a party had prevailed on the underlying motion, and therefore neither of the two risk components were implicated. Generally speaking, by the time of the commencement of fee litigation in section 1021.5 cases, the first and perhaps most substantial component of risk, that of not being a successful party, has been eliminated. What remains is the second component, that plaintiffs may not be able to establish eligibility for fees, i.e., to establish that the litigation confers 'a "significant benefit" . . . "on the general public or a large class of persons" ' " [citation] or that there was the ' "necessity and financial burden of private enforcement," ' making the award appropriate [citation]."

In exercising its discretion under the above factors, the court finds that a multiplier of 2 would result in an unreasonable fee award. Thus, the court **DENIES** Relator's request for a multiplier of 2. However, in weighing the above factors, the court finds that a multiplier of 1.2 is appropriate, and would not result in an unreasonable fee award. Since this action was an election law case, Relator's counsel had to forego other employment opportunities to devote time to this action on an expedited basis in light of the November 2022 election. As a contingency case, there was no assurance of payment. There was risk

that Relator would not be able to establish eligibility for fees under Code of Civil Procedure section 1021.5. Further, the multiplier reflects the delay in the payment of attorney fees. The court finds that the above factors outweigh the factor that the award ultimately falls on the taxpayer.

The court **DENIES** Respondent's request for a negative multiplier (Opposition; 19:27-20:21:2) because the court does not find that Relator's billing was excessive.

Based on the above, the court **GRANTS** Relator's (Michael Schlesinger) Motion for an Award of Attorney's Fees, filed on 12-19-22 under ROA No. 233. The court awards $303,202.00 as attorneys' fees based on the following calculations:

(1) $120,060.00 based on the 12-19-22 Hand Decl., ¶ 19 and Exhibit A (200.1 x $600.00 = $120,060.00);

(2) $82,560.00 based on the 12-19-22 Fink Decl., ¶ 11 and Exhibit N (137.6 x $600.00 = $82,560.00);

(3) $9,200.00 based on the 4-10-23 Hand Decl., ¶ 4 and Exhibit Q for the time expended by Mr. Hand and Vinh Le. (13.8 x $600.00 = $8,280.00; 2.3 x $400.00 = $920.00.);

(4) $13,800.00 based on the 4-10-23 Fink Decl., ¶ 3 and Exhibit R. (23 x $600.00 = $13,800.00.);

(5) $22,380.00 based on 7-18-23 Hand Decl., ¶ 7 and Exhibit AA (37.3 x $600.00 = $22,380.00);

(6) $26,580.00 based on 7-18-23 Fink Decl., ¶ 3 and Exhibit AG (63.3 - 19 = 44.3 (44.3 x $600.00 = $26,580.00);

(7) $12,350.00 based on 4-10-23 Murdock Decl., ¶9 and 7-18-23 Murdock Decl., ¶¶ 3 and 5, and Exhibit AI ($10,850.00) + (3 x $500.00 = $1,500.00) = $12,350.00;

(8) $8,532.00 based on 8-11-23 Hand Decl., ¶¶ 6 and 11, and Exhibit AM (13.5 x $600.00 = $8,100.00) + (2.7 x $160.00 = $432.00) = $8,532.00;

(9) $7,740.00 based on 8-11-23 Fink Decl., ¶¶ 7 and 9, and Exhibit AO (12.9 x $600.00 = $7,740.00.)

(10) The court finds that the time expended by Mr. Murdock in Mr. Murdock's 8-11-23 declaration is duplicative to the time expended by Mr. Hand and Mr. Fink. (8-11-23 Murdock Decl., ¶ 5.)

Using the multiplie of 1.2, the total fee award is $363,842.40.

Relator is to give notice.

**Motion No. 2:**

Relator's (Michael Schlesinger) Motion for Costs (Motion), filed on 12-19-22 under ROA No. 240, is **CONTINUED** to 09/26/2023 at 02:00 PM in Department C32 for a *Status Conference Only*.

**The Tentative Ruling as posted on the Internet as to Motion No. 2 shall be incorporated into the Minute Order only as a TENTATIVE RULING.**

**Motion No. 2:**

**Relator's (Michael Schlesinger) Motion for Costs (Motion), filed on 12-19-22 under ROA No. 240,**

**is GRANTED in part and DENIED in part as set forth below.**

Code of Civil Procedure section 1032, subdivision (a)(4) states, " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

Code of Civil Procedure section 1032, subdivision (b), provides, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

*Ladas v. California State Automobile Association* (1993) 19 Cal.App.4th 761, 773-774 (*Ladas*), states, " '[S]ection 1033.5, enacted in 1986, codified existing case law and set forth the items of costs which may or may not be recoverable in a civil action. [Citation.]' [Citation.] An item not specifically allowable under subdivision (a) nor prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.' [Citation.] [¶] If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs. [Citations.] Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. [Citations.] *However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized.* [Citations.]"

Respondents' (Ed Sachs, Wendy Bucknam, Greg Raths, and City of Mission Viejo) Opposition to Motion (Opposition), filed on 7-12-23 under ROA No. 428, does not dispute that Relator is the prevailing party for the purpose of costs.

**Item 14 (Filing Fees—$536.75):**

The Opposition states, "Defendants oppose the motion for costs insofar as it seeks filing fees when this case was brought in the name of the State of California and therefore is exempt from all filing fees pursuant to Government Code section 6103. At all points herein, Michael Schlesinger acted 'on behalf of' the State of California and as such, was not required to pay filing fees." (Opposition; 2:3-7.)

*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 164 (*Guillemin*), "It is apparent that section 6103.5 considers the filing fees to be an existing debt that simply remains unpaid. Filing fees are therefore costs incurred but not paid, which are recoverable under the general costs statute. Moreover, section 6103.5 *specifically prescribes* the inclusion of these fees as costs in a judgment; therefore a trial court does not have any discretion to tax them." (Italics in *Guillemin*.)

Assuming that Respondents are correct in their application of Government Code section 6103, the court does not have the authority to strike the filing fees under *Guillemin*. Thus, the court **DENIES** the Opposition's to strike $536.75 in filing fees.

**Item 6d (Service Fees—$255.99):**

The court **DENIES** the Opposition's request to strike $255.99 as service fees. Code of Civil Procedure section 1033.5, subdivision (a)(4), allows the recovery of service of process fees.

**Item 16 (Other—$47.60):**

Case 5:23-cv-01368-HDV-SHK   Document 133-8   Filed 11/20/24   Page 11 of 11   Page ID #:1604

CASE TITLE: People of the State of California vs. Sachs | CASE NO: **30-2022-01262431-CU-JR-CJC**

The court **GRANTS** the Opposition's request to strike $47.60 because Code of Civil Procedure section 1033.5 does not authorize the recovery of costs associated with obtaining ". . . copies of a limited number of trial court orders. . . ." (Relator's Reply, filed on 7-18-23 under ROA No. 446.)

Based on the above, the court **GRANTS** Relator's (Michael Schlesinger) Motion for Costs, filed on 12-19-22 under ROA No. 240, as to Item Nos. 14 and 6d. The court **DENIES** the Motion as to Item No. 16.

Relator is to give notice.