# Exhibit 8

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

West Justice Center
8141 13th Street
Westminster, CA 92683

**SHORT TITLE:** Briscoe vs. Robin Estanislau

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01273424-CU-WM-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 04/12/23, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on April 12, 2023, at 2:57:56 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

BROWER LAW GROUP, APC
LEE@BROWERLAWGROUP.COM

LEAL - TREJO, APC
HFL@LEAL-LAW.COM

LEAL - TREJO, APC
SSKELTON@LEAL-LAW.COM

THE LAW OFFICES OF BRETT MURDOCK
BRETT@MURDOCKLAW.COM

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**V3 1013a (June 2004)**                                          Code of Civ. Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**WEST JUSTICE CENTER**

**MINUTE ORDER**

DATE: 04/12/2023          TIME: 02:56:00 PM          DEPT: W02

JUDICIAL OFFICER PRESIDING: Nathan Scott
CLERK: J. Castorena
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2022-01273424-CU-WM-CJC**   CASE INIT.DATE: 08/03/2022
CASE TITLE: **Briscoe vs. Robin Estanislau**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Writ of Mandate

---

EVENT ID/DOCUMENT ID: 73991953
**EVENT TYPE:** Chambers Work - Submitted Matter

---

**APPEARANCES**

---

There are no appearances by any party.

Petitioner John Briscoe's motion to amend judgment and motion for attorney fees came regularly for hearing on 3/24/23.

The court heard argument and requested additional briefing no later than 4/14/23. In the interim, the parties resolved the motion to amend and the costs component of the attorney fee motion. (See 4/10/23 stipulation.) As the stipulation obviated the need for additional briefing, the court took the attorney fee motion under submission on 4/10/23. After considering all of the briefing and argument, and good cause having been shown, the court now rules.

**Motion for Attorney Fees**
Petitioner's motion for attorney fees is granted.

Real part in interest Erik Peterson shall pay $60,175 in reasonable attorney fees to petitioner. (See Code Civ. Proc., § 1021.5; see also *Lyons v. Chinese Hosp. Assoc.* (2006) 136 Cal.App.4th 1331, 1343 [standard]; *Environmental Protection Information Center v. Department of Forestry & Fire Protection* (2010) 190 Cal.App.4th 217, 238 [lodestar]; *Save the Agoura Cornell Knoll v. City of Agoura Hills* (2020) 46 Cal.App.5th 665, 712 ["opposing parties found liable for attorney's fees under the statute typically include "'real parties in interest that [have] a direct interest in the litigation, the furtherance of which was generally at least partly responsible for the policy or practice that gave rise to the litigation'"].)

As the court noted in its tentative ruling denying the motion: "Not every election contest confers 'a significant benefit to the electorate.'" (*Early v. Becerra* (2021) 60 Cal.App.5th 726, 738.)

But after further review, the court is now persuaded this action protected the "voters' constitutional rights to receive information essential to thoughtful decisionmaking and democratic self-government." (*Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 831.)

As petitioner's counsel noted at oral argument, when voters decide whether to amend their city charter,

---

CASE TITLE: Briscoe vs. Robin Estanislau                                    CASE NO: 30-2022-01273424-CU-WM-CJC

_____

they directly exercise legislative functions. This particular amendment directly affected the balance of power between two branches of city government. The original, unredacted rebuttal argument unfairly suggested the measure allowed something secret and illegal. After the petition successfully obtained redactions, the revised rebuttal argument suggested only that the measure may allow conduct that is politically motivated – but neither secret nor illegal. While the revised rebuttal argument was still critical of the measure, its misleading characterization of the measure was substantially narrowed.

By obtaining this important clarification on the measure's purported ramifications, petitioner enforced """an important right affecting the public interest""" and conferred """a significant benefit . . . on the general public or a large class of persons.""" (*Early*, *supra*, 60 Cal.App.5th at p. 736.)

The attorney fee award comprises 89.5 hours by Mr. Fink at his reasonable $600 hourly rate, 5.5 hours by Mr. Murdock at his reasonable $450 hourly rate, and 16 hours by Mr. Jaffery at his reasonable $250 hourly rate.

Petitioner's request for judicial notice is granted. (See Evid. Code, § 452, subd. (c); see also *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750 [official acts/records].)

Petitioner shall give notice.