Michael S. LeBoff - CA Bar No. 204612
leboff@kleinandwilson.com
KLEIN & WILSON LLP
4770 Von Karman Avenue
Newport Beach, California 92660
(949) 631-3300; Facsimile (949) 631-3703

Attorneys for Plaintiffs REPRESENTATIVE MATT GAETZ; REPRESENTATIVE MARJORIE TAYLOR-GREENE; PUT AMERICA FIRST JOINT FUNDRAISING COMMITTEE; FRIENDS OF MATT GAETZ; GREENE FOR CONGRESS, INC.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| REPRESENTATIVE MATT GAETZ; REPRESENTATIVE MARJORIE TAYLOR-GREENE; PUT AMERICA FIRST JOINT FUNDRAISING COMMITTEE; FRIENDS OF MATT GAETZ; GREENE FOR CONGRESS, INC.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RIVERSIDE; RAINCROSS HOSPITALITY MANAGEMENT CORP., a California Corporation as agent for the City of Riverside; CITY OF ANAHEIM; CALIFORNIA LULAC STATE ORGANIZATION; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; UNIDOS FOR LA CAUSA, INC.; GREATER RIVERSIDE HISPANIC CHAMBER OF COMMERCE; THE LEAGUE OF WOMEN VOTERS RIVERSIDE; WOMEN'S MARCH ACTION; RIVERSIDE COUNTY DEMOCRATIC PARTY; ANTIRACIST RIVERSIDE; OCCUPY DEMOCRATS; and OCCUPY DEMOCRATS ELECTION FUND PAC,<br><br>Defendants. | **CASE NO. 5:23-cv-01368-HDV-SKH**<br><br>**JUDGE:**   Hon. Hernán D. Vera<br><br>**PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**<br><br>Date:          April 10, 2025<br>Time:         10:00 a.m.<br>Courtroom:  5B<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Complaint Filed: July 13, 2023**<br>**Trial Date:         Not Set** |

1

Case No. 5:23-cv-01368-HDV-SHK

Plaintiffs former Representative Matt Gaetz; Representative Marjorie Taylor-Greene; Put America First Joint Fundraising Committee; Friends Of Matt Gaetz; Greene For Congress, Inc.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally (collectively, "Plaintiffs") reached agreements with defendants Unidos For La Causa, Inc. ("Unidos"), The League of Women Voters Riverside ("LWVR"), Riverside County Democratic Party ("RCDP"), and Women's March Action ("WMA"). The parties are in the process of documenting those agreements and Plaintiffs expect the motions will be withdrawn prior to the April 10, 2025 hearing. Plaintiffs submit this consolidated opposition to the remaining two motions for attorneys' fees by defendants National Association for the Advancement of Colored People ("NAACP")[1] and California LULAC State Organization ("LULAC").

## 1. INTRODUCTION

Plaintiffs' former attorneys John C. Eastman,[2] Anthony T. Caso, and Alexander Hunt Haberbush (collectively "Former Counsel") drafted the original complaint and first amended complaint to include conspiracy claims against the Nonprofit Defendants.[3] The court rejected the conspiracy claims, granting the Nonprofit Defendants' motions to dismiss. Plaintiffs have no intention of relitigating the merits of those motions, but rather incorporate the arguments Former Counsel raised in opposition. The Court, having already heard and considered those arguments, can determine whether the conspiracy

///
///
///
///

---

[1] Hours before the opposition was due, Plaintiffs came to terms on the financial aspect of an agreement with NAACP for $100,000. Plaintiffs will notify the Court immediately once the parties agree on all terms of a final agreement. (LeBoff Decl., para. 7.)

[2] John Eastman was disbarred on March 30, 2024.

[3] The term "Nonprofits Defendants" refers collectively to Unidos, LWVR. RCDP, WMA, NAACP, and LULAC.

claims were frivolous, unreasonable, or without foundation to justify recovery of attorneys' fees.[4/]

In addition to those arguments, however, the court should note the excessive amount of work the NAACP and LULAC attorneys claim was required to defeat these purportedly frivolous claims. If the claims were truly frivolous, as the moving parties suggest, then counsel should have been able to dispose of these claims with minimal time and effort, particularly counsel of such outstanding skill and experience that represented these two defendants. NAACP and LULAC cannot have it both ways, arguing on the one hand the claims were "stunningly deficient," while arguing on the other hand the case was complex and required substantial work to resolve.

If the Court determines the fee should be awarded, the amount of fees sought are excessive and should be reduced substantially. These motions should not be viewed as an opportunity to punish Plaintiffs for their political viewpoints. The fees awarded, if any, should bear a reasonable relationship to the work reasonably required to dispose two related causes of action at the pleading stage.

Accordingly, for the reasons set forth below, Plaintiffs request the Court deny the two unresolved motions for attorneys' fees, or if the Court is inclined to award fees, to reduce the amount awarded substantially.

## 2.   BACKGROUND

On July 13, 2023, Plaintiffs filed their complaint against the Nonprofit Defendants, purporting to state two different claims under 42 U.S.C. § 1985. (ECF No. 1.) On October 2, 2023, following meet and confer efforts between the parties, Plaintiffs filed a first amended complaint ("FAC") against the same defendants. (ECF No. 29.) On October 19, 2023, LWVR, NAACP, and LULAC moved to dismiss

---

[4/] If the Court determines the conspiracy claims were so frivolous as to warrant the imposition of attorneys' fees under 42 U.S.C. § 1988(d), the blame lies with the attorneys that authored and filed the complaint, not the clients who relied on the advice of counsel. To that end, Plaintiffs intend to file a motion for sanctions against Former Counsel, as they had the legal duty to ensure there was sufficient factual and legal basis for the conspiracy claims before filing the complaint.

1  the conspiracy claims in the FAC. (ECF Nos. 33, 34, 37.) On December 26, 2023,
2  Unidos filed its motion to dismiss the conspiracy claims. (ECF No. 69.) On March 22,
3  2024, following the consolidated hearing on the motions, the Court granted the motions
4  of LWVR, NAACP, LULAC, and Unidos. (ECF No. 95.) On April 11, 2024, Plaintiffs
5  stipulated to dismiss RCDP and WMA with prejudice. (ECF Nos. 110-114.) On
6  November 20, 2024, following an order to extend time, Nonprofit Defendants filed
7  motions for attorneys' fees arising from their dismissals. (ECF Nos. 128-134.)

## 3.  PLAINTIFFS SETTLED THREE (AND LIKELY FOUR) OF THE FIVE PENDING FEE CLAIMS.

Plaintiffs and Unidos reached an agreement to resolve Unidos's fee motion for $30,000 and are in the process of documenting the agreement. (Accompanying declaration of Michael S. LeBoff ["LeBoff Decl."], para. 6.) Plaintiffs anticipate fees will be paid and Unidos will withdraw its motion prior to the April 10, 2025 hearing. (LeBoff Decl., para. 6.)

Plaintiffs also reached an agreement with LWVR, resolving its fee motion for $60,000. "(LeBoff Decl.", para. 4.) The parties are also documenting this agreement and anticipate fees will be paid and LWVR will withdraw its motion prior to the April 10, 2025 hearing. (LeBoff Decl., para. 4.)

Plaintiffs reached an agreement with RCDP and WMA to resolve their fee motion for $26,000 and anticipate fees will be paid and the motion withdrawn prior to April 10, 2025. (LeBoff Decl., para. 5.)

As noted in footnote 1 above, hours before the opposition brief was due, Plaintiffs reached an agreement with NAACP on the financial terms of a settlement. (LeBoff Decl., para. 7.) Plaintiffs will notify the Court promptly after the agreement is finalized.

///
///
///

## 4. NAACP[5/] AND LULAC CANNOT ESTABLISH THE CONSPIRACY CLAIMS WERE SO FRIVOLOUS TO JUSTIFY AN AWARD OF ATTORNEYS' FEES.

In an action under section 1985, the court has discretion to award the prevailing party reasonable attorneys' fees. *See*, 42 U.S.C. § 1988(b). The standard for defendants to recover attorneys' fees under section 1988 is "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (*Hughes v. Rowe*, 449 U.S. 5, 14 (1980) [citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)].) "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." (*Ibid.*) Thus, to award fees under 42 U.S.C. § 1988, the Court must find the action was frivolous, unreasonable, or without foundation. (*Hughes*, 449 U.S. at 14.)

Former Counsel extensively briefed and argued the merits of conspiracy claims against the Nonprofit Defendants in opposing the motions to dismiss, and there is no need to rehash those arguments here. Instead, Plaintiffs incorporate by reference the consolidated opposition against the Nonprofit Defendants' motions to dismiss regarding arguments supporting the FAC's claims (ECF No. 74.) to determine whether the claims against the Nonprofit Defendants were frivolous, unreasonable, or without foundation.

In making this assessment, however, the Court should note the remaining motions both rely on fatally inconsistent arguments that belie the argument the conspiracy claims were meritless. That is, when arguing as to their entitlement to fees, the moving parties argue the claims against them were frivolous, i.e., lacking any legal merit whatsoever. They quote extensively from the Court's order granting the motions to dismiss, including emphasizing the Court's findings: "there simply are no specific factual allegations of a plausible conspiracy between Defendants. None." (ECF No. 131 at 12:1-3.); or, that "Plaintiffs' First Amended Complaint was 'stunningly deficient' and did not amount to

---

[5/] Plaintiffs submit the following opposition to NAACP's motion for attorneys' fees in the event the parties cannot finalize their recent agreement.

'specific factual allegations of a plausible conspiracy between Defendants.'" (ECF No. 134 at 2:30-3:2.)

Then, when trying to justify their excessive fees, the argue the frivolous conspiracy claims were in fact complex, requiring a substantial amount of research and lawyering necessary to defeat. ***They cannot have it both ways.*** If the claims were frivolous, as alleged, they should have been easily disposed of with minimal research. As the Court held in granting the motions to dismiss, "the Complaint—even charitably construed with all reasonable inferences drawn in Plaintiffs' favor—is utterly devoid of any specifics plausibly alleging such an agreement." (ECF No. 95 at 3:9-10.) Thus, it should have been a very light lift for elite caliber attorneys, such as those representing NAACP and LULAC, to defeat these "stunningly deficient" claims. Yet, the amount of time and effort these top-tier lawyers claim they had to spend to defeat these claims, suggests the claims were not as frivolous or baseless as previously suggested. For this reason, the Court should decline to award attorneys' fees.

## 5. IF THE COURT AWARDS FEES, NAACP'S AND LULAC'S REQUESTS SHOULD BE SUBSTANTIALLY REDUCED.

### A. The Court Should Employ the Lodestar Method for Determining a Reasonable Fee Award.

If the Court decides to award NAACP and LULAC attorneys' fees, it must determine a reasonable amount. "To determine the amount of a reasonable fee under § 1988, district courts typically proceed in two steps. First, courts generally 'apply ... the "lodestar" method to determine what constitutes a reasonable attorney's fee.'" (*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) [citing *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)].) "Second, '[t]he district court may then adjust [the lodestar] upward or downward based on a variety of factors.'" (*Gonzalez*, 729 F.3d at 1202 [citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)].)

"Under the lodestar method, the district court 'multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" (*Gonzalez*, 729 F.3d at 1202.)

> Surveying the hourly rates awarded to attorneys of comparable experience and skill is a useful tool for assessing the reasonableness of a requested hourly rate . . . But it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.

(*Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d at 1136.)

"In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." (*Gonzalez*, 729 F.3d at 1205.) "Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." (*Id.* at 1206.) "After computing the lodestar figure, district courts may adjust that figure pursuant to a 'variety of factors.'" (*Id.* at 1209.) "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee, [Citation] and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." (*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).) (Internal quotations omitted.) "The legislative history explains that a 'reasonable attorney's fee' is one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.' [Citation]." (*Blum v. Stenson*, 465 U.S. 886, 897 (1984).)

### B. NAACP's Attorneys' Fees are Unreasonable Regarding Time Spent and Hourly Rate for a "Frivolous" Case.

The litigation never got past the pleading stage. The matter consisted of some meet and confer efforts, motions to dismiss, and motions for attorneys' fees. This was not a heavily litigated matter filled with discovery and depositions. The requested fees should reflect the limited nature of the litigation. Nevertheless, NAACP, represented by

Latham & Watkins LLP ("Latham"), seeks the largest sum for recovery of attorneys' fees and costs—$184,489.55 for 214.6 hours of work (this includes a self-imposed 20% discount on fees), not including any additional fees incurred following this opposition.

Latham is an elite law firm, and the four attorneys that billed extensive time to this case have the highest academic and professional qualifications. Given these qualifications, NAACP should have had the lowest fee request, not the highest. That is, while less skilled, ethical or intelligent lawyers may have struggled with the merits of the conspiracy claims, any one of these four, highly qualified Latham lawyers should have been able to dispose of these fees with relative ease. Yet, nearly half of NAACP's attorneys' fees, 96.7 hours, is attributable to legal research on issues they claim are frivolous. This is excessive and unreasonable. The fact that four elite lawyers spent more than 200 hours to do little more than prepare a motion to dismiss and motion for attorneys' fees establishes either the claims were not as frivolous as alleged, or the amount of time spent is not proportional to the needs of the case.

Latham further claims that Plaintiffs' litigation tactics made the case more time-consuming. (ECF No. 131 at 17:28-18:1.) They state Plaintiffs' failure to dismiss the claims required Latham to coordinate a legal strategy with the other Nonprofit Defendants and each file a motion to dismiss. (ECF No. 131 at 18:1-10.) While it is true that not dismissing the conspiracy claims caused the Nonprofit Defendants to file motions to dismiss, this is also the normal course of litigation. This vague statement cannot support the increased hours spent by Latham to dismiss claims they argue are otherwise utterly deficient.

Likewise, the rates charged by the Latham attorneys in this case, which run as high as $1,495, are excessive given the alleged lack of merit of the claims. Plaintiffs do not dispute the Latham attorneys are elite lawyers that rightfully command high billing rates. But, NAACP did not need $1,500 lawyers to dispose of a purportedly frivolous claim (and if NAACP did need these high-priced lawyers, then, by implication, the claims were not frivolous). This is akin to killing a fly with a hand grenade. As a result,

the Court should not award top tier rates for work that did not require top tier attorneys. A more appropriate rate would be those charged by Andrade Gonzalez LLP ($765) and Law Offices of Christian Contreras ($750), counsel for LULAC, or Brower Law Group, APC ($750), counsel for RCDP and WMA, who were equally successful in getting the claims against their clients dismissed.

Accordingly, accepting NAACP's premise that the claims against it were frivolous, 214.6 hours of elite-level attorney time is not reasonable. Latham should have been able to accomplish the same results in less than half the time. Thus, Plaintiffs request that NAACP's attorney time be reduced to no more than 77.3 hours. Plaintiffs further request the Court set a composite hourly rate of $750 for NAACP's attorneys, which is consistent with the rates charged by other firms. Accordingly, if the Court is inclined to award NAACP's fees, Plaintiffs contend the fees awarded should be no more than **$57,975** (77.3 hours x $750).

### C. LULAC's Attorneys' Fees Are Also Unreasonable and Excessive.

LULAC, represented by Andrade Gonzalez LLP and Law Offices of Christian Contreras, seek $120,953 for 196.4 hours plus $42.50 in costs, and $33,937.50 for 45.25 hours, respectively, for a total of $154,933. As an initial matter, LULAC failed to follow the Court's standing order. The motion for attorneys' fees is not accompanied by a table including a summary of the hours organized by task and another table with hours organized by attorney. (Hon. Hernán D. Vera's Civil Standing Order at 13:5-18; ECF Nos. 134-1 and 134-2.) The motion should be denied on this basis alone.

To the extent the Court will still consider the motion, LULAC's failure to comply with the standing order makes evaluation of the submitted hours more difficult. As best we can ascertain, from inception through the motion to dismiss, Andrade Gonzalez LLP billed 190.2 hours. (ECF No. 134-1, Exhibit 3.) Mr. Contreras's submitted billing indicates 38.15 hours were spent on the same portion of the case. (ECF No. 134-2, Exhibit 5.) A combined 228.35 hours for case analysis, meet and confers, and a motion

///

to dismiss is more than almost every other party spent on the entire case and is wholly unreasonable.

Finally, and more generally, as with NAACP's fees, if the case was truly frivolous, it would not have taken two law firms, and five elite-level lawyers, collectively more than 240 hours to prevail on a motion to dismiss. Accordingly, accepting LULAC's premise that the claims against it were frivolous, 228.35 hours for what is predominately case analysis, meet and confers, and a motion dismiss, is unreasonable. Thus, Plaintiffs request that the Court deny the motion or, in the alternative, reduce LULAC's attorneys' fee hours to no more than 77.3 hours (the same as Latham) at the same composite rate of $750 per hour, totaling **$57,975** (77.3 hours x $750).

## 6. CONCLUSION

Pursuant to the above, Plaintiffs request that the Court deny NAACP's and LULAC's fee motions. Alternatively, if the Court finds the FAC was frivolous, unreasonable, or without foundation, then Plaintiffs request the Court award each moving party no more than $57,975 in costs and attorneys' fees.

Respectfully submitted,

KLEIN & WILSON LLP

Dated: March 20, 2025

By: /s/ Michael S. LeBoff
Michael S. LeBoff, P.C.
Attorneys for Plaintiffs Representative Matt Gaetz; Representative Marjorie Taylor-Greene; Put America First Joint Fundraising Committee; Friends Of Matt Gaetz; Greene For Congress, Inc.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiffs Representative Matt Gaetz; Representative Marjorie Taylor-Greene; Put America First Joint Fundraising Committee; Friends Of Matt Gaetz; Greene For Congress, Inc.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally, certifies that this brief contains 2,874 words, which complies with the word limit of L.R. 11-6.1.

KLEIN & WILSON LLP

Dated: March 20, 2025

By: */s/ Michael S. LeBoff*
Michael S. LeBoff, P.C.
Attorneys for Plaintiffs Representative Matt Gaetz; Representative Marjorie Taylor-Greene; Put America First Joint Fundraising Committee; Friends Of Matt Gaetz; Greene For Congress, Inc.; on behalf of themselves and the prospective attendees at their July 17, 2021 scheduled political rally